

DEC 13 2007

**FILED**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS N
### EASTERN DIVISION

DEC 13 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| Timothy D. Petty | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| CITY OF CHICAGO, a municipal | ) |
| Corporation, et al., | ) |
| Defendants. | ) |

07cv7013
Judge ANDERSEN
Mag. Judge DENLOW

## NOTICE OF REMOVAL

Defendant City of Chicago, a municipal corporation, by its attorney, Mara S. Georges,

Corporation Counsel, respectfully removes the above-entitled action to this Court, pursuant to 28

U.S.C. § 1441(b) and ©), on the following grounds:

1.      Defendant City of Chicago was named as a defendant in a civil action filed on

November 30, 2006, in the Circuit Court of Cook County of the State of Illinois, entitled

Timothy D. Petty v. City of Chicago, Chicago Police Department, Michael Conway, Mark Regal,

Gregory Danz, William Davis, Harry Fenner, Joseph O'Carrol, Allen Lee, John Kane, J.

Weitzman and E. Dawson case number 06 L 12512.  On June 25, 2007, the plaintiff filed an

amended complaint.   The original complaint and first amended complaint did not did not allege

any Federal claims against the defendants.

2.      On November 6, 2007, plaintiff filed Second Amended Complaint entitled

Timothy D. Petty v. City of Chicago, Michael Conway, Mark Regal, Gregory Danz, William

Davis, Harry Fenner, Joseph O'Carrol, Allen Lee, Jamie Kane, J. Weitzman and Elizabeth

Dawson.  The defendants received the Second Amended Complaint on November 13, 2007.

Importantly, in counts XXVII, XXVIII, and XXIX, the City and the individually named police

officers from the Chicago Police Department violated plaintiff's civil rights pursuant to 42

U.S.C. Sec. 1983.  (See copy of Plaintiffs' Second Amended Complaint attached as Exhibit "A").

3.    The language used in Counts XXVII, XXVIII, and XXIX of plaintiff's Second Amended complaint shows that this is a civil rights action, in part, arising under the United States Constitution and involving a federal question. Plaintiff allege that Defendant City of Chicago and its police officers violated his constitutional rights.

4.    This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (a)(3) and (a)(4) (civil rights claims).

5.    All served defendants agree that this action should be removed to this Court.[1]

6.    Therefore, Defendants are entitled to remove this action to this Court pursuant to 28 U.S.C. §1441 (b) and c).

WHEREFORE, Defendant, City of Chicago, respectfully requests that the above-entitled action now pending in the Circuit Court of Cook County in the State of Illinois, case number 06 L 12512, be removed to this Court.

Respectfully submitted,

Scott Jebson
Chief Assistant Corporation Counsel

30 N. LaSalle St.
Suite 1400
Chicago, IL 60602
(312) 744-6959
(312) 744-1974(fax)
Atty No. 6225243

---

[1] The only named defendant who the undersigned has not personally spoken to regarding consenting to removal is William Davis. However, Attorney Melissa Whelan from the Corporation Counsel's office represents William Davis, she has filed an appearance on behalf of William Davis in the state court proceeding, and has represented to me that she has every belief that William Davis would consent to removal, and as his attorney, she is consenting to removal on his behalf.

## CERTIFICATE OF SERVICE

I hereby certify that I have caused a true and accurate copy of the above and foregoing

Notice of Filing and Notice of Removal to be mailed to the persons named in the Notice of

Filing, at the address shown, on this 13th day of December, 2007.

Scott Jebson

STATE OF ILLINOIS          )                    Attorney No. 35052
                           ) SS:
COUNTY OF COOK             )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

TIMOTHY D. PETTY,                    )
                                     )
                    Plaintiff,       )
                                     )
          v.                         )     CASE NO.  06 L 12512
                                     )
CITY OF CHICAGO, MICHAEL             )
CONWAY, MARK REGAL, GREGORY          )
DANZ, WILLIAM DAVIS, HARRY           )
FENNER, JOSEPH O'CARROLL,            )
ALLEN LEE, JAMIE KANE,               )
J.WEITZMAN, and ELIZABETH            )
DAWSON,                              )
                                     )
                    Defendants.      )

## SECOND AMENDED COMPLAINT AT LAW

NOW COMES the Plaintiff, TIMOTHY D. PETTY, by and through his attorney,

PATRICK M. CAMPANELLI, and for his Complaint at Law against the Defendants,

CITY OF CHICAGO, MICHAEL CONWAY, MARK REGAL, GREGORY DANZ,

WILLIAM DAVIS, HARRY FENNER, JOSEPH O'CARROLL, ALLEN LEE, JAMIE

KANE, J. WEITZMAN, and ELIZABETH DAWSON, states as follows:

## COUNT I

### (False Imprisonment-City of Chicago)

1.      That on October 18, 2003, and all times after which are relevant, the

        Defendant, City of Chicago, was an entity that employed as Police

        Officers and Peace Officers in Official Capacity through the Chicago

        Police Department.



2.    That on October 18, 2003, and all times after which are relevant,
Defendant, Michael Conway, Star #20246, was a duly sworn Police
Officer working in his Official Capacity and was acting in the scope of his
employment for the City of Chicago and the Chicago Police Department
on their behalf.

3.    That on October 18, 2003, and all times after which are relevant,
Defendant, Mark Regal, Star #20592, was a duly sworn Police Officer
working in his Official Capacity and was acting in the scope of his
employment for the City of Chicago and the Chicago Police Department
on their behalf.

4.    That on October 18, 2003, and all times after which are relevant,
Defendant, Gregory Danz, Star #20111, was a duly sworn Police Officer
working in his Official Capacity and was acting in the scope of his
employment for the City of Chicago and the Chicago Police Department
on their behalf.

5.    That on October 18, 2003, and all times after which are relevant,
Defendant, William Davis, Star #20166, was a duly sworn Police Officer
working in his Official Capacity and was acting in the scope of his
employment for the City of Chicago and the Chicago Police Department
on their behalf.

6.    That on October 18, 2003, and all times after which are relevant,
Defendant, Harry Fenner, Star #20625, was a duly sworn Police Officer
working in his Official Capacity and was acting in the scope of his

employment for the City of Chicago and the Chicago Police Department on their behalf.

7.    That on October 18, 2003, and all times after which are relevant, Defendant, Joseph O'Carroll, Star #20805, was a duly sworn Police Officer working in his Official Capacity and was acting in the scope of his employment for the City of Chicago and the Chicago Police Department on their behalf.

8.    That on October 18, 2003, and all times after which are relevant, Defendant, Allen Lee, Star #20945, was a duly sworn Police Officer working in his Official Capacity and was acting in the scope of his employment for the City of Chicago and the Chicago Police Department on their behalf.

9.    That on October 18, 2003, and all times after which are relevant, Defendant, Jamie Kane, Star #01194, was a duly sworn Police Officer working in his Official Capacity and was acting in the scope of his employment for the City of Chicago and the Chicago Police Department on their behalf.

10.    That on October 18, 2003, and all times after which are relevant, Defendant, J. Weitzman, Star #20307, was a duly sworn Police Officer working in his Official Capacity and was acting in the scope of his employment for the City of Chicago and the Chicago Police Department on their behalf.

11.     That on October 18, 2003, and all times after which are relevant,

        Defendant, Elizabeth Dawson, Star #9891, was a duly sworn Police

        Officer working in her Official Capacity and was acting in the scope of

        her employment for the City of Chicago and the Chicago Police

        Department on their behalf.

12.     That on October 18, 2003, at approximately 1:25 a.m., at 5816 North

        Ridge, Chicago, Cook County, Illinois, two unknown persons fired from

        handguns at Frederick Tarver, Lowell Hubbard, Sebastian Moore, Mario

        Parker, Sergio Miller a/k/a Srdjen Kostic, and Albert Council.

13.     That on October 18, 2003, as a result of the shots fired by unknown

        persons, Albert Council died.

14.     That on October 18, 2003, as a result of the shots fired by unknown

        persons, Lowell Hubbard and Sebastian Moore received gunshot wounds.

15.     That on October 18, 2003, Chicago Police Officer G. Kalfas, Star#19329,

        and Chicago Police Officer G. Johnson, Star #19324, acting as employees

        of the City of Chicago and on the City of Chicago's behalf, took a

        description of the alleged shooters from Sebastian Moore, Lowell Howard,

        and Frederick Tarver, who described two unknown offenders, black in

        race, 16-18 years of age, and 5'0-5'5 ½ inches tall, wearing all black, with

        skull caps and masks.

16.     That on October 18, 2003, Defendants, Chicago Police Officers Michael

        Conway, Mark Regal, Gregory Danz, William Davis, Harry Fenner,

        Joseph O'Carroll, Allen Lee, Jamie Kane, J. Weitzman, and Elizabeth

Dawson, acting as employees of the City of Chicago and on the City of

Chicago's behalf, knew and should have known that Frederick Tarver,

Lowell Hubbard, Sebastian Moore, Mario Parker, and Sergio Miller a/k/a

Srdjen Kostic, could not identify the unknown shooters.

17.     That on October 18, 2003, Defendants, Chicago Police Officers Michael

Conway, Mark Regal, Gregory Danz, William Davis, Harry Fenner,

Joseph O'Carroll, Allen Lee, Jamie Kane, J. Weitzman, and Elizabeth

Dawson, acting as employees of the City of Chicago and on the City of

Chicago's behalf, had information that Frederick Tarver was a known

gang member and convicted felon.

18.     That on October 18, 2003, Defendants, Chicago Police Officers Michael

Conway, Mark Regal, Gregory Danz, William Davis, Harry Fenner,

Joseph O'Carroll, Allen Lee, Jamie Kane, and J. Weitzman, acting as

employees of the City of Chicago and on the City of Chicago's behalf, had

information that  Frederick Tarver was present at the scene of the shooting

and previously told Chicago Police Officers that he could not identify the

shooters because the shooters were wearing all black, with skull caps and

masks.

19.     That on October 18, 2003, Frederick Tarver was taken into custody and

held against his will by Officer Elizabeth Dawson, a Chicago Police

Officer, and other unknown Chicago Police Officers.

20.      That on October 18, 2003, Frederick Tarver was held in custody at Area 3

Violent Crimes for 19 hours against his will by Defendants, Chicago

Police Officers William Davis, Star #20166, Detective Gregory Danz, Star #20111, Detective Harry Fenner, Star #20625, and Detective J. Weitzman, Star #20307.

21. That on October 18, 2003, Defendants, Chicago Police Officers William Davis, Gregory Danz, Harry Fenner, and J. Weitzman, acting as employees of the City of Chicago and on the City of Chicago's behalf, knew and should have known that Frederick Tarver, a known gang member and convicted felon, was unable to identify the alleged unknown shooters.

22. That on October 18, 2003, and October 19, 2003, Frederick Tarver was held in a locked room which had no windows, cement or hard tile floor, a hard wooden bench, and blank walls.

23. That on October 18, 2003 and October 19, 2003, Frederick Tarver was locked in the previously described room with no access to food or water, and no access to the washroom without request.

24. That on October 18, 2003 and October 19, 2003, Frederick Tarver was not given free access to leave, change clothes, and/or sleep except on a hard wooden bench even though he repeatedly requested to go home.

25. That on October 18, 2003 through October 19, 2003, the Defendants, Chicago Police Officers William Davis, Gregory Danz, Harry Fenner, and J. Weitzman, acting as employees of the City of Chicago and on the City of Chicago's behalf, told Frederick Tarver that he would be unable to

leave the police station until he identified a person he knew as "Spank" in a photo array as one of the shooters.

26.    That on October 19, 2003, after thirteen hours in custody, Frederick Tarver identified in a photo array a person he knew as "Spank" as a result of threats by Defendants, Chicago Police Officers William Davis, Gregory Danz, Harry Fenner, and J. Weitzman, and other unknown Chicago Police Officers acting as employees of the City of Chicago and on the City of Chicago's behalf.

27.    That on October 19, 2003, after thirteen hours in custody, Frederick Tarver identified in a photo array a person he knew as "Spank" as a result of threats by Defendants, Chicago Police Officers William Davis, Gregory Danz, Harry Fenner, and J. Weitzman, and other unknown Chicago Police Officers, acting as employees of the City of Chicago and on the City of Chicago's behalf,  breaking Frederick Tarver's will, including, but not limited to, fear of being wrongfully charged in the shooting incident, unlawful incarceration, and Frederick Tarver's desire to leave his current unlawful restraint.

28.    That on October 18, 2003, the Defendants, City of Chicago, Michael Conway, Mark Regal, Elizabeth Dawson, Gregory Danz, William Davis, Harry Fenner, J. Weitzman, Jamie Kane, A. Lee, L. Thezan, J. Evans, and Joseph O'Carroll, acting as employees of the City of Chicago and on the City of Chicago's behalf, knew that the Plaintiff, Timothy Petty, had a nickname of "Spank", but also knew that he did not match the description

given of the shooters since the Plaintiff was 5'11 and 22 years of age at the time of the incident.

29.    That on November 29, 2003, the Plaintiff, Timothy Petty, was taken into custody without probable cause and unlawfully arrested by the Defendants, in concert with each other and by their actions, knowing that Frederick Tarver could not identify Timothy Petty as being present and/or involved with the shooting.

30.    That on December 1, 2003, Chicago Police Officers, including, but not limited to, Defendants, Chicago Police Officers Mark Regal and Michael Conway, acting as employees of the City of Chicago and on the City of Chicago's behalf, maliciously broke down the door of the home of Frederick Tarver.

31.    That on December 1, 2003, Chicago Police Officers, including, but not limited to, Defendants, Chicago Police Officers Mark Regal and Michael Conway, acting as employees of the City of Chicago and on the City of Chicago's behalf, maliciously broke into the home of Frederick Tarver with guns drawn knowing such actions would cause Frederick Tarver to fear for his life and freedom.

32.    That on December 1, 2003, Frederick Tarver was locked in an interrogation room against his will for approximately ten hours.

33.    That on December 1, 2003, Chicago Police Officers, including, but not limited to, Chicago Police Officers Jamie Kane, Harry Fenner, and Allen Lee, by their actions and in concert with each other and other unknown

officers, acted maliciously, willful, wanton, and in total disregard of the Plaintiff, Timothy Petty's, rights by threatening Frederick Tarver with Violation of Probation if he did not identify Timothy Petty in a line-up as one of the shooters.

34.     That on December 1, 2003, Defendants, Chicago Police Officers Michael Conway, Mark Regal, Gregory Danz, William Davis, Harry Fenner, and Joseph O'Carroll, acting as employees of the City of Chicago and on the City of Chicago's behalf, knew that Frederick Tarver, a convicted felon and gang member, was unable to identify either of the shooters, was fearful of incarceration, was fearful of Violation of Probation, and was fearful of threats by Police Officers.

35.     That the Defendants, Chicago Police Officers Michael Conway, Mark Regal, Gregory Danz, William Davis, Harry Fenner, Joseph O'Carroll, Allen Lee, Jamie Kane,  and J. Weitzman, by their actions and in concert with each other, acted maliciously, willful, wanton, and in total disregard to Plaintiff's rights, knowing or should have knowing that Frederick Tarver was identifying Timothy Petty based on the threats, assaults, unlawful confinement, and unlawful arrest by the Defendants and other members of the Chicago Police Department.

36.     That on March 24, 2004, Frederick Tarver and other named Plaintiffs filed a complaint against The City of Chicago, Phil Cline, Terry G. Hillard, and Chicago Police Officers Scott, Blackledge, Gray, Hightower, Mason, Milz, Easter, Frazier, Howard, **Michael Conway, Mark Regal, Elizabeth**

Dawson, Gregory Danz, William Davis, Harry Fenner, J. Weitzman, Jamie Kane, A. Lee, L. Thezan, J. Evans, Joseph O'Carroll, J. Lopez, Gary Bush, Charles Daley, W. Ruck, P. O'Donovan, James Egan, Edward Carroll, John Haniacek, Kevin Bor and Chicago Police Sergeants Walsh, Howard, and Holy, and John Does One through Four.

37.   That the Defendants, City of Chicago and Chicago Police Officers Michael Conway, Mark Regal, Gregory Danz, William Davis, Harry Fenner, Joseph O'Carroll, Allen Lee, Jamie Kane, J. Weitzman, and Elizabeth Dawson, acting as employees of the City of Chicago and on the City of Chicago's behalf, knew that Frederick Tarver filed a lawsuit on March 24, 2004 against the City of Chicago, Michael Conway, Mark Regal, Elizabeth Dawson, Gregory Danz, William Davis, Harry Fenner, J. Weitzman, Jamie Kane, A. Lee, L. Thezan, J. Evans, and Joseph O'Carroll, alleging that Frederick Tarver was held against his will and coerced into identifying Timothy Petty as the shooter and maliciously and with wanton disregard of the Plaintiff, Timothy Petty's, rights, continued the prosecution against Timothy Petty and took no action to terminate the criminal charges against Timothy Petty.

38.   That the Defendants, City of Chicago and Chicago Police Officers Michael Conway, Mark Regal, Gregory Danz, William Davis, Harry Fenner, Joseph O'Carroll, Allen Lee, Jamie Kane, J. Weitzman, and Elizabeth Dawson, acting as employees of the City of Chicago and on the City of Chicago's behalf, knew that on October 14, 2005, Frederick Tarver

gave a deposition indicating that he was held against his will and coerced into identifying Timothy Petty as the shooter and maliciously and with wanton disregard of the Plaintiff, Timothy Petty's, rights, continued the prosecution against Timothy Petty and took no action to terminate the criminal charges against Timothy Petty.

39. That on April 14, 2006, Frederick Tarver settled his case recovering damages against the Defendant, City of Chicago.

40. That on October 18, 2003, shooting victim Sebastian Moore was interviewed by Officer G. Kalfas, Star #19329 and Officer G. Johnson, Star #19324 and stated that the shooters were two unknown offenders, black in race, 16-18 years of age, and 5'0-5'5 ½ inches tall, wearing all black, with skull caps and masks.

41. That on October 18, 2003, shooting victim Sebastian Moore stated to Chicago Police Officers William Davis, Star #20166 and Gregory Danz, Star #20111 that he had no idea who the offenders (shooters) were or why he got shot.

42. That on December 1, 2003, Chicago Police Officers, including, but not limited to, Chicago Police Officers Mark Regal and Michael Conway, maliciously broke down the door of the home of Frederick Tarver, where Sebastian Moore was also located.

43. That on December 1, 2003, Chicago Police Officers, including, but not limited to, Mark Regal and Michael Conway, maliciously

broke down and entered into the home of Frederick Tarver, where

Sebastian Moore was also located, with guns drawn knowing such actions

would cause Sebastian Moore to fear for his life and freedom.

44.    That the Defendants, Chicago Police Officers Michael Conway, Mark

Regal, Gregory Danz, William Davis, Harry Fenner, Joseph O'Carroll,

Allen Lee, Jamie Kane, J. Weitzman, and Elizabeth Dawson, by their

actions and in concert with each other acted maliciously, willful, and

wanton and in total disregard to Plaintiff's rights knowing or should have

knowing that Sebastian Moore was identifying Timothy Petty based on the

threats, assaults, unlawful confinement, and unlawful arrest, by the

Defendants and other members of the Chicago Police Department.

45.    That on November 29, 2003, the Plaintiff, Timothy Petty, identified as

Spank, was taken into custody and subsequently charged with 3 counts of

First Degree Murder, 5 counts of Attempted First Degree Murder, 2 counts

of Aggravated Battery with a Firearm, 5 counts of Aggravated Discharge

of a Firearm, 6 counts of Aggravated Battery, 2 counts of Unlawful Use of

Weapon by a Felon, and 4 counts of Aggravated Unlawful Use of a

Weapon.

46.    That on November 29, 2003, Plaintiff, Timothy Petty, informed

Defendants, Chicago Police Officers Michael Conway, Mark Regal, and

other unknown officers that he was in a different location at a public

establishment at the time of the shooting and the Defendants maliciously,

and with willful and wanton disregard, did not adequately investigate the Plaintiff, Timothy Petty's, alibi.

47.     That on November 29, 2003, Timothy Petty was held in continuous custody in the Chicago Police Station and Cook County Jail until August 23, 2006.

48.     That on August 23, 2006, Timothy Petty was found not guilty of all counts after a bench trial in front of the Honorable Clayton Crane at 2650 South California Avenue, Chicago, Illinois.

49.     That the Defendants, City of Chicago, Michael Conway, Mark Regal, Gregory Danz, William Davis, Harry Fenner, Joseph O'Carroll, Allen Lee, Jamie Kane, J. Weitzman, and Elizabeth Dawson, acting for themselves, and/or in concert with each other, in official capacity and as authorized agents and servants of the Defendant, City of Chicago, arrested and/or caused the arrest of Plaintiff, Timothy Petty, for first degree murder, attempted first degree murder, aggravated battery with a firearm, aggravated discharge of a firearm, aggravated battery, unlawful use of a weapon by a felon, and aggravated unlawful use of a weapon without reasonable grounds to arrest and without legal cause by restraining him, handcuffing him, and caused him to be in the Chicago Police Department and the Cook County Department of Corrections, imprisoning him for more than 2 ½ years (997 days).

50.     As a direct and proximate result of the aforesaid wrongful conduct by Defendants, the Plaintiff, Timothy Petty, suffered damages.

51.     That the Defendants, City of Chicago, Michael Conway, Mark Regal,

Gregory Danz, William Davis, Harry Fenner, Joseph O'Carroll, Allen Lee,

Jamie Kane, J. Weitzman, and Elizabeth Dawson, acting for themselves,

and/or in concert with each other, in official capacity and as authorized

agents and servants of the Defendant, City of Chicago, arrested Plaintiff,

Timothy Petty, for First Degree Murder, Attempted First Degree Murder,

Aggravated Battery with a Firearm, Aggravated Discharge of a Firearm,

Aggravated Battery, Unlawful Use of a Weapon by a Felon, and

Aggravated Unlawful Use of a Weapon without reasonable grounds to

arrest and without legal cause by restraining him, handcuffing him, and

imprisoning him against his will.

WHEREFORE, Plaintiff, TIMOTHY PETTY, demands judgment against the

Defendant, CITY OF CHICAGO, and its employees, Chicago Police Officers MICHAEL

CONWAY, MARK REGAL, GREGORY DANZ, WILLIAM DAVIS, HARRY

FENNER, JOSEPH O'CARROLL, ALLEN LEE, JAMIE KANE, J. WEITZMAN, and

ELIZABETH DAWSON, in an amount in excess of THIRTY MILLION, NINE

HUNDRED EIGHTY SEVEN DOLLARS AND NO CENTS ($30,000,987.00), plus

costs of suit, and any other relief the Court deems equitable.

## COUNT II

### (Malicious Prosecution-City of Chicago)

52.     The Plaintiff re-alleges and re-incorporates by reference paragraphs 1 thru

51 of Count I.

53.    On November 29, 2003, the Defendants, City of Chicago, Michael
       Conway, Mark Regal, Gregory Danz, William Davis, Harry Fenner,
       Joseph O'Carroll, Allen Lee, Jamie Kane, J. Weitzman, and Elizabeth
       Dawson, by initiating the criminal complaint, commenced and continued a
       criminal case against Plaintiff, specifically, the case of <u>People v. Timothy
       Petty,</u> Case Number 03CR28185, in the Circuit Court of Cook County.

54.    In a bench trial for First Degree Murder, Attempted First Degree Murder,
       Aggravated Battery with a Firearm, Aggravated Discharge of a Firearm,
       Aggravated Battery, Unlawful Use of a Weapon by a Felon, and
       Aggravated Unlawful Use of a Weapon, Plaintiff, Timothy Petty was
       found Not Guilty.

55.    The aforesaid criminal charges against Timothy Petty were terminated in
       his favor when he was found Not Guilty.

56.    There was no probable cause for the criminal case against Timothy Petty.

57.    The defendants acted with malice and/or with willful and wanton
       disregard of Plaintiff, Timothy Petty's, rights.

58.    As a direct and proximate result of aforesaid wrongful conduct by
       defendants, Timothy Petty, suffered damages.

WHEREFORE, Plaintiff, TIMOTHY PETTY, demands judgment against the
Defendant, CITY OF CHICAGO, and its employees, Chicago Police Officers MICHAEL
CONWAY, MARK REGAL, GREGORY DANZ, WILLIAM DAVIS, HARRY
FENNER, JOSEPH O'CARROLL, ALLEN LEE, JAMIE KANE, J. WEITZMAN, and
ELIZABETH DAWSON, in an amount in excess of THIRTY MILLION, NINE

HUNDRED EIGHTY SEVEN DOLLARS AND NO CENTS ($30,000,987.00), plus

costs of suit, and any other relief the Court deems equitable.

## COUNT III

### (False Imprisonment-Michael Conway)

59.   The Plaintiff re-alleges and re-incorporates by reference paragraphs 1 thru
      15 of Count I.

60.   That on October 18, 2003, Defendant, Chicago Police Officer Michael
      Conway, and other Chicago Police Officers, including, but not limited to,
      Mark Regal, Gregory Danz, William Davis, Harry Fenner, Joseph
      O'Carroll, Allen Lee, Jamie Kane, J. Weitzman, and Elizabeth Dawson,
      acting as employees of the City of Chicago and on the City of Chicago's
      behalf, knew and should have known that Frederick Tarver, Lowell
      Hubbard, Sebastian Moore, Mario Parker, and Sergio Miller a/k/a Srdjen
      Kostic, could not identify the unknown shooters.

61.   That on October 18, 2003, Defendant, Chicago Police Officer Michael
      Conway, and other Chicago Police Officers, including, but not limited to,
      Mark Regal, Gregory Danz, William Davis, Harry Fenner, Joseph
      O'Carroll, Allen Lee, Jamie Kane, J. Weitzman, and Elizabeth Dawson,
      acting as employees of the City of Chicago and on the City of Chicago's
      behalf, had information that Frederick Tarver was a known gang member
      and convicted felon.

62.   That on October 18, 2003, Defendant, Chicago Police Officer Michael
      Conway, and other Chicago Police Officers, including, but not limited to,

Mark Regal, Gregory Danz, William Davis, Harry Fenner, Joseph

O'Carroll, Allen Lee, Jamie Kane, and J. Weitzman, acting as employees

of the City of Chicago and on the City of Chicago's behalf, had

information that Frederick Tarver was present at the scene of the shooting

and previously told Chicago Police Officers that he could not identify the

shooters because the shooters were wearing all black, with skull caps and

masks.

63.     That on October 18, 2003, Defendant, Chicago Police Officer Michael

Conway, knew or should have known that Frederick Tarver was taken into

custody and held against his will by Officer Elizabeth Dawson, a Chicago

Police Officer, and other unknown Chicago Police Officers.

64.     That on October 18, 2003, Defendant, Chicago Police Officer Michael

Conway, knew or should have known that Frederick Tarver was held in

custody at Area 3 Violent Crimes for 19 hours against his will by

Defendants, Chicago Police Officers William Davis, Star #20166,

Detective Gregory Danz, Star #20111, Detective Harry Fenner, Star

#20625, and Detective J. Weitzman, Star #20307.

65.     That on October 18, 2003, Defendant, Chicago Police Officer Michael

Conway, knew or should have known that Defendants, Chicago Police

Officers William Davis, Gregory Danz, Harry Fenner, and J. Weitzman,

acting as employees of the City of Chicago and on the City of Chicago's

behalf, knew or should have known that Frederick Tarver, a known gang

member and convicted felon, was unable to identify the alleged unknown
shooters.

66.   That on October 18, 2003, and October 19, 2003, Defendant, Chicago
      Police Officer Michael Conway, knew or should have known that
      Frederick Tarver was held in a locked room which had no windows,
      cement or hard tile floor, a hard wooden bench, and blank walls.

67.   That on October 18, 2003 and October 19, 2003, Defendant, Chicago
      Police Officer Michael Conway, knew or should have known that
      Frederick Tarver was locked in the previously described room with no
      access to food or water, and no access to the washroom without request.

68.   That on October 18, 2003 and October 19, 2003, Defendant, Chicago
      Police Officer Michael Conway, knew or should have known that
      Frederick Tarver was not given free access to leave, change clothes,
      and/or sleep except on a hard wooden bench even though he repeatedly
      requested to go home.

69.   That on October 18, 2003 through October 19, 2003, Defendant, Chicago
      Police Officer Michael Conway, knew or should have known that the
      Defendants, Chicago Police Officers William Davis, Gregory Danz, Harry
      Fenner, and J. Weitzman, acting as employees of the City of Chicago and
      on the City of Chicago's behalf, told Frederick Tarver that he would be
      unable to leave the police station until he identified a person he knew as
      "Spank" in a photo array as one of the shooters.

70.    That on October 19, 2003, Defendant, Chicago Police Officer Michael
Conway, knew or should have known that after thirteen hours in custody,
Frederick Tarver identified in a photo array a person he knew as "Spank"
as a result of threats by Defendants, Chicago Police Officers William
Davis, Gregory Danz, Harry Fenner, and J. Weitzman, and other unknown
Chicago Police Officers acting as employees of the City of Chicago and
on the City of Chicago's behalf.

71.    That on October 19, 2003, Defendant, Chicago Police Officer Michael
Conway, knew or should have known that after thirteen hours in custody,
Frederick Tarver identified in a photo array a person he knew as "Spank"
as a result of threats by Defendants, Chicago Police Officers William
Davis, Gregory Danz, Harry Fenner, and J. Weitzman, and other unknown
Chicago Police Officers, acting as employees of the City of Chicago and
on the City of Chicago's behalf,  breaking Frederick Tarver's will,
including, but not limited to, fear of being wrongfully charged in the
shooting incident, unlawful incarceration, and Frederick Tarver's desire to
leave his current unlawful restraint.

72.    That on October 18, 2003, the Defendant, Chicago Police Officer Michael
Conway, and other Chicago Police Officers, including, but not limited to,
Mark Regal, Elizabeth Dawson, Gregory Danz, William Davis, Harry
Fenner, J. Weitzman, Jamie Kane, A. Lee, L. Thezan, J. Evans, and Joseph
O'Carroll, acting as employees of the City of Chicago and on the City of
Chicago's behalf, knew that the Plaintiff, Timothy Petty, had a nickname

of "Spank", but also knew that he did not match the description given of the shooters since the Plaintiff was 5'11 and 22 years of age at the time of the incident.

73.    That on November 29, 2003, Defendant, Chicago Police Officer Michael Conway, knew or should have known that the Plaintiff, Timothy Petty, was taken into custody without probable cause and unlawfully arrested by the Defendants, in concert with each other and by their actions, knowing that Frederick Tarver could not identify Timothy Petty as being present and/or involved with the shooting.

74.    That on December 1, 2003, Defendant, Chicago Police Officer Michael Conway, and other Chicago Police Officers, including, but not limited to, Mark Regal, acting as employees of the City of Chicago and on the City of Chicago's behalf, maliciously broke down the door of the home of Frederick Tarver.

75.    That on December 1, 2003, Defendant, Chicago Police Officer Michael Conway, and other Chicago Police Officers, including, but not limited to, Mark Regal, acting as employees of the City of Chicago and on the City of Chicago's behalf, maliciously broke into the home of Frederick Tarver with guns drawn knowing such actions would cause Frederick Tarver to fear for his life and freedom.

76.    That on December 1, 2003, Defendant, Chicago Police Officer Michael Conway, knew or should have known that Frederick Tarver was locked in an interrogation room against his will for approximately ten hours.

77.    That on December 1, 2003, Defendant, Chicago Police Officer Michael
Conway, knew or should have known that Chicago Police Officers,
including, but not limited to, Chicago Police Officers Jamie Kane, Harry
Fenner, and Allen Lee, by their actions and in concert with each other and
other unknown officers, acted maliciously, willful, wanton, and in total
disregard of the Plaintiff, Timothy Petty's, rights, by threatening Frederick
Tarver with Violation of Probation if he did not identify Timothy Petty in
a line-up as one of the shooters.

78.    That on December 1, 2003, Defendants, Defendant, Chicago Police
Officer Michael Conway, and other Chicago Police Officers, including,
but not limited to, Mark Regal, Gregory Danz, William Davis, Harry
Fenner, and Joseph O'Carroll, acting as employees of the City of Chicago
and on the City of Chicago's behalf, knew that Frederick Tarver, a
convicted felon and gang member, was unable to identify either of the
shooters, was fearful of incarceration, was fearful of Violation of
Probation, and was fearful of threats by Police Officers.

79.    That the Defendant, Chicago Police Officer Michael Conway, and other
Chicago Police Officers, including, but not limited to, Mark Regal,
Gregory Danz, William Davis, Harry Fenner, Joseph O'Carroll, Allen Lee,
Jamie Kane, and J. Weitzman, by their actions and in concert with each
other, acted maliciously, willful, wanton, and in total disregard to
Plaintiff's rights, knowing or should have knowing that Frederick Tarver
was identifying Timothy Petty based on the threats, assaults, unlawful

confinement, and unlawful arrest by the Defendants and other members of the Chicago Police Department.

80. That on March 24, 2004, Defendant, Chicago Police Officer Michael Conway, knew or should have known that Frederick Tarver and other named Plaintiffs filed a complaint against The City of Chicago, Phil Cline, Terry G. Hillard, and Chicago Police Officers Scott, Blackledge, Gray, Hightower, Mason, Milz, Easter, Frazier, Howard, **Michael Conway, Mark Regal, Elizabeth Dawson, Gregory Danz, William Davis, Harry Fenner, J. Weitzman, Jamie Kane, A. Lee, L. Thezan, J. Evans, Joseph O'Carroll**, J. Lopez, Gary Bush, Charles Daley, W. Ruck, P. O'Donovan, James Egan, Edward Carroll, John Haniacek, Kevin Bor and Chicago Police Sergeants Walsh, Howard, and Holy, and John Does One through Four.

81. That the Defendant, Chicago Police Officer Michael Conway, and other Chicago Police Officers, including, but not limited to, Mark Regal, Gregory Danz, William Davis, Harry Fenner, Joseph O'Carroll, Allen Lee, Jamie Kane, J. Weitzman, and Elizabeth Dawson, acting as employees of the City of Chicago and on the City of Chicago's behalf, knew that Frederick Tarver filed a lawsuit on March 24, 2004 against the City of Chicago, Michael Conway, Mark Regal, Elizabeth Dawson, Gregory Danz, William Davis, Harry Fenner, J. Weitzman, Jamie Kane, A. Lee, L. Thezan, J. Evans, and Joseph O'Carroll, alleging that Frederick Tarver was held against his will and coerced into identifying Timothy Petty as the

shooter and maliciously and with wanton disregard of the Plaintiff,
Timothy Petty's, rights, continued the prosecution against Timothy Petty
and took no action to terminate the criminal charges against Timothy
Petty.

82.     That the Defendant, Chicago Police Officer Michael Conway, and other
Chicago Police Officers, including, but not limited to, Mark Regal,
Gregory Danz, William Davis, Harry Fenner, Joseph O'Carroll, Allen Lee,
Jamie Kane, J. Weitzman, and Elizabeth Dawson, acting as employees of
the City of Chicago and on the City of Chicago's behalf, knew that on
October 14, 2005, Frederick Tarver gave a deposition indicating that he
was held against his will and coerced into identifying Timothy Petty as the
shooter and maliciously and with wanton disregard of the Plaintiff,
Timothy Petty's, rights, continued the prosecution against Timothy Petty
and took no action to terminate the criminal charges against Timothy
Petty.

83.     That on April 14, 2006, Defendant, Chicago Police Officer Michael
Conway, knew or should have known that Frederick Tarver settled his
case recovering damages against the Defendant, City of Chicago.

84.     That on October 18, 2003, Defendant, Chicago Police Officer Michael
Conway, knew or should have known that shooting victim Sebastian
Moore was interviewed by Officer G. Kalfas, Star #19329 and Officer G.
Johnson, Star #19324 and stated that the shooters were two unknown

offenders, black in race, 16-18 years of age, and 5'0-5'5 ½ inches tall,
wearing all black, with skull caps and masks.

85.    That on October 18, 2003, Defendant, Chicago Police Officer Michael
Conway, knew or should have known that shooting victim Sebastian
Moore stated to Chicago Police Officers William Davis, Star #20166 and
Gregory Danz, Star #20111 that he had no idea who the offenders
(shooters) were or why he got shot.

86.    That on December 1, 2003, Defendant, Chicago Police Officer Michael
Conway, and other Chicago Police Officers, including, but not limited to,
Mark Regal, maliciously broke down the door of the home of Frederick
Tarver, where Sebastian Moore was also located.

87.    That on December 1, 2003, Defendant, Michael Conway, and other
Chicago Police Officers, including, but not limited to, Mark Regal,
maliciously broke down and entered into the home of Frederick Tarver,
where Sebastian Moore was also located, with guns drawn knowing such
actions would cause Sebastian Moore to fear for his life and freedom.

88.    That the Defendant, Chicago Police Officer Michael Conway, and other
Chicago Police Officers, including, but not limited to, Mark Regal,
Gregory Danz, William Davis, Harry Fenner, Joseph O'Carroll, Allen Lee,
Jamie Kane, J. Weitzman, and Elizabeth Dawson, by their actions and in
concert with each other acted maliciously, willful, and wanton and in total
disregard to Plaintiff's rights knowing or should have knowing that
Sebastian Moore was identifying Timothy Petty based on the threats,

assaults, unlawful confinement, and unlawful arrest, by the Defendants
and other members of the Chicago Police Department.

89.    That on November 29, 2003, Defendant, Chicago Police Officer Michael
Conway, knew or should have known that the Plaintiff, Timothy Petty,
identified as Spank, was taken into custody and subsequently charged with
3 counts of First Degree Murder, 5 counts of Attempted First Degree
Murder, 2 counts of Aggravated Battery with a Firearm, 5 counts of
Aggravated Discharge of a Firearm, 6 counts of Aggravated Battery, 2
counts of Unlawful Use of Weapon by a Felon, and 4 counts of
Aggravated Unlawful Use of a Weapon.

90.    That on November 29, 2003, Defendant, Chicago Police Officer Michael
Conway, knew or should have known that Plaintiff, Timothy Petty,
informed Defendant, Chicago Police Officer Michael Conway, and other
Chicago Police Officers, including, but not limited to, Mark Regal, that he
was in a different location at a public establishment at the time of the
shooting and the Defendants maliciously, and with willful and wanton
disregard, did not adequately investigate the Plaintiff, Timothy Petty's,
alibi.

91.    That on November 29, 2003, Plaintiff, Timothy Petty, was held in
continuous custody in the Chicago Police Station and Cook County Jail
until August 23, 2006.

92.     That on August 23, 2006, Timothy Petty was found not guilty of all counts
        after a bench trial in front of the Honorable Clayton Crane at 2650 South
        California Avenue, Chicago, Illinois.

93.     That the Defendant, Chicago Police Officer Michael Conway, and other
        Chicago Police Officers, including, but not limited to, Mark Regal,
        Gregory Danz, William Davis, Harry Fenner, Joseph O'Carroll, Allen Lee,
        Jamie Kane, J. Weitzman, and Elizabeth Dawson, acting for themselves,
        and/or in concert with each other, in official capacity and as authorized
        agents and servants of the Defendant, City of Chicago, arrested and/or
        caused the arrest of Plaintiff, Timothy Petty, for first degree murder,
        attempted first degree murder, aggravated battery with a firearm,
        aggravated discharge of a firearm, aggravated battery, unlawful use of a
        weapon by a felon, and aggravated unlawful use of a weapon without
        reasonable grounds to arrest and without legal cause by restraining him,
        handcuffing him, caused him to be in the Chicago Police Department and
        the Cook County Department of Corrections, imprisoning him for more
        than 2 ½ years (997 days).

94.     As a direct and proximate result of the aforesaid wrongful conduct by
        Defendants, the Plaintiff, Timothy Petty, suffered damages.

95.     That the Defendant, Michael Conway, and other Chicago Police Officers,
        including, but not limited to, Mark Regal, Gregory Danz, William Davis,
        Harry Fenner, Joseph O'Carroll, Allen Lee, Jamie Kane, J. Weitzman, and
        Elizabeth Dawson, acting for themselves, and/or in concert with each

other, in official capacity and as authorized agents and servants of the

Defendant, City of Chicago, arrested Plaintiff, Timothy Petty, for First

Degree Murder, Attempted First Degree Murder, Aggravated Battery with

a Firearm, Aggravated Discharge of a Firearm, Aggravated Battery,

Unlawful Use of a Weapon by a Felon, and Aggravated Unlawful Use of a

Weapon without reasonable grounds to arrest and without legal cause by

restraining him, handcuffing him, and imprisoning him against his will.

WHEREFORE, Plaintiff, TIMOTHY PETTY, demands judgment against the

Defendant, MICHAEL CONWAY, a Chicago Police Officer employed by Defendant

CITY OF CHICAGO in an amount in excess of THIRTY MILLION, NINE HUNDRED

EIGHTY SEVEN DOLLARS AND NO CENTS ($30,000,987.00), plus costs of suit, and

any other relief the Court deems equitable.

### COUNT IV

### (Malicious Prosecution-Michael Conway)

96.    The Plaintiff re-alleges and re-incorporates by reference paragraphs 52
       thru 95 of Count III.

97.    On November 29, 2003, the Defendant, Chicago Police Officer Michael
       Conway, and other Chicago Police Officers, including, but not limited to,
       Mark Regal, Gregory Danz, William Davis, Harry Fenner, Joseph
       O'Carroll, Allen Lee, Jamie Kane, J. Weitzman, and Elizabeth Dawson,
       by initiating the criminal complaint, commenced and continued a criminal
       case against Plaintiff, specifically, the case of People v. Timothy Petty ,
       Case Number 03CR28185 in the Circuit Court of Cook County.

98. In a bench trial for First Degree Murder, Attempted First Degree Murder, Aggravated Battery with a Firearm, Aggravated Discharge of a Firearm, Aggravated Battery, Unlawful Use of a Weapon by a Felon, and Aggravated Unlawful Use of a Weapon, Plaintiff, Timothy Petty was found Not Guilty.

99. The aforesaid criminal charges against Timothy Petty were terminated in his favor when he was found Not Guilty.

100. There was no probable cause for the criminal case against Timothy Petty.

101. The defendants acted with malice and/or with willful and wanton disregard of Plaintiff, Timothy Petty's, rights.

102. As a direct and proximate result of aforesaid wrongful conduct by defendants, Timothy Petty, suffered damages.

WHEREFORE, Plaintiff, TIMOTHY PETTY, demands judgment against the Defendant, MICHAEL CONWAY, a Chicago Police Officer employed by Defendant, CITY OF CHICAGO, in an amount in excess of THIRTY MILLION, NINE HUNDRED EIGHTY SEVEN DOLLARS AND NO CENTS ($30,000,987.00), plus costs of suit, and any other relief the Court deems equitable.

### COUNT V

#### (False Imprisonment-Mark Regal)

103. The Plaintiff re-alleges and re-incorporates by reference paragraphs 1 thru 15 of Count I.

104. That on October 18, 2003, Defendant, Chicago Police Officer Mark Regal, and other Chicago Police Officers, including, but not limited to, Michael

Conway, Gregory Danz, William Davis, Harry Fenner, Joseph O'Carroll, Allen Lee, Jamie Kane, J. Weitzman, and Elizabeth Dawson, acting as employees of the City of Chicago and on the City of Chicago's behalf, knew and should have known that Frederick Tarver, Lowell Hubbard, Sebastian Moore, Mario Parker, and Sergio Miller a/k/a Srdjen Kostic, could not identify the unknown shooters.

105.    That on October 18, 2003, Defendant, Chicago Police Officer Mark Regal, and other Chicago Police Officers, including, but not limited to, Michael Conway, Gregory Danz, William Davis, Harry Fenner, Joseph O'Carroll, Allen Lee, Jamie Kane, J. Weitzman, and Elizabeth Dawson, acting as employees of the City of Chicago and on the City of Chicago's behalf, had information that Frederick Tarver was a known gang member and convicted felon.

106.    That on October 18, 2003, Defendant, Chicago Police Officer Mark Regal, and other Chicago Police Officers, including, but not limited to, Michael Conway, Gregory Danz, William Davis, Harry Fenner, Joseph O'Carroll, Allen Lee, Jamie Kane, and J. Weitzman, acting as employees of the City of Chicago and on the City of Chicago's behalf, had information that Frederick Tarver was present at the scene of the shooting and previously told Chicago Police Officers that he could not identify the shooters because the shooters were wearing all black, with skull caps and masks.

107.    That on October 18, 2003, Defendant, Chicago Police Officer Mark Regal, knew or should have known that Frederick Tarver was taken into custody

and held against his will by Officer Elizabeth Dawson, a Chicago Police

Officer, and other unknown Chicago Police Officers.

108.    That on October 18, 2003, Defendant, Chicago Police Officer Mark

Regal, knew or should have known that Frederick Tarver was held in

custody at Area 3 Violent Crimes for 19 hours against his will by

Defendants, Chicago Police Officers William Davis, Star #20166,

Detective Gregory Danz, Star #20111, Detective Harry Fenner, Star

#20625, and Detective J. Weitzman, Star #20307.

109.    That on October 18, 2003, Defendant, Chicago Police Officer Mark Regal,

knew or should have known that Defendants, Chicago Police Officers

William Davis, Gregory Danz, Harry Fenner, and J. Weitzman, acting as

employees of the City of Chicago and on the City of Chicago's behalf,

knew and should have known that Frederick Tarver, a known gang

member and convicted felon, was unable to identify the alleged unknown

shooters.

110.    That on October 18, 2003, and October 19, 2003, Defendant, Chicago

Police Officer Mark Regal, knew or should have known that Frederick

Tarver was held in a locked room which had no windows, cement or hard

tile floor, a hard wooden bench, and blank walls.

111.    That on October 18, 2003 and October 19, 2003, Defendant, Chicago

Police Officer Mark Regal, knew or should have known that Frederick

Tarver was locked in the previously described room with no access to food

or water, and no access to the washroom without request.

112.   That on October 18, 2003 and October 19, 2003, Defendant, Chicago

Police Officer Mark Regal, knew or should have known that Frederick

Tarver was not given free access to leave, change clothes, and/or sleep

except on a hard wooden bench even though he repeatedly requested to go

home.

113.   That on October 18, 2003 through October 19, 2003, Defendant, Chicago

Police Officer Mark Regal, knew or should have known that the

Defendants, Chicago Police Officers William Davis, Gregory Danz, Harry

Fenner, and J. Weitzman, acting as employees of the City of Chicago and

on the City of Chicago's behalf, told Frederick Tarver that he would be

unable to leave the police station until he identified a person he knew as

"Spank" in a photo array as one of the shooters.

114.   That on October 19, 2003, Defendant, Chicago Police Officer Mark Regal,

knew or should have known that after thirteen hours in custody, Frederick

Tarver identified in a photo array a person he knew as "Spank" as a result

of threats by Defendants, Chicago Police Officers William Davis, Gregory

Danz, Harry Fenner, and J. Weitzman, and other unknown Chicago Police

Officers acting as employees of the City of Chicago and on the City of

Chicago's behalf.

115.   That on October 19, 2003, Defendant, Chicago Police Officer Mark Regal,

knew or should have known that after thirteen hours in custody, Frederick

Tarver identified in a photo array a person he knew as "Spank" as a result

of threats by Defendants, Chicago Police Officers William Davis, Gregory

Danz, Harry Fenner, and J. Weitzman, and other unknown Chicago Police

Officers, acting as employees of the City of Chicago and on the City of

Chicago's behalf, breaking Frederick Tarver's will, including, but not

limited to, fear of being wrongfully charged in the shooting incident,

unlawful incarceration, and Frederick Tarver's desire to leave his current

unlawful restraint.

116.   That on October 18, 2003, the Defendant, Chicago Police Officer Mark

Regal, and other Chicago Police Officers, including, but not limited to,

Michael Conway, Elizabeth Dawson, Gregory Danz, William Davis,

Harry Fenner, J. Weitzman, Jamie Kane, A. Lee, L. Thezan, J. Evans, and

Joseph O'Carroll, acting as employees of the City of Chicago and on the

City of Chicago's behalf, knew that the Plaintiff, Timothy Petty, had a

nickname of "Spank", but also knew that he did not match the description

given of the shooters since the Plaintiff was 5'11 and 22 years of age at

the time of the incident.

117.   That on November 29, 2003, the Plaintiff, Timothy Petty, was taken into

custody without probable cause and unlawfully arrested by the

Defendants, in concert with each other and by their actions, knowing that

Frederick Tarver could not identify Timothy Petty as being present and/or

involved with the shooting.

118.   That on December 1, 2003, Defendant, Chicago Police Officer Mark

Regal, and other Chicago Police Officers, including, but not limited to,

Michael Conway, acting as employees of the City of Chicago and on the

City of Chicago's behalf, maliciously broke down the door of the home of
Frederick Tarver.

119.     That on December 1, 2003, Defendant, Chicago Police Officer Mark
         Regal, and other Chicago Police Officers, including, but not limited to,
         Michael Conway, acting as employees of the City of Chicago and on the
         City of Chicago's behalf, maliciously broke into the home of Frederick
         Tarver with guns drawn knowing such actions would cause Frederick
         Tarver to fear for his life and freedom.

120.     That on December 1, 2003, Defendant, Chicago Police Officer Mark
         Regal, knew or should have known that Frederick Tarver was locked in an
         interrogation room against his will for approximately ten hours.

121.     That on December 1, 2003, Defendant, Chicago Police Officer Mark
         Regal, knew or should have known that Chicago Police Officers,
         including, but not limited to, Chicago Police Officers Jamie Kane, Harry
         Fenner, and Allen Lee, by their actions and in concert with each other and
         other unknown officers, acted maliciously, willful, wanton, and in total
         disregard of the Plaintiff, Timothy Petty's, rights, by threatening Frederick
         Tarver with Violation of Probation if he did not identify Timothy Petty in
         a line-up as one of the shooters.

122.     That on December 1, 2003, Defendant, Chicago Police Officer Mark
         Regal, and other Chicago Police Officers, including, but not limited to,
         Michael Conway, Gregory Danz, William Davis, Harry Fenner, and
         Joseph O'Carroll, acting as employees of the City of Chicago and on the

City of Chicago's behalf, knew that Frederick Tarver, a convicted felon
and gang member, was unable to identify either of the shooters, was
fearful of incarceration, was fearful of Violation of Probation, and was
fearful of threats by Police Officers.

123.   That the Defendant, Chicago Police Officer Mark Regal, and other
Chicago Police Officers, including, but not limited to, Michael Conway,
Gregory Danz, William Davis, Harry Fenner, Joseph O'Carroll, Allen Lee,
Jamie Kane, and J. Weitzman, by their actions and in concert with each
other, acted maliciously, willful, wanton, and in total disregard to
Plaintiff's rights, knowing or should have knowing that Frederick Tarver
was identifying Timothy Petty based on the threats, assaults, unlawful
confinement, and unlawful arrest by the Defendants and other members of
the Chicago Police Department.

124.   That on March 24, 2004, Defendant, Chicago Police Officer Mark Regal,
knew or should have known that Frederick Tarver and other named
Plaintiffs filed a complaint against The City of Chicago, Phil Cline, Terry
G. Hillard, and Chicago Police Officers Scott, Blackledge, Gray,
Hightower, Mason, Milz, Easter, Frazier, Howard, **Michael Conway,
Mark Regal, Elizabeth Dawson, Gregory Danz, William Davis, Harry
Fenner, J. Weitzman, J. Kane, A. Lee, L. Thezan, J. Evans, Joseph
O'Carroll,** J. Lopez, Gary Bush, Charles Daley, W. Ruck, P. O'Donovan,
James Egan, Edward Carroll, John Haniacek, Kevin Bor and Chicago

Police Sergeants Walsh, Howard, and Holy, and John Does One through
Four.

125. That the Defendant, Chicago Police Officer Mark Regal, and other
Chicago Police Officers, including, but not limited to, Michael Conway,
Gregory Danz, William Davis, Harry Fenner, Joseph O'Carroll, Allen Lee,
Jamie Kane, J. Weitzman, and Elizabeth Dawson, acting as employees of
the City of Chicago and on the City of Chicago's behalf, knew that
Frederick Tarver filed a lawsuit on March 24, 2004 against the City of
Chicago, Michael Conway, Mark Regal, Elizabeth Dawson, Gregory
Danz, William Davis, Harry Fenner, J. Weitzman, J. Kane, A. Lee, L.
Thezan, J. Evans, and Joseph O'Carroll, alleging that Frederick Tarver
was held against his will and coerced into identifying Timothy Petty as the
shooter and maliciously and with wanton disregard of the Plaintiff,
Timothy Petty's, rights, continued the prosecution against Timothy Petty
and took no action to terminate the criminal charges against Timothy
Petty.

126. That the Defendant, Chicago Police Officer Mark Regal, and other
Chicago Police Officers, including, but not limited to, Michael Conway,
Gregory Danz, William Davis, Harry Fenner, Joseph O'Carroll, Allen Lee,
Jamie Kane, J. Weitzman, and Elizabeth Dawson,  acting as employees of
the City of Chicago and on the City of Chicago's behalf, knew that on
October 14, 2005, Frederick Tarver gave a deposition indicating that he
was held against his will and coerced into identifying Timothy Petty as the

shooter and maliciously and with wanton disregard of the Plaintiff,

Timothy Petty's, rights, continued the prosecution against Timothy Petty

and took no action to terminate the criminal charges against Timothy

Petty.

127.   That on April 14, 2006, Frederick Tarver settled his case recovering

damages against the Defendant, City of Chicago.

128.   That on October 18, 2003, Defendant, Chicago Police Officer Mark Regal,

knew or should have known that shooting victim Sebastian Moore was

interviewed by Officer G. Kalfas, Star #19329 and Officer G. Johnson,

Star #19324 and stated that the shooters were two unknown offenders,

black in race, 16-18 years of age, and 5'0-5'5 ½ inches tall, wearing all

black, with skull caps and masks.

129.   That on October 18, 2003, Defendant, Chicago Police Officer Mark Regal,

knew or should have known that shooting victim Sebastian Moore stated

to Chicago Police Officers William Davis, Star #20166 and Gregory Danz,

Star #20111 that he had no idea who the offenders (shooters) were or why

he got shot.

130.   That on December 1, 2003, Defendant, Chicago Police Officer Mark

Regal, and other Chicago Police Officers, including, but not limited to,

Michael Conway, maliciously broke down the door of the home of

Frederick Tarver, where Sebastian Moore was also located.

131.   That on December 1, 2003, Defendant, Mark Regal, and other Chicago

Police Officers, including, but not limited to, Michael Conway,

maliciously broke down and entered into the home of Frederick Tarver, where Sebastian Moore was also located, with guns drawn knowing such actions would cause Sebastian Moore to fear for his life and freedom.

132.    That the Defendant, Chicago Police Officer Mark Regal, and other Chicago Police Officers, including, but not limited to, Michael Conway, Gregory Danz, William Davis, Harry Fenner, Joseph O'Carroll, Allen Lee, Jamie Kane, J. Weitzman, and Elizabeth Dawson, by their actions and in concert with each other acted maliciously, willful, and wanton and in total disregard to Plaintiff's rights knowing or should have knowing that Sebastian Moore was identifying Timothy Petty based on the threats, assaults, unlawful confinement, and unlawful arrest, by the Defendants and other members of the Chicago Police Department.

133.    That on November 29, 2003, the Plaintiff, Timothy Petty, identified as Spank, was taken into custody and subsequently charged with 3 counts of First Degree Murder, 5 counts of Attempted First Degree Murder, 2 counts of Aggravated Battery with a Firearm, 5 counts of Aggravated Discharge of a Firearm, 6 counts of Aggravated Battery, 2 counts of Unlawful Use of Weapon by a Felon, and 4 counts of Aggravated Unlawful Use of a Weapon.

134.    That on November 29, 2003, Plaintiff, Timothy Petty, informed Defendant, Chicago Police Officer Mark Regal, and other Chicago Police Officers, including, but not limited to, Michael Conway, that he was in a different location at a public establishment at the time of the shooting and

the Defendants maliciously, and with willful and wanton disregard, did not adequately investigate the Plaintiff, Timothy Petty's, alibi.

135.    That on November 29, 2003, Timothy Petty was held in continuous custody in the Chicago Police Station and Cook County Jail until August 23, 2006.

136.    That on August 23, 2006, Timothy Petty was found not guilty of all counts after a bench trial in front of the Honorable Clayton Crane at 2650 South California Avenue, Chicago, Illinois.

137.    That the Defendant, Chicago Police Officer Mark Regal, and other Chicago Police Officers, including, but not limited to, Michael Conway, Gregory Danz, William Davis, Harry Fenner, Joseph O'Carroll, Allen Lee, Jamie Kane, J. Weitzman, and Elizabeth Dawson, acting for themselves, and/or in concert with each other, in official capacity and as authorized agents and servants of the Defendant, City of Chicago, arrested and/or caused the arrest of Plaintiff, Timothy Petty, for first degree murder, attempted first degree murder, aggravated battery with a firearm, aggravated discharge of a firearm, aggravated battery, unlawful use of a weapon by a felon, and aggravated unlawful use of a weapon without reasonable grounds to arrest and without legal cause by restraining him, handcuffing him, and caused him to be in the Chicago Police Department and the Cook County Department of Corrections, imprisoning him for more than 2 ½ years (997 days).

138.    As a direct and proximate result of the aforesaid wrongful conduct by Defendants, the Plaintiff, Timothy Petty, suffered damages.

139.    That the Defendant, Chicago Police Officer Mark Regal, and other Chicago Police Officers, including, but not limited to, Michael Conway, Gregory Danz, William Davis, Harry Fenner, Joseph O'Carroll, Allen Lee, Jamie Kane, J. Weitzman, and Elizabeth Dawson, acting for themselves, and/or in concert with each other, in official capacity and as authorized agents and servants of the Defendant, City of Chicago, arrested Plaintiff, Timothy Petty, for First Degree Murder, Attempted First Degree Murder, Aggravated Battery with a Firearm, Aggravated Discharge of a Firearm, Aggravated Battery, Unlawful Use of a Weapon by a Felon, and Aggravated Unlawful Use of a Weapon without reasonable grounds to arrest and without legal cause by restraining him, handcuffing him, and imprisoning him against his will.

WHEREFORE, Plaintiff, TIMOTHY PETTY, demands judgment against the Defendant, MARK REGAL, a Chicago Police Officer employed by Defendant CITY OF CHICAGO in an amount in excess of THIRTY MILLION, NINE HUNDRED EIGHTY SEVEN DOLLARS AND NO CENTS ($30,000,987.00), plus costs of suit, and any other relief the Court deems equitable.

## COUNT VI

### (Malicious Prosecution-Mark Regal)

140.    The Plaintiff re-alleges and re-incorporates by reference paragraphs 103 thru 139 of Count V.

141.   On November 29, 2003, the Defendant, Chicago Police Officer Mark
       Regal, and other Chicago Police Officers, including, but not limited to,
       Michael Conway, Gregory Danz, William Davis, Harry Fenner, Joseph
       O'Carroll, Allen Lee, Jamie Kane, J. Weitzman, and Elizabeth Dawson ,
       by initiating the criminal complaint, commenced and continued a criminal
       case against Plaintiff, specifically, the case of <u>People v. Timothy Petty</u> ,
       Case Number 03CR 28185 in the Circuit Court of Cook County.

142.   In a bench trial for First Degree Murder, Attempted First Degree Murder,
       Aggravated Battery with a Firearm, Aggravated Discharge of a Firearm,
       Aggravated Battery, Unlawful Use of a Weapon by a Felon, and
       Aggravated Unlawful Use of a Weapon, Plaintiff, Timothy Petty was
       found Not Guilty.

143.   The aforesaid criminal charges against Timothy Petty were terminated in
       his favor when he was found Not Guilty.

144.   There was no probable cause for the criminal case against Timothy Petty.

145.   The defendants acted with malice and/or with willful and wanton
       disregard of Plaintiff, Timothy Petty's, rights.

146.   As a direct and proximate result of aforesaid wrongful conduct by
       defendants, Timothy Petty, suffered damages.

WHEREFORE, Plaintiff, TIMOTHY PETTY, demands judgment against the

Defendant, MARK REGAL, a Chicago Police Officer employed by Defendant CITY OF

CHICAGO in an amount in excess of THIRTY MILLION, NINE HUNDRED EIGHTY

SEVEN DOLLARS AND NO CENTS ($30,000,987.00), plus costs of suit, and any other relief the Court deems equitable.

## COUNT VII

### (False Imprisonment-Gregory Danz)

147. The Plaintiff re-alleges and re-incorporates by reference paragraphs 1 thru 15 of Count I.

148. That on October 18, 2003, Defendant, Chicago Police Officer Gregory Danz, and other Chicago Police Officers, including, but not limited to, Michael Conway, Mark Regal, William Davis, Harry Fenner, Joseph O'Carroll, Allen Lee, Jamie Kane, J. Weitzman, and Elizabeth Dawson, acting as employees of the City of Chicago and on the City of Chicago's behalf, knew and should have known that Frederick Tarver, Lowell Hubbard, Sebastian Moore, Mario Parker, and Sergio Miller a/k/a Srdjen Kostic, could not identify the unknown shooters.

149. That on October 18, 2003, Defendant, Chicago Police Officer Gregory Danz, and other Chicago Police Officers, including, but not limited to, Michael Conway, Mark Regal, William Davis, Harry Fenner, Joseph O'Carroll, Allen Lee, Jamie Kane, J. Weitzman, and Elizabeth Dawson, acting as employees of the City of Chicago and on the City of Chicago's behalf, had information that Frederick Tarver was a known gang member and convicted felon.

150.    That on October 18, 2003, Defendant, Chicago Police Officer Gregory
Danz, and other Chicago Police Officers, including, but not limited to,
Michael Conway, Mark Regal, William Davis, Harry Fenner, Joseph
O'Carroll, Allen Lee, Jamie Kane, and J. Weitzman, acting as employees
of the City of Chicago and on the City of Chicago's behalf, had
information that Frederick Tarver was present at the scene of the shooting
and previously told Chicago Police Officers that he could not identify the
shooters because the shooters were wearing all black, with skull caps and
masks.

151.    That on October 18, 2003, Defendant, Chicago Police Officer Gregory
Danz, knew or should have known that Frederick Tarver was taken into
custody and held against his will by Officer Elizabeth Dawson, a Chicago
Police Officer, and other unknown Chicago Police Officers.

152.    That on October 18, 2003, Frederick Tarver was held in custody at Area 3
Violent Crimes for 19 hours against his will by Defendant, Chicago Police
Officer Gregory Danz, Star #20111, and other Chicago Police Officers,
including, but not limited to, William Davis, Star #20166, Detective Harry
Fenner, Star #20625, and Detective J. Weitzman, Star #20307.

153.    That on October 18, 2003, Defendant, Chicago Police Officer Gregory
Danz, and other Chicago Police Officers, including, but not limited to,
William Davis, Harry Fenner, and J. Weitzman, acting as employees of
the City of Chicago and on the City of Chicago's behalf, knew and should

have known that Frederick Tarver, a known gang member and convicted felon, was unable to identify the alleged unknown shooters.

154.    That on October 18, 2003, and October 19, 2003, Defendant, Chicago Police Officer Gregory Danz, knew or should have known that Frederick Tarver was held in a locked room which had no windows, cement or hard tile floor, a hard wooden bench, and blank walls.

155.    That on October 18, 2003 and October 19, 2003, Defendant, Chicago Police Officer Gregory Danz, knew or should have known that Frederick Tarver was locked in the previously described room with no access to food or water, and no access to the washroom without request.

156.    That on October 18, 2003 and October 19, 2003, Defendant, Chicago Police Officer Gregory Danz, knew or should have known that Frederick Tarver was not given free access to leave, change clothes, and/or sleep except on a hard wooden bench even though he repeatedly requested to go home.

157.    That on October 18, 2003 through October 19, 2003, the Defendant, Chicago Police Officer Gregory Danz, and other Chicago Police Officers, including, but not limited to, William Davis, Harry Fenner, and J. Weitzman, acting as employees of the City of Chicago and on the City of Chicago's behalf, told Frederick Tarver that he would be unable to leave the police station until he identified a person he knew as "Spank" in a photo array as one of the shooters.

158. That on October 19, 2003, after thirteen hours in custody, Frederick

Tarver identified in a photo array a person he knew as "Spank" as a result

of threats by Defendant, Chicago Police Officer Gregory Danz, and other

Chicago Police Officers, including, but not limited to, William Davis,

Harry Fenner, and J. Weitzman, and other unknown Chicago Police

Officers acting as employees of the City of Chicago and on the City of

Chicago's behalf.

159. That on October 19, 2003, after thirteen hours in custody, Frederick

Tarver identified in a photo array a person he knew as "Spank" as a result

of threats by Defendant, Chicago Police Officer Gregory Danz, and other

Chicago Police Officers, including, but not limited to, William Davis,

Harry Fenner, and J. Weitzman, and other unknown Chicago Police

Officers, acting as employees of the City of Chicago and on the City of

Chicago's behalf, breaking Frederick Tarver's will, including, but not

limited to, fear of being wrongfully charged in the shooting incident,

unlawful incarceration, and Frederick Tarver's desire to leave his current

unlawful restraint.

160. That on October 18, 2003, the Defendant, Chicago Police Officer Gregory

Danz, and other Chicago Police Officers, including, but not limited to,

Michael Conway, Elizabeth Dawson, Mark Regal, William Davis, Harry

Fenner, J. Weitzman, J. Kane, A. Lee, L. Thezan, J. Evans, and Joseph

O'Carroll, acting as employees of the City of Chicago and on the City of

Chicago's behalf, knew that the Plaintiff, Timothy Petty, had a nickname

of "Spank", but also knew that he did not match the description given of the shooters since the Plaintiff was 5'11 and 22 years of age at the time of the incident.

161.    That on November 29, 2003, Defendant, Chicago Police Officer Gregory Danz, knew or should have known that the Plaintiff, Timothy Petty, was taken into custody without probable cause and unlawfully arrested by the Defendants, in concert with each other and by their actions, knowing that Frederick Tarver could not identify Timothy Petty as being present and/or involved with the shooting.

162.    That on December 1, 2003, Defendant, Chicago Police Officer Gregory Danz, knew or should have known that Chicago Police Officers, including, but not limited to, Defendants, Chicago Police Officers Mark Regal and Michael Conway, acting as employees of the City of Chicago and on the City of Chicago's behalf, maliciously broke down the door of the home of Frederick Tarver.

163.    That on December 1, 2003, Defendant, Chicago Police Officer Gregory Danz, knew or should have known that Chicago Police Officers, including, but not limited to, Defendants, Chicago Police Officers Mark Regal and Michael Conway, acting as employees of the City of Chicago and on the City of Chicago's behalf, maliciously broke into the home of Frederick Tarver with guns drawn knowing such actions would cause Frederick Tarver to fear for his life and freedom.

164. That on December 1, 2003, Defendant, Chicago Police Officer Gregory
     Danz, knew or should have known that Frederick Tarver was locked in an
     interrogation room against his will for approximately ten hours.

165. That on December 1, 2003, Defendant, Chicago Police Officer Gregory
     Danz, knew or should have known that Chicago Police Officers,
     including, but not limited to, Chicago Police Officers Jamie Kane, Harry
     Fenner, and Allen Lee, by their actions and in concert with each other and
     other unknown officers, acted maliciously, willful, wanton, and in total
     disregard of the Plaintiff, Timothy Petty's, rights, by threatening Frederick
     Tarver with Violation of Probation if he did not identify Timothy Petty in
     a line-up as one of the shooters.

166. That on December 1, 2003, Defendant, Chicago Police Officer Gregory
     Danz, and other Chicago Police Officers, including, but not limited to,
     Michael Conway, Mark Regal, William Davis, Harry Fenner, and Joseph
     O'Carroll, acting as employees of the City of Chicago and on the City of
     Chicago's behalf, knew that Frederick Tarver, a convicted felon and gang
     member, was unable to identify either of the shooters, was fearful of
     incarceration, was fearful of Violation of Probation, and was fearful of
     threats by Police Officers.

167. That the Defendant, Chicago Police Officer Gregory Danz, and other
     Chicago Police Officers, including, but not limited to, Michael Conway,
     Mark Regal, William Davis, Harry Fenner, Joseph O'Carroll, Allen Lee,
     Jamie Kane,  and J. Weitzman, by their actions and in concert with each

other, acted maliciously, willful, wanton, and in total disregard to Plaintiff's rights, knowing or should have knowing that Frederick Tarver was identifying Timothy Petty based on the threats, assaults, unlawful confinement, and unlawful arrest by the Defendants and other members of the Chicago Police Department.

168. That on March 24, 2004, Defendant, Chicago Police Officer Gregory Danz, knew or should have known that Frederick Tarver and other named Plaintiffs filed a complaint against The City of Chicago, Phil Cline, Terry G. Hillard, and Chicago Police Officers Scott, Blackledge, Gray, Hightower, Mason, Milz, Easter, Frazier, Howard, **Michael Conway, Mark Regal, Elizabeth Dawson, Gregory Danz, William Davis, Harry Fenner, J. Weitzman, J. Kane, A. Lee, L. Thezan, J. Evans, Joseph O'Carroll**, J. Lopez, Gary Bush, Charles Daley, W. Ruck, P. O'Donovan, James Egan, Edward Carroll, John Haniacek, Kevin Bor and Chicago Police Sergeants Walsh, Howard, and Holy, and John Does One through Four.

169. That the Defendant, Chicago Police Officer Gregory Danz, and other Chicago Police Officers, including, but not limited to, Michael Conway, Mark Regal, William Davis, Harry Fenner, Joseph O'Carroll, Allen Lee, Jamie Kane, J. Weitzman, and Elizabeth Dawson, acting as employees of the City of Chicago and on the City of Chicago's behalf, knew that Frederick Tarver filed a lawsuit on March 24, 2004 against the City of Chicago, Michael Conway, Mark Regal, Elizabeth Dawson, Gregory

Danz, William Davis, Harry Fenner, J. Weitzman, J. Kane, A. Lee, L. Thezan, J. Evans, and Joseph O'Carroll, alleging that Frederick Tarver was held against his will and coerced into identifying Timothy Petty as the shooter and maliciously and with wanton disregard of the Plaintiff, Timothy Petty's, rights, continued the prosecution against Timothy Petty and took no action to terminate the criminal charges against Timothy Petty.

170.    That the Defendant, Chicago Police Officer Gregory Danz, and other Chicago Police Officers, including, but not limited to, Michael Conway, Mark Regal, William Davis, Harry Fenner, Joseph O'Carroll, Allen Lee, Jamie Kane, J. Weitzman, and Elizabeth Dawson,  acting as employees of the City of Chicago and on the City of Chicago's behalf, knew that on October 14, 2005, Frederick Tarver gave a deposition indicating that he was held against his will and coerced into identifying Timothy Petty as the shooter and maliciously and with wanton disregard of the Plaintiff, Timothy Petty's, rights, continued the prosecution against Timothy Petty and took no action to terminate the criminal charges against Timothy Petty.

171.    That on April 14, 2006, Defendant, Chicago Police Officer Gregory Danz, knew or should have known that Frederick Tarver settled his case recovering damages against the Defendant, City of Chicago.

172.    That on October 18, 2003, Defendant, Chicago Police Officer Gregory Danz, knew or should have known that shooting victim Sebastian Moore

was interviewed by Officer G. Kalfas, Star #19329 and Officer G. Johnson, Star #19324 and stated that the shooters were two unknown offenders, black in race, 16-18 years of age, and 5'0-5'5 ½ inches tall, wearing all black, with skull caps and masks.

173.    That on October 18, 2003, Defendant, Chicago Police Officer Gregory Danz, knew or should have known that shooting victim Sebastian Moore stated to Defendant, Chicago Police Officer Gregory Danz, Star #20111, and other Chicago Police Officers, including, but not limited to, Chicago Police Officer William Davis, Star #20166, that he had no idea who the offenders (shooters) were or why he got shot.

174.    That on December 1, 2003, Defendant, Chicago Police Officer Gregory Danz, knew or should have known that Chicago Police Officers, including, but not limited to, Defendants, Chicago Police Officers Mark Regal and Michael Conway, maliciously broke down the door of the home of Frederick Tarver, where Sebastian Moore was also located.

175.    That on December 1, 2003, Defendant, Chicago Police Officer Gregory Danz, knew or should have known that Chicago Police Officers, including, but not limited to, Defendants, Chicago Police Officers Mark Regal and Michael Conway, maliciously broke down and entered into the home of Frederick Tarver, where Sebastian Moore was also located, with guns drawn knowing such actions would cause Sebastian Moore to fear for his life and freedom.

176.   That the Defendant, Chicago Police Officer Gregory Danz, and other Chicago Police Officers, including, but not limited to, Michael Conway, Mark Regal, William Davis, Harry Fenner, Joseph O'Carroll, Allen Lee, Jamie Kane, J. Weitzman, and Elizabeth Dawson, by their actions and in concert with each other acted maliciously, willful, and wanton and in total disregard to Plaintiff's rights knowing or should have knowing that Sebastian Moore was identifying Timothy Petty based on the threats, assaults, unlawful confinement, and unlawful arrest, by the Defendants and other members of the Chicago Police Department.

177.   That on November 29, 2003, the Plaintiff, Timothy Petty, identified as Spank, was taken into custody and subsequently charged with 3 counts of First Degree Murder, 5 counts of Attempted First Degree Murder, 2 counts of Aggravated Battery with a Firearm, 5 counts of Aggravated Discharge of a Firearm, 6 counts of Aggravated Battery, 2 counts of Unlawful Use of Weapon by a Felon, and 4 counts of Aggravated Unlawful Use of a Weapon.

178.   That on November 29, 2003, Plaintiff, Timothy Petty, informed Chicago Police Officers, including, but not limited to, Defendants, Chicago Police Officers Mark Regal and Michael Conway, that he was in a different location at a public establishment at the time of the shooting and the Defendants maliciously, and with willful and wanton disregard, did not adequately investigate the Plaintiff, Timothy Petty's, alibi.

179. That on November 29, 2003, Timothy Petty was held in continuous custody in the Chicago Police Station and Cook County Jail until August 23, 2006.

180. That on August 23, 2006, Timothy Petty was found not guilty of all counts after a bench trial in front of the Honorable Clayton Crane at 2650 South California Avenue, Chicago, Illinois.

181. That the Defendant, Chicago Police Officer Gregory Danz, and other Chicago Police Officers, including, but not limited to, Michael Conway, Mark Regal, William Davis, Harry Fenner, Joseph O'Carroll, Allen Lee, Jamie Kane, J. Weitzman, and Elizabeth Dawson, acting for themselves, and/or in concert with each other, in official capacity and as authorized agents and servants of the Defendant, City of Chicago, arrested and/or caused the arrest of Plaintiff, Timothy Petty, for first degree murder, attempted first degree murder, aggravated battery with a firearm, aggravated discharge of a firearm, aggravated battery, unlawful use of a weapon by a felon, and aggravated unlawful use of a weapon without reasonable grounds to arrest and without legal cause by restraining him, handcuffing him, and caused him to be in the Chicago Police Department and the Cook County Department of Corrections, imprisoning him for more than 2 ½ years (997 days).

182. As a direct and proximate result of the aforesaid wrongful conduct by Defendants, the Plaintiff, Timothy Petty, suffered damages.

183.  That the Defendant, Chicago Police Officer Gregory Danz, and other Chicago Police Officers, including, but not limited to, Michael Conway, Mark Regal, William Davis, Harry Fenner, Joseph O'Carroll, Allen Lee, Jamie Kane, J. Weitzman, and Elizabeth Dawson, acting for themselves, and/or in concert with each other, in official capacity and as authorized agents and servants of the Defendant, City of Chicago, arrested Plaintiff, Timothy Petty, for First Degree Murder, Attempted First Degree Murder, Aggravated Battery with a Firearm, Aggravated Discharge of a Firearm, Aggravated Battery, Unlawful Use of a Weapon by a Felon, and Aggravated Unlawful Use of a Weapon without reasonable grounds to arrest and without legal cause by restraining him, handcuffing him, and imprisoning him against his will.

WHEREFORE, Plaintiff, TIMOTHY PETTY, demands judgment against the Defendant, GREGORY DANZ, a Chicago Police Officer employed by Defendant CITY OF CHICAGO in an amount in excess of THIRTY MILLION, NINE HUNDRED EIGHTY SEVEN DOLLARS AND NO CENTS ($30,000,987.00), plus costs of suit, and any other relief the Court deems equitable.

## COUNT VIII

### (Malicious Prosecution-Gregory Danz)

184.  The Plaintiff re-alleges and re-incorporates by reference paragraphs 147 thru 183 of Count VII.

185.  On November 29, 2003, the Defendant, Chicago Police Officer Gregory Danz, and other Chicago Police Officers, including, but not limited to,

Michael Conway, Mark Regal, William Davis, Harry Fenner, Joseph O'Carroll, Allen Lee, Jamie Kane, J. Weitzman, and Elizabeth Dawson , by initiating the criminal complaint, commenced and continued a criminal case against Plaintiff, specifically, the case of <u>People v. Timothy Petty,</u> Case Number 03CR28185, in the Circuit Court of Cook County.

186.   In a bench trial for First Degree Murder, Attempted First Degree Murder, Aggravated Battery with a Firearm, Aggravated Discharge of a Firearm, Aggravated Battery, Unlawful Use of a Weapon by a Felon, and Aggravated Unlawful Use of a Weapon, Plaintiff, Timothy Petty was found Not Guilty.

187.   The aforesaid criminal charges against Timothy Petty were terminated in his favor when he was found Not Guilty.

188.   There was no probable cause for the criminal case against Timothy Petty.

189.   The defendants acted with malice and/or with willful and wanton disregard of Plaintiff, Timothy Petty's, rights.

190.   As a direct and proximate result of aforesaid wrongful conduct by defendants, Timothy Petty, suffered damages.

WHEREFORE, Plaintiff, TIMOTHY PETTY, demands judgment against the Defendant, GREGORY DANZ, a Chicago Police Officer employed by Defendant CITY OF CHICAGO in an amount in excess of THIRTY MILLION, NINE HUNDRED EIGHTY SEVEN DOLLARS AND NO CENTS ($30,000,987.00), plus costs of suit, and any other relief the Court deems equitable.

## COUNT IX

**(False Imprisonment-William Davis)**

191.    The Plaintiff re-alleges and re-incorporates by reference paragraphs 1 thru 15 of Count I.

192.    That on October 18, 2003, Defendant, Chicago Police Officer William Davis, and other Chicago Police Officers, including, but not limited to, Michael Conway, Gregory Danz, Mark Regal, Harry Fenner, Joseph O'Carroll, Allen Lee, Jamie Kane, J. Weitzman, and Elizabeth Dawson, acting as employees of the City of Chicago and on the City of Chicago's behalf, knew and should have known that Frederick Tarver, Lowell Hubbard, Sebastian Moore, Mario Parker, and Sergio Miller a/k/a Srdjen Kostic, could not identify the unknown shooters.

193.    That on October 18, 2003, Defendant, Chicago Police Officer William Davis, and other Chicago Police Officers, including, but not limited to, Michael Conway, Gregory Danz, Mark Regal, Harry Fenner, Joseph O'Carroll, Allen Lee, Jamie Kane, J. Weitzman, and Elizabeth Dawson, acting as employees of the City of Chicago and on the City of Chicago's behalf, had information that Frederick Tarver was a known gang member and convicted felon.

194.    That on October 18, 2003, Defendant, Chicago Police Officer William Davis, and other Chicago Police Officers, including, but not limited to, Michael Conway, Gregory Danz, Mark Regal, Harry Fenner, Joseph O'Carroll, Allen Lee, Jamie Kane, and J. Weitzman, acting as employees of the City of Chicago and on the City of Chicago's behalf, had

information that Frederick Tarver was present at the scene of the shooting and previously told Chicago Police Officers that he could not identify the shooters because the shooters were wearing all black, with skull caps and masks.

195.    That on October 18, 2003, Defendant, Chicago Police Officer William Davis knew or should have known that Frederick Tarver was taken into custody and held against his will by Officer Elizabeth Dawson, a Chicago Police Officer, and other unknown Chicago Police Officers.

196.    That on October 18, 2003, Defendant, Chicago Police Officer William Davis knew or should have known that Frederick Tarver was held in custody at Area 3 Violent Crimes for 19 hours against his will by Defendant, Chicago Police Officer William Davis, Star #20166, and other Chicago Police Officers, including, but not limited to, Detective Gregory Danz, Star #20111, Detective Harry Fenner, Star #20625, and Detective J. Weitzman, Star #20307.

197.    That on October 18, 2003, Defendant, Chicago Police Officer William Davis, and other Chicago Police Officers, including, but not limited to, Gregory Danz, Harry Fenner, and J. Weitzman, acting as employees of the City of Chicago and on the City of Chicago's behalf, knew and should have known that Frederick Tarver, a known gang member and convicted felon, was unable to identify the alleged unknown shooters.

198.    That on October 18, 2003, and October 19, 2003, Defendant, Chicago Police Officer William Davis knew or should have known that Frederick

Tarver was held in a locked room which had no windows, cement or hard tile floor, a hard wooden bench, and blank walls.

199. That on October 18, 2003 and October 19, 2003, Defendant, Chicago Police Officer William Davis knew or should have known that Frederick Tarver was locked in the previously described room with no access to food or water, and no access to the washroom without request.

200. That on October 18, 2003 and October 19, 2003, Defendant, Chicago Police Officer William Davis knew or should have known that Frederick Tarver was not given free access to leave, change clothes, and/or sleep except on a hard wooden bench even though he repeatedly requested to go home.

201. That on October 18, 2003 through October 19, 2003, the Defendant, Chicago Police Officer William Davis, and other Chicago Police Officers, including, but not limited to, Gregory Danz, Harry Fenner, and J. Weitzman, acting as employees of the City of Chicago and on the City of Chicago's behalf, told Frederick Tarver that he would be unable to leave the police station until he identified a person he knew as "Spank" in a photo array as one of the shooters.

202. That on October 19, 2003, after thirteen hours in custody, Frederick Tarver identified in a photo array a person he knew as "Spank" as a result of threats by Defendant, Chicago Police Officer William Davis, and other Chicago Police Officers, including, but not limited to, Gregory Danz, Harry Fenner, and J. Weitzman, and other unknown Chicago Police

Officers acting as employees of the City of Chicago and on the City of
Chicago's behalf.

203.    That on October 19, 2003, after thirteen hours in custody, Frederick
Tarver identified in a photo array a person he knew as "Spank" as a result
of threats by Defendant, Chicago Police Officer William Davis, and other
Chicago Police Officers, including, but not limited to, Gregory Danz,
Harry Fenner, and J. Weitzman, and other unknown Chicago Police
Officers, acting as employees of the City of Chicago and on the City of
Chicago's behalf,  breaking Frederick Tarver's will, including, but not
limited to, fear of being wrongfully charged in the shooting incident,
unlawful incarceration, and Frederick Tarver's desire to leave his current
unlawful restraint.

204.    That on October 18, 2003, the Defendant, Chicago Police Officer William
Davis, and other Chicago Police Officers, including, but not limited to,
Michael Conway, Elizabeth Dawson, Gregory Danz, Mark Regal, Harry
Fenner, J. Weitzman, J. Kane, A. Lee, L. Thezan, J. Evans, and Joseph
O'Carroll, acting as employees of the City of Chicago and on the City of
Chicago's behalf, knew that the Plaintiff, Timothy Petty, had a nickname
of "Spank", but also knew that he did not match the description given of
the shooters since the Plaintiff was 5'11 and 22 years of age at the time of
the incident.

205.    That on November 29, 2003, Defendant, Chicago Police Officer William
Davis knew or should have known that the Plaintiff, Timothy Petty, was

taken into custody without probable cause and unlawfully arrested by the Defendants, in concert with each other and by their actions, knowing that Frederick Tarver could not identify Timothy Petty as being present and/or involved with the shooting.

206.   That on December 1, 2003, Defendant, Chicago Police Officer William Davis knew or should have known that Chicago Police Officers, including, but not limited to, Defendants, Chicago Police Officers Mark Regal and Michael Conway, acting as employees of the City of Chicago and on the City of Chicago's behalf, maliciously broke down the door of the home of Frederick Tarver.

207.   That on December 1, 2003, Defendant, Chicago Police Officer William Davis knew or should have known that Chicago Police Officers, including, but not limited to, Defendants, Chicago Police Officers Mark Regal and Michael Conway, acting as employees of the City of Chicago and on the City of Chicago's behalf, maliciously broke into the home of Frederick Tarver with guns drawn knowing such actions would cause Frederick Tarver to fear for his life and freedom.

208.   That on December 1, 2003, Defendant, Chicago Police Officer William Davis knew or should have known that Frederick Tarver was locked in an interrogation room against his will for approximately ten hours.

209.   That on December 1, 2003, Defendant, Chicago Police Officer William Davis knew or should have known that Chicago Police Officers, including, but not limited to, Chicago Police Officers Jamie Kane, Harry Fenner, and

Allen Lee, by their actions and in concert with each other and other

unknown officers, acted maliciously, willful, wanton, and in total

disregard of the Plaintiff, Timothy Petty's, rights, by threatening Frederick

Tarver with Violation of Probation if he did not identify Timothy Petty in

a line-up as one of the shooters.

210.   That on December 1, 2003, Defendants, Defendant, Chicago Police

Officer William Davis, and other Chicago Police Officers, including, but

not limited to, Michael Conway, Gregory Danz, Mark Regal, Harry

Fenner, and Joseph O'Carroll, acting as employees of the City of Chicago

and on the City of Chicago's behalf, knew that Frederick Tarver, a

convicted felon and gang member, was unable to identify either of the

shooters, was fearful of incarceration, was fearful of Violation of

Probation, and was fearful of threats by Police Officers.

211.   That the Defendant, Chicago Police Officer William Davis, and other

Chicago Police Officers, including, but not limited to, Michael Conway,

Gregory Danz, Mark Regal, Harry Fenner, Joseph O'Carroll, Allen Lee,

Jamie Kane,  and J. Weitzman, by their actions and in concert with each

other, acted maliciously, willful, wanton, and in total disregard to

Plaintiff's rights, knowing or should have knowing that Frederick Tarver

was identifying Timothy Petty based on the threats, assaults, unlawful

confinement, and unlawful arrest by the Defendants and other members of

the Chicago Police Department.

212.   That on March 24, 2004, Defendant, Chicago Police Officer William

Davis knew or should have known that Frederick Tarver and other named

Plaintiffs filed a complaint against The City of Chicago, Phil Cline, Terry

G. Hillard, and Chicago Police Officers Scott, Blackledge, Gray,

Hightower, Mason, Milz, Easter, Frazier, Howard, **Michael Conway,**

**Mark Regal, Elizabeth Dawson, Gregory Danz, William Davis, Harry**

**Fenner, J. Weitzman, J. Kane, A. Lee, L. Thezan, J. Evans, Joseph**

**O'Carroll,** J. Lopez, Gary Bush, Charles Daley, W. Ruck, P. O'Donovan,

James Egan, Edward Carroll, John Haniacek, Kevin Bor and Chicago

Police Sergeants Walsh, Howard, and Holy, and John Does One through

Four.

213.   That the Defendant, Chicago Police Officer William Davis, and other

Chicago Police Officers, including, but not limited to, Michael Conway,

Gregory Danz, Mark Regal, Harry Fenner, Joseph O'Carroll, Allen Lee,

Jamie Kane, J. Weitzman, and Elizabeth Dawson, acting as employees of

the City of Chicago and on the City of Chicago's behalf, knew that

Frederick Tarver filed a lawsuit on March 24, 2004 against the City of

Chicago, Michael Conway, Mark Regal, Elizabeth Dawson, Gregory

Danz, William Davis, Harry Fenner, J. Weitzman, J. Kane, A. Lee, L.

Thezan, J. Evans, and Joseph O'Carroll, alleging that Frederick Tarver

was held against his will and coerced into identifying Timothy Petty as the

shooter and maliciously and with wanton disregard of the Plaintiff,

Timothy Petty's, rights, continued the prosecution against Timothy Petty

and took no action to terminate the criminal charges against Timothy
Petty.

214.    That the Defendant, Chicago Police Officer William Davis, and other
Chicago Police Officers, including, but not limited to, Michael Conway,
Gregory Danz, Mark Regal, Harry Fenner, Joseph O'Carroll, Allen Lee,
Jamie Kane, J. Weitzman, and Elizabeth Dawson,  acting as employees of
the City of Chicago and on the City of Chicago's behalf, knew that on
October 14, 2005, Frederick Tarver gave a deposition indicating that he
was held against his will and coerced into identifying Timothy Petty as the
shooter and maliciously and with wanton disregard of the Plaintiff,
Timothy Petty's, rights, continued the prosecution against Timothy Petty
and took no action to terminate the criminal charges against Timothy
Petty.

215.    That on April 14, 2006, Defendant, Chicago Police Officer William Davis
knew or should have known that Frederick Tarver settled his case
recovering damages against the Defendant, City of Chicago.

216.    That on October 18, 2003, Defendant, Chicago Police Officer William
Davis knew or should have known that shooting victim Sebastian Moore
was interviewed by Officer G. Kalfas, Star #19329 and Officer G.
Johnson, Star #19324 and stated that the shooters were two unknown
offenders, black in race, 16-18 years of age, and 5'0-5'5 ½ inches tall,
wearing all black, with skull caps and masks.

217.    That on October 18, 2003, Defendant, Chicago Police Officer William
        Davis knew or should have known that shooting victim Sebastian Moore
        stated to Defendant, Chicago Police Officer William Davis, Star #20166,
        and other Chicago Police Officers, including, but not limited to, Gregory
        Danz, Star #20111 that he had no idea who the offenders (shooters) were
        or why he got shot.

218.    That on December 1, 2003, Defendant, Chicago Police Officer William
        Davis knew or should have known that Chicago Police Officers, including,
        but not limited to, Defendants, Chicago Police Officers Mark Regal and
        Michael Conway, maliciously broke down the door of the home of
        Frederick Tarver, where Sebastian Moore was also located.

219.    That on December 1, 2003, Defendant, Chicago Police Officer William
        Davis knew or should have known that Chicago Police Officers, including,
        but not limited to, Defendants, Chicago Police Officers Mark Regal and
        Michael Conway, maliciously broke down and entered into the home of
        Frederick Tarver, where Sebastian Moore was also located, with guns
        drawn knowing such actions would cause Sebastian Moore to fear for his
        life and freedom.

220.    That the Defendant, Chicago Police Officer William Davis, and other
        Chicago Police Officers, including, but not limited to, Michael Conway,
        Gregory Danz, Mark Regal, Harry Fenner, Joseph O'Carroll, Allen Lee,
        Jamie Kane, J. Weitzman, and Elizabeth Dawson, by their actions and in
        concert with each other acted maliciously, willful, and wanton and in total

disregard to Plaintiff's rights knowing or should have knowing that

Sebastian Moore was identifying Timothy Petty based on the threats,

assaults, unlawful confinement, and unlawful arrest, by the Defendants

and other members of the Chicago Police Department.

221.    That on November 29, 2003, the Plaintiff, Timothy Petty, identified as

Spank, was taken into custody and subsequently charged with 3 counts of

First Degree Murder, 5 counts of Attempted First Degree Murder, 2 counts

of Aggravated Battery with a Firearm, 5 counts of Aggravated Discharge

of a Firearm, 6 counts of Aggravated Battery, 2 counts of Unlawful Use of

Weapon by a Felon, and 4 counts of Aggravated Unlawful Use of a

Weapon.

222.    That on November 29, 2003, Defendant, Chicago Police Officer William

Davis knew or should have known that Plaintiff, Timothy Petty, informed

Chicago Police Officers, including, but not limited to, Defendants,

Chicago Police Officers Mark Regal and Michael Conway, that he was in

a different location at a public establishment at the time of the shooting

and the Defendants maliciously, and with willful and wanton disregard,

did not adequately investigate the Plaintiff, Timothy Petty's, alibi.

223.    That on November 29, 2003, Timothy Petty was held in continuous

custody in the Chicago Police Station and Cook County Jail until August

23, 2006.

224. That on August 23, 2006, Timothy Petty was found not guilty of all counts after a bench trial in front of the Honorable Clayton Crane at 2650 South California Avenue, Chicago, Illinois.

225. That the Defendant, Chicago Police Officer William Davis, and other Chicago Police Officers, including, but not limited to, Michael Conway, Gregory Danz, Mark Regal, Harry Fenner, Joseph O'Carroll, Allen Lee, Jamie Kane, J. Weitzman, and Elizabeth Dawson, acting for themselves, and/or in concert with each other, in official capacity and as authorized agents and servants of the Defendant, City of Chicago, arrested and/or caused the arrest of Plaintiff, Timothy Petty, for first degree murder, attempted first degree murder, aggravated battery with a firearm, aggravated discharge of a firearm, aggravated battery, unlawful use of a weapon by a felon, and aggravated unlawful use of a weapon without reasonable grounds to arrest and without legal cause by restraining him, handcuffing him, and imprisoning him for more than 2 ½ years (997 days).

226. As a direct and proximate result of the aforesaid wrongful conduct by Defendants, the Plaintiff, Timothy Petty, suffered damages.

227. That the Defendant, Chicago Police Officer William Davis, and other Chicago Police Officers, including, but not limited to, Michael Conway, Gregory Danz, Mark Regal, Harry Fenner, Joseph O'Carroll, Allen Lee, Jamie Kane, J. Weitzman, and Elizabeth Dawson, acting for themselves, and/or in concert with each other, in official capacity and as authorized

agents and servants of the Defendant, City of Chicago, arrested Plaintiff,

Timothy Petty, for First Degree Murder, Attempted First Degree Murder,

Aggravated Battery with a Firearm, Aggravated Discharge of a Firearm,

Aggravated Battery, Unlawful Use of a Weapon by a Felon, and

Aggravated Unlawful Use of a Weapon without reasonable grounds to

arrest and without legal cause by restraining him, handcuffing him, and

imprisoning him against his will.

WHEREFORE, Plaintiff, TIMOTHY PETTY, demands judgment against the

Defendant, WILLIAM DAVIS, a Chicago Police Officer employed by Defendant CITY

OF CHICAGO in an amount in excess of THIRTY MILLION, NINE HUNDRED

EIGHTY SEVEN DOLLARS AND NO CENTS ($30,000,987.00), plus costs of suit, and

any other relief the Court deems equitable.


## COUNT X

### (Malicious Prosecution-William Davis)

228.   The Plaintiff re-alleges and re-incorporates by reference paragraphs 191

      thru 227 of Count IX.

229.   On November 29, 2003, the Defendant, Chicago Police Officer William

      Davis, and other Chicago Police Officers, including, but not limited to,

      Michael Conway, Gregory Danz, Mark Regal, Harry Fenner, Joseph

      O'Carroll, Allen Lee, Jamie Kane, J. Weitzman, and Elizabeth Dawson ,

      by initiating the criminal complaint, commenced and continued a criminal

case against Plaintiff, specifically, the case of People v. Timothy Petty, Case Number 03CR28185, in the Circuit Court of Cook County.

230.    In a bench trial for First Degree Murder, Attempted First Degree Murder, Aggravated Battery with a Firearm, Aggravated Discharge of a Firearm, Aggravated Battery, Unlawful Use of a Weapon by a Felon, and Aggravated Unlawful Use of a Weapon, Plaintiff, Timothy Petty was found Not Guilty.

231.    The aforesaid criminal charges against Timothy Petty were terminated in his favor when he was found Not Guilty.

232.    There was no probable cause for the criminal case against Timothy Petty.

233.    The defendants acted with malice and/or with willful and wanton disregard of Plaintiff, Timothy Petty's, rights.

234.    As a direct and proximate result of aforesaid wrongful conduct by defendants, Timothy Petty, suffered damages.

WHEREFORE, Plaintiff, TIMOTHY PETTY, demands judgment against the Defendant, WILLIAM DAVIS, a Chicago Police Officer employed by Defendant CITY OF CHICAGO in an amount in excess of THIRTY MILLION, NINE HUNDRED EIGHTY SEVEN DOLLARS AND NO CENTS ($30,000,987.00), plus costs of suit, and any other relief the Court deems equitable.

### COUNT XI

### (False Imprisonment-Harry Fenner)

235.    The Plaintiff re-alleges and re-incorporates by reference paragraphs 1 thru 15 of Count I.

236.   That on October 18, 2003, Defendant, Chicago Police Officer Harry
Fenner, and other Chicago Police Officers, including, but not limited to,
Michael Conway, Gregory Danz, William Davis, Mark Regal, Joseph
O'Carroll, Allen Lee, Jamie Kane, J. Weitzman, and Elizabeth Dawson,
acting as employees of the City of Chicago and on the City of Chicago's
behalf, knew and should have known that Frederick Tarver, Lowell
Hubbard, Sebastian Moore, Mario Parker, and Sergio Miller a/k/a Srdjen
Kostic, could not identify the unknown shooters.

237.   That on October 18, 2003, Defendant, Chicago Police Officer Harry
Fenner, and other Chicago Police Officers, including, but not limited to,
Michael Conway, Gregory Danz, William Davis, Mark Regal, Joseph
O'Carroll, Allen Lee, Jamie Kane, J. Weitzman, and Elizabeth Dawson,
acting as employees of the City of Chicago and on the City of Chicago's
behalf, had information that Frederick Tarver was a known gang member
and convicted felon.

238.   That on October 18, 2003, Defendant, Chicago Police Officer Harry
Fenner, and other Chicago Police Officers, including, but not limited to,
Michael Conway, Gregory Danz, William Davis, Mark Regal, Joseph
O'Carroll, Allen Lee, Jamie Kane, and J. Weitzman, acting as employees
of the City of Chicago and on the City of Chicago's behalf, had
information that Fredcrick Tarver was present at the scene of the shooting
and previously told Chicago Police Officers that he could not identify the

shooters because the shooters were wearing all black, with skull caps and masks.

239. That on October 18, 2003, Defendant, Chicago Police Officer Harry Fenner knew or should have known that Frederick Tarver was taken into custody and held against his will by Officer Elizabeth Dawson, a Chicago Police Officer, and other unknown Chicago Police Officers.

240. That on October 18, 2003, Defendant, Chicago Police Officer Harry Fenner knew or should have known that Frederick Tarver was held in custody at Area 3 Violent Crimes for 19 hours against his will by Defendant, Chicago Police Officer Harry Fenner, Star #20625, and other Chicago Police Officers, including, but not limited to, William Davis, Star #20166, Detective Gregory Danz, Star #20111, and Detective J. Weitzman, Star #20307.

241. That on October 18, 2003, Defendant, Chicago Police Officer Harry Fenner, and other Chicago Police Officers, including, but not limited to, William Davis, Gregory Danz, and J. Weitzman, acting as employees of the City of Chicago and on the City of Chicago's behalf, knew and should have known that Frederick Tarver, a known gang member and convicted felon, was unable to identify the alleged unknown shooters.

242. That on October 18, 2003, and October 19, 2003, Defendant, Chicago Police Officer Harry Fenner knew or should have known that Frederick Tarver was held in a locked room which had no windows, cement or hard tile floor, a hard wooden bench, and blank walls.

243.    That on October 18, 2003 and October 19, 2003, Defendant, Chicago
Police Officer Harry Fenner knew or should have known that Frederick
Tarver was locked in the previously described room with no access to food
or water, and no access to the washroom without request.

244.    That on October 18, 2003 and October 19, 2003, Defendant, Chicago
Police Officer Harry Fenner knew or should have known that Frederick
Tarver was not given free access to leave, change clothes, and/or sleep
except on a hard wooden bench even though he repeatedly requested to go
home.

245.    That on October 18, 2003 through October 19, 2003, the Defendant,
Chicago Police Officer Harry Fenner, and other Chicago Police Officers,
including, but not limited to, William Davis, Gregory Danz, and J.
Weitzman, acting as employees of the City of Chicago and on the City of
Chicago's behalf, told Frederick Tarver that he would be unable to leave
the police station until he identified a person he knew as "Spank" in a
photo array as one of the shooters.

246.    That on October 19, 2003, after thirteen hours in custody, Frederick
Tarver identified in a photo array a person he knew as "Spank" as a result
of threats by Defendant, Chicago Police Officer Harry Fenner, and other
Chicago Police Officers, including, but not limited to, William Davis,
Gregory Danz, and J. Weitzman, and other unknown Chicago Police
Officers acting as employees of the City of Chicago and on the City of
Chicago's behalf.

247.   That on October 19, 2003, after thirteen hours in custody, Frederick

Tarver identified in a photo array a person he knew as "Spank" as a result

of threats by Defendant, Chicago Police Officer Harry Fenner, and other

Chicago Police Officers, including, but not limited to, William Davis,

Gregory Danz, and J. Weitzman, and other unknown Chicago Police

Officers, acting as employees of the City of Chicago and on the City of

Chicago's behalf, breaking Frederick Tarver's will, including, but not

limited to, fear of being wrongfully charged in the shooting incident,

unlawful incarceration, and Frederick Tarver's desire to leave his current

unlawful restraint.

248.   That on October 18, 2003, the Defendant, Chicago Police Officer Harry

Fenner, and other Chicago Police Officers, including, but not limited to,

Michael Conway, Elizabeth Dawson, Gregory Danz, William Davis, Mark

Regal, J. Weitzman, J. Kane, A. Lee, L. Thezan, J. Evans, and Joseph

O'Carroll, acting as employees of the City of Chicago and on the City of

Chicago's behalf, knew that the Plaintiff, Timothy Petty, had a nickname

of "Spank", but also knew that he did not match the description given of

the shooters since the Plaintiff was 5'11 and 22 years of age at the time of

the incident.

249.   That on November 29, 2003, Defendant, Chicago Police Officer Harry

Fenner knew or should have known that the Plaintiff, Timothy Petty, was

taken into custody without probable cause and unlawfully arrested by the

Defendants, in concert with each other and by their actions, knowing that

Frederick Tarver could not identify Timothy Petty as being present and/or involved with the shooting.

250. That on December 1, 2003, Defendant, Chicago Police Officer Harry Fenner knew or should have known that Chicago Police Officers, including, but not limited to, Defendants, Chicago Police Officers Mark Regal and Michael Conway, acting as employees of the City of Chicago and on the City of Chicago's behalf, maliciously broke down the door of the home of Frederick Tarver.

251. That on December 1, 2003, Defendant, Chicago Police Officer Harry Fenner knew or should have known that Chicago Police Officers, including, but not limited to, Defendants, Chicago Police Officers Mark Regal and Michael Conway, acting as employees of the City of Chicago and on the City of Chicago's behalf, maliciously broke into the home of Frederick Tarver with guns drawn knowing such actions would cause Frederick Tarver to fear for his life and freedom.

252. That on December 1, 2003, Defendant, Chicago Police Officer Harry Fenner knew or should have known that Frederick Tarver was locked in an interrogation room against his will for approximately ten hours.

253. That on December 1, 2003, Defendant, Chicago Police Officer Harry Fenner, and other Chicago Police Officers, including, but not limited to, Jamie Kane, and Allen Lee, by their actions and in concert with each other and other unknown officers, acted maliciously, willful, wanton, and in total disregard of the Plaintiff, Timothy Petty's, rights, by threatening

Frederick Tarver with Violation of Probation if he did not identify

Timothy Petty in a line-up as one of the shooters.

254. That on December 1, 2003, Defendant, Chicago Police Officer Harry

Fenner, and other Chicago Police Officers, including, but not limited to,

Michael Conway, Gregory Danz, William Davis, Mark Regal, and Joseph

O'Carroll, acting as employees of the City of Chicago and on the City of

Chicago's behalf, knew that Frederick Tarver, a convicted felon and gang

member, was unable to identify either of the shooters, was fearful of

incarceration, was fearful of Violation of Probation, and was fearful of

threats by Police Officers.

255. That the Defendant, Chicago Police Officer Harry Fenner, and other

Chicago Police Officers, including, but not limited to, Michael Conway,

Gregory Danz, William Davis, Mark Regal, Joseph O'Carroll, Allen Lee,

Jamie Kane, and J. Weitzman, by their actions and in concert with each

other, acted maliciously, willful, wanton, and in total disregard to

Plaintiff's rights, knowing or should have knowing that Frederick Tarver

was identifying Timothy Petty based on the threats, assaults, unlawful

confinement, and unlawful arrest by the Defendants and other members of

the Chicago Police Department.

256. That on March 24, 2004, Defendant, Chicago Police Officer Harry Fenner

knew or should have known that Frederick Tarver and other named

Plaintiffs filed a complaint against The City of Chicago, Phil Cline, Terry

G. Hillard, and Chicago Police Officers Scott, Blackledge, Gray,

Hightower, Mason, Milz, Easter, Frazier, Howard, **Michael Conway,**
**Mark Regal, Elizabeth Dawson, Gregory Danz, William Davis, Harry**
**Fenner, J. Weitzman, J. Kane, A. Lee, L. Thezan, J. Evans, Joseph**
**O'Carroll,** J. Lopez, Gary Bush, Charles Daley, W. Ruck, P. O'Donovan,
James Egan, Edward Carroll, John Haniacek, Kevin Bor and Chicago
Police Sergeants Walsh, Howard, and Holy, and John Does One through
Four.

257.    That the Defendant, Chicago Police Officer Harry Fenner, and other
Chicago Police Officers, including, but not limited to, Michael Conway,
Gregory Danz, William Davis, Mark Regal, Joseph O'Carroll, Allen Lee,
Jamie Kane, J. Weitzman, and Elizabeth Dawson, acting as employees of
the City of Chicago and on the City of Chicago's behalf, knew that
Frederick Tarver filed a lawsuit on March 24, 2004 against the City of
Chicago, Michael Conway, Mark Regal, Elizabeth Dawson, Gregory
Danz, William Davis, Harry Fenner, J. Weitzman, J. Kane, A. Lee, L.
Thezan, J. Evans, and Joseph O'Carroll, alleging that Frederick Tarver
was held against his will and coerced into identifying Timothy Petty as the
shooter and maliciously and with wanton disregard of the Plaintiff,
Timothy Petty's, rights, continued the prosecution against Timothy Petty
and took no action to terminate the criminal charges against Timothy
Petty.

258.    That the Defendant, Chicago Police Officer Harry Fenner, and other
Chicago Police Officers, including, but not limited to, Michael Conway,

Gregory Danz, William Davis, Mark Regal, Joseph O'Carroll, Allen Lee, Jamie Kane, J. Weitzman, and Elizabeth Dawson, acting as employees of the City of Chicago and on the City of Chicago's behalf, knew that on October 14, 2005, Frederick Tarver gave a deposition indicating that he was held against his will and coerced into identifying Timothy Petty as the shooter and maliciously and with wanton disregard of the Plaintiff, Timothy Petty's, rights, continued the prosecution against Timothy Petty and took no action to terminate the criminal charges against Timothy Petty.

259.    That on April 14, 2006, Defendant, Chicago Police Officer Harry Fenner knew or should have known that Frederick Tarver settled his case recovering damages against the Defendant, City of Chicago.

260.    That on October 18, 2003, Defendant, Chicago Police Officer Harry Fenner knew or should have known that shooting victim Sebastian Moore was interviewed by Officer G. Kalfas, Star #19329 and Officer G. Johnson, Star #19324 and stated that the shooters were two unknown offenders, black in race, 16-18 years of age, and 5'0-5'5 ½ inches tall, wearing all black, with skull caps and masks.

261.    That on October 18, 2003, Defendant, Chicago Police Officer Harry Fenner knew or should have known that shooting victim Sebastian Moore stated to Chicago Police Officers William Davis, Star #20166 and Gregory Danz, Star #20111 that he had no idea who the offenders (shooters) were or why he got shot.

262.   That on December 1, 2003, Defendant, Chicago Police Officer Harry
Fenner knew or should have known that Chicago Police Officers,
including, but not limited to, Defendants, Chicago Police Officers Mark
Regal and Michael Conway, maliciously broke down the door of the home
of Frederick Tarver, where Sebastian Moore was also located.

263.   That on December 1, 2003, Defendant, Chicago Police Officer Harry
Fenner knew or should have known that Chicago Police Officers,
including, but not limited to, Defendants, Chicago Police Officers Mark
Regal and Michael Conway, maliciously broke down and entered into the
home of Frederick Tarver, where Sebastian Moore was also located, with
guns drawn knowing such actions would cause Sebastian Moore to fear
for his life and freedom.

264.   That the Defendant, Chicago Police Officer Harry Fenner, and other
Chicago Police Officers, including, but not limited to, Michael Conway,
Gregory Danz, William Davis, Mark Regal, Joseph O'Carroll, Allen Lee,
Jamie Kane, J. Weitzman, and Elizabeth Dawson, by their actions and in
concert with each other acted maliciously, willful, and wanton and in total
disregard to Plaintiff's rights knowing or should have knowing that
Sebastian Moore was identifying Timothy Petty based on the threats,
assaults, unlawful confinement, and unlawful arrest, by the Defendants
and other members of the Chicago Police Department.

265.   That on November 29, 2003, Defendant, Chicago Police Officer Harry
Fenner knew or should have known the Plaintiff, Timothy Petty, identified

as Spank, was taken into custody and subsequently charged with 3 counts

of First Degree Murder, 5 counts of Attempted First Degree Murder, 2

counts of Aggravated Battery with a Firearm, 5 counts of Aggravated

Discharge of a Firearm, 6 counts of Aggravated Battery, 2 counts of

Unlawful Use of Weapon by a Felon, and 4 counts of Aggravated

Unlawful Use of a Weapon.

266.    That on November 29, 2003, Defendant, Chicago Police Officer Harry

Fenner knew or should have known that Plaintiff, Timothy Petty, informed

Chicago Police Officers, including, but not limited to, Defendants,

Chicago Police Officers Mark Regal and Michael Conway, that he was in

a different location at a public establishment at the time of the shooting

and the Defendants maliciously, and with willful and wanton disregard,

did not adequately investigate the Plaintiff, Timothy Petty's, alibi.

267.    That on November 29, 2003, Timothy Petty was held in continuous

custody in the Chicago Police Station and Cook County Jail until August

23, 2006.

268.    That on August 23, 2006, Timothy Petty was found not guilty of all counts

after a bench trial in front of the Honorable Clayton Crane at 2650 South

California Avenue, Chicago, Illinois.

269.    That the Defendant, Chicago Police Officer Harry Fenner, and other

Chicago Police Officers, including, but not limited to, Michael Conway,

Gregory Danz, William Davis, Mark Regal, Joseph O'Carroll, Allen Lee,

Jamie Kane, J. Weitzman, and Elizabeth Dawson, acting for themselves,

and/or in concert with each other, in official capacity and as authorized agents and servants of the Defendant, City of Chicago, arrested and/or caused the arrest of Plaintiff, Timothy Petty, for first degree murder, attempted first degree murder, aggravated battery with a firearm, aggravated discharge of a firearm, aggravated battery, unlawful use of a weapon by a felon, and aggravated unlawful use of a weapon without reasonable grounds to arrest and without legal cause by restraining him, handcuffing him, and imprisoning him for more than 2 ½ years (997 days).

270.  As a direct and proximate result of the aforesaid wrongful conduct by Defendants, the Plaintiff, Timothy Petty, suffered damages.

271.  That the Defendant, Chicago Police Officer Harry Fenner, and other Chicago Police Officers, including, but not limited to, Michael Conway, Gregory Danz, William Davis, Mark Regal, Joseph O'Carroll, Allen Lee, Jamie Kane, J. Weitzman, and Elizabeth Dawson, acting for themselves, and/or in concert with each other, in official capacity and as authorized agents and servants of the Defendant, City of Chicago, arrested Plaintiff, Timothy Petty, for First Degree Murder, Attempted First Degree Murder, Aggravated Battery with a Firearm, Aggravated Discharge of a Firearm, Aggravated Battery, Unlawful Use of a Weapon by a Felon, and Aggravated Unlawful Use of a Weapon without reasonable grounds to arrest and without legal cause by restraining him, handcuffing him, and imprisoning him against his will.

WHEREFORE, Plaintiff, TIMOTHY PETTY, demands judgment against the Defendant, HARRY FENNER, a Chicago Police Officer employed by Defendant CITY OF CHICAGO in an amount in excess of THIRTY MILLION, NINE HUNDRED EIGHTY SEVEN DOLLARS AND NO CENTS ($30,000,987.00), plus costs of suit, and any other relief the Court deems equitable.

## COUNT XII

### (Malicious Prosecution-Harry Fenner)

272.   The Plaintiff re-alleges and re-incorporates by reference paragraphs 235 thru 271 of Count XI.

273.   On November 29, 2003, the Defendant, Chicago Police Officer Harry Fenner, and other Chicago Police Officers, including, but not limited to, Michael Conway, Gregory Danz, William Davis, Mark Regal, Joseph O'Carroll, Allen Lee, Jamie Kane, J. Weitzman, and Elizabeth Dawson , by initiating the criminal complaint, commenced and continued a criminal case against Plaintiff, specifically, the case of People v. Timothy Petty, Case Number 03CR28185 in the Circuit Court of Cook County.

274.   In a bench trial for First Degree Murder, Attempted First Degree Murder, Aggravated Battery with a Firearm, Aggravated Discharge of a Firearm, Aggravated Battery, Unlawful Use of a Weapon by a Felon, and Aggravated Unlawful Use of a Weapon, Plaintiff, Timothy Petty was found Not Guilty.

275.   The aforesaid criminal charges against Timothy Petty were terminated in his favor when he was found Not Guilty.

276. There was no probable cause for the criminal case against Timothy Petty.

277. The defendants acted with malice and/or with willful and wanton disregard of Plaintiff, Timothy Petty's, rights.

278. As a direct and proximate result of aforesaid wrongful conduct by defendants, Timothy Petty, suffered damages.

WHEREFORE, Plaintiff, TIMOTHY PETTY, demands judgment against the Defendant, HARRY FENNER, a Chicago Police Officer employed by Defendant CITY OF CHICAGO in an amount in excess of THIRTY MILLION, NINE HUNDRED EIGHTY SEVEN DOLLARS AND NO CENTS ($30,000,987.00), plus costs of suit, and any other relief the Court deems equitable.

## COUNT XIII

### (False Imprisonment-Joseph O'Carroll)

279. The Plaintiff re-alleges and re-incorporates by reference paragraphs 1 thru 15 of Count I.

280. That on October 18, 2003, Defendant, Chicago Police Officer Joseph O'Carroll, and other Chicago Police Officers, including, but not limited to, Michael Conway, Gregory Danz, William Davis, Harry Fenner, Mark Regal, Allen Lee, Jamie Kane, J. Weitzman, and Elizabeth Dawson, acting as employees of the City of Chicago and on the City of Chicago's behalf, knew and should have known that Frederick Tarver, Lowell Hubbard, Sebastian Moore, Mario Parker, and Sergio Miller a/k/a Srdjen Kostic, could not identify the unknown shooters.

281.    That on October 18, 2003, Defendant, Chicago Police Officer Joseph

O'Carroll, and other Chicago Police Officers, including, but not limited to,

Michael Conway, Gregory Danz, William Davis, Harry Fenner, Mark

Regal, Allen Lee, Jamie Kane, J. Weitzman, and Elizabeth Dawson, acting

as employees of the City of Chicago and on the City of Chicago's behalf,

had information that Frederick Tarver was a known gang member and

convicted felon.

282.    That on October 18, 2003, Defendant, Chicago Police Officer Joseph

O'Carroll, and other Chicago Police Officers, including, but not limited to,

Michael Conway, Gregory Danz, William Davis, Harry Fenner, Mark

Regal, Allen Lee, Jamie Kane, and J. Weitzman, acting as employees of

the City of Chicago and on the City of Chicago's behalf, had information

that Frederick Tarver was present at the scene of the shooting and

previously told Chicago Police Officers that he could not identify the

shooters because the shooters were wearing all black, with skull caps and

masks.

283.    That on October 18, 2003, Defendant, Joseph O'Carroll, knew or should

have known that Frederick Tarver was taken into custody and held against

his will by Officer Elizabeth Dawson, a Chicago Police Officer, and other

unknown Chicago Police Officers.

284.    That on October 18, 2003, Defendant, Joseph O'Carroll, knew or should

have known that Frederick Tarver was held in custody at Area 3 Violent

Crimes for 19 hours against his will by Defendants, Chicago Police

Officers William Davis, Star #20166, Detective Gregory Danz, Star #20111, Detective Harry Fenner, Star #20625, and Detective J. Weitzman, Star #20307.

285.    That on October 18, 2003, Defendant, Joseph O'Carroll, knew or should have known that Defendants, Chicago Police Officers William Davis, Gregory Danz, Harry Fenner, and J. Weitzman, acting as employees of the City of Chicago and on the City of Chicago's behalf, knew and should have known that Frederick Tarver, a known gang member and convicted felon, was unable to identify the alleged unknown shooters.

286.    That on October 18, 2003, and October 19, 2003, Defendant, Joseph O'Carroll, knew or should have known that Frederick Tarver was held in a locked room which had no windows, cement or hard tile floor, a hard wooden bench, and blank walls.

287.    That on October 18, 2003 and October 19, 2003, Defendant, Joseph O'Carroll, knew or should have known that Frederick Tarver was locked in the previously described room with no access to food or water, and no access to the washroom without request.

288.    That on October 18, 2003 and October 19, 2003, Defendant, Joseph O'Carroll, knew or should have known that Frederick Tarver was not given free access to leave, change clothes, and/or sleep except on a hard wooden bench even though he repeatedly requested to go home.

289.    That on October 18, 2003 through October 19, 2003, Defendant, Joseph O'Carroll, knew or should have known that the Defendants, Chicago

Police Officers William Davis, Gregory Danz, Harry Fenner, and J. Weitzman, acting as employees of the City of Chicago and on the City of Chicago's behalf, told Frederick Tarver that he would be unable to leave the police station until he identified a person he knew as "Spank" in a photo array as one of the shooters.

290. That on October 19, 2003, Defendant, Joseph O'Carroll, knew or should have known that after thirteen hours in custody, Frederick Tarver identified in a photo array a person he knew as "Spank" as a result of threats by Defendants, Chicago Police Officers William Davis, Gregory Danz, Harry Fenner, and J. Weitzman, and other unknown Chicago Police Officers acting as employees of the City of Chicago and on the City of Chicago's behalf.

291. That on October 19, 2003, Defendant, Joseph O'Carroll, knew or should have known that after thirteen hours in custody, Frederick Tarver identified in a photo array a person he knew as "Spank" as a result of threats by Defendants, Chicago Police Officers William Davis, Gregory Danz, Harry Fenner, and J. Weitzman, and other unknown Chicago Police Officers, acting as employees of the City of Chicago and on the City of Chicago's behalf,  breaking Frederick Tarver's will, including, but not limited to, fear of being wrongfully charged in the shooting incident, unlawful incarceration, and Frederick Tarver's desire to leave his current unlawful restraint.

292.    That on October 18, 2003, the Defendant, Chicago Police Officer Joseph
        O'Carroll, and other Chicago Police Officers, including, but not limited to,
        Michael Conway, Elizabeth Dawson, Gregory Danz, William Davis,
        Harry Fenner, J. Weitzman, J. Kane, A. Lee, L. Thezan, J. Evans, and
        Mark Regal, acting as employees of the City of Chicago and on the City of
        Chicago's behalf, knew that the Plaintiff, Timothy Petty, had a nickname
        of "Spank", but also knew that he did not match the description given of
        the shooters since the Plaintiff was 5'11 and 22 years of age at the time of
        the incident.

293.    That on November 29, 2003, Defendant, Joseph O'Carroll, knew or should
        have known that the Plaintiff, Timothy Petty, was taken into custody
        without probable cause and unlawfully arrested by the Defendants, in
        concert with each other and by their actions, knowing that Frederick
        Tarver could not identify Timothy Petty as being present and/or involved
        with the shooting.

294.    That on December 1, 2003, Defendant, Joseph O'Carroll, knew or should
        have known that Defendants, Chicago Police Officers, including, but not
        limited to, Defendants, Mark Regal and Michael Conway, acting as
        employees of the City of Chicago and on the City of Chicago's behalf,
        maliciously broke down the door of the home of Frederick Tarver.

295.    That on December 1, 2003, Defendant, Joseph O'Carroll, knew or should
        have known that Defendants, Chicago Police Officers, including, but not
        limited to, Defendants, Mark Regal and Michael Conway, acting as

employees of the City of Chicago and on the City of Chicago's behalf,
maliciously broke into the home of Frederick Tarver with guns drawn
knowing such actions would cause Frederick Tarver to fear for his life and
freedom.

296. That on December 1, 2003, Defendant, Joseph O'Carroll, knew or should
have known that Frederick Tarver was locked in an interrogation room
against his will for approximately ten hours.

297. That on December 1, 2003, Defendant, Joseph O'Carroll, knew or should
have known that Chicago Police Officers, including, but not limited to,
Chicago Police Officers Jamie Kane, Harry Fenner, and Allen Lee, by
their actions and in concert with each other and other unknown officers,
acted maliciously, willful, wanton, and in total disregard of the Plaintiff,
Timothy Petty's, rights, by threatening Frederick Tarver with Violation of
Probation if he did not identify Timothy Petty in a line-up as one of the
shooters.

298. That on December 1, 2003, Defendant, Chicago Police Officer Joseph
O'Carroll, and other Chicago Police Officers, including, but not limited to,
Michael Conway, Gregory Danz, William Davis, Harry Fenner, and Mark
Regal, acting as employees of the City of Chicago and on the City of
Chicago's behalf, knew that Frederick Tarver, a convicted felon and gang
member, was unable to identify either of the shooters, was fearful of
incarceration, was fearful of Violation of Probation, and was fearful of
threats by Police Officers.

299.   That the Defendant, Chicago Police Officer Joseph O'Carroll, and other
       Chicago Police Officers, including, but not limited to, Michael Conway,
       Gregory Danz, William Davis, Harry Fenner, Mark Regal, Allen Lee,
       Jamie Kane, and J. Weitzman, by their actions and in concert with each
       other, acted maliciously, willful, wanton, and in total disregard to
       Plaintiff's rights, knowing or should have knowing that Frederick Tarver
       was identifying Timothy Petty based on the threats, assaults, unlawful
       confinement, and unlawful arrest by the Defendants and other members of
       the Chicago Police Department.

300.   That on March 24, 2004, Defendant, Joseph O'Carroll, knew or should
       have known that Frederick Tarver and other named Plaintiffs filed a
       complaint against The City of Chicago, Phil Cline, Terry G. Hillard, and
       Chicago Police Officers Scott, Blackledge, Gray, Hightower, Mason,
       Milz, Easter, Frazier, Howard, **Michael Conway, Mark Regal, Elizabeth
       Dawson, Gregory Danz, William Davis, Harry Fenner, J. Weitzman,
       J. Kane, A. Lee, L. Thezan, J. Evans, Joseph O'Carroll,** J. Lopez, Gary
       Bush, Charles Daley, W. Ruck, P. O'Donovan, James Egan, Edward
       Carroll, John Haniacek, Kevin Bor and Chicago Police Sergeants Walsh,
       Howard, and Holy, and John Does One through Four.

301.   That the Defendant, Chicago Police Officer Joseph O'Carroll, and other
       Chicago Police Officers, including, but not limited to, Michael Conway,
       Gregory Danz, William Davis, Harry Fenner, Mark Regal, Allen Lee,
       Jamie Kane, J. Weitzman, and Elizabeth Dawson, acting as employees of

the City of Chicago and on the City of Chicago's behalf, knew that

Frederick Tarver filed a lawsuit on March 24, 2004 against the City of

Chicago, Michael Conway, Mark Regal, Elizabeth Dawson, Gregory

Danz, William Davis, Harry Fenner, J. Weitzman, J. Kane, A. Lee, L.

Thezan, J. Evans, and Joseph O'Carroll, alleging that Frederick Tarver

was held against his will and coerced into identifying Timothy Petty as the

shooter and maliciously and with wanton disregard of the Plaintiff,

Timothy Petty's, rights, continued the prosecution against Timothy Petty

and took no action to terminate the criminal charges against Timothy

Petty.

302.    That the Defendant, Chicago Police Officer Joseph O'Carroll, and other

Chicago Police Officers, including, but not limited to, Michael Conway,

Gregory Danz, William Davis, Harry Fenner, Mark Regal, Allen Lee,

Jamie Kane, J. Weitzman, and Elizabeth Dawson,  acting as employees of

the City of Chicago and on the City of Chicago's behalf, knew that on

October 14, 2005, Frederick Tarver gave a deposition indicating that he

was held against his will and coerced into identifying Timothy Petty as the

shooter and maliciously and with wanton disregard of the Plaintiff,

Timothy Petty's, rights, continued the prosecution against Timothy Petty

and took no action to terminate the criminal charges against Timothy

Petty.

303.   That on April 14, 2006, Defendant, Joseph O'Carroll, knew or should
       have known that Frederick Tarver settled his case recovering damages
       against the Defendant, City of Chicago.

304.   That on October 18, 2003, Defendant, Joseph O'Carroll, knew or should
       have known that shooting victim Sebastian Moore was interviewed by
       Officer G. Kalfas, Star #19329 and Officer G. Johnson, Star #19324 and
       stated that the shooters were two unknown offenders, black in race, 16-18
       years of age, and 5'0-5'5 ½ inches tall, wearing all black, with skull caps
       and masks.

305.   That on October 18, 2003, Defendant, Joseph O'Carroll, knew or should
       have known that shooting victim Sebastian Moore stated to Chicago
       Police Officers William Davis, Star #20166 and Gregory Danz, Star
       #20111 that he had no idea who the offenders (shooters) were or why he
       got shot.

306.   That on December 1, 2003, Defendant, Joseph O'Carroll, knew or should
       have known that Defendants, Chicago Police Officers, including, but not
       limited to, Defendants, Mark Regal and Michael Conway, maliciously
       broke down the door of the home of Frederick Tarver, where Sebastian
       Moore was also located.

307.   That on December 1, 2003, Defendant, Joseph O'Carroll, knew or should
       have known that Defendants, Chicago Police Officers, including, but not
       limited to, Defendants, Mark Regal and Michael Conway, maliciously
       broke down and entered into the home of Frederick Tarver, where

Sebastian Moore was also located, with guns drawn knowing such actions would cause Sebastian Moore to fear for his life and freedom.

308.    That the Defendant, Chicago Police Officer Joseph O'Carroll, and other Chicago Police Officers, including, but not limited to, Michael Conway, Gregory Danz, William Davis, Harry Fenner, Mark Regal, Allen Lee, Jamie Kane, J. Weitzman, and Elizabeth Dawson, by their actions and in concert with each other acted maliciously, willful, and wanton and in total disregard to Plaintiff's rights knowing or should have knowing that Sebastian Moore was identifying Timothy Petty based on the threats, assaults, unlawful confinement, and unlawful arrest, by the Defendants and other members of the Chicago Police Department.

309.    That on November 29, 2003, Defendant, Joseph O'Carroll, knew or should have known that the Plaintiff, Timothy Petty, identified as Spank, was taken into custody and subsequently charged with 3 counts of First Degree Murder, 5 counts of Attempted First Degree Murder, 2 counts of Aggravated Battery with a Firearm, 5 counts of Aggravated Discharge of a Firearm, 6 counts of Aggravated Battery, 2 counts of Unlawful Use of Weapon by a Felon, and 4 counts of Aggravated Unlawful Use of a Weapon.

310.    That on November 29, 2003, Defendant, Joseph O'Carroll, knew or should have known that Plaintiff, Timothy Petty, informed Chicago Police Officers, including, but not limited to, Defendants, Mark Regal and Michael Conway, that he was in a different location at a public

establishment at the time of the shooting and the Defendants maliciously, and with willful and wanton disregard, did not adequately investigate the Plaintiff, Timothy Petty's, alibi.

311. That on November 29, 2003, Timothy Petty was held in continuous custody in the Chicago Police Station and Cook County Jail until August 23, 2006.

312. That on August 23, 2006, Timothy Petty was found not guilty of all counts after a bench trial in front of the Honorable Clayton Crane at 2650 South California Avenue, Chicago, Illinois.

313. That the Defendant, Chicago Police Officer Joseph O'Carroll, and other Chicago Police Officers, including, but not limited to, Michael Conway, Gregory Danz, William Davis, Harry Fenner, Mark Regal, Allen Lee, Jamie Kane, J. Weitzman, and Elizabeth Dawson, acting for themselves, and/or in concert with each other, in official capacity and as authorized agents and servants of the Defendant, City of Chicago, arrested and/or caused the arrest of Plaintiff, Timothy Petty, for first degree murder, attempted first degree murder, aggravated battery with a firearm, aggravated discharge of a firearm, aggravated battery, unlawful use of a weapon by a felon, and aggravated unlawful use of a weapon without reasonable grounds to arrest and without legal cause by restraining him, handcuffing him, and caused him to be in the Chicago Police Department and the Cook County Department of Corrections, imprisoning him for more than 2 ½ years (997 days).

314.    As a direct and proximate result of the aforesaid wrongful conduct by

Defendants, the Plaintiff, Timothy Petty, suffered damages.

315.    That the Defendant, Joseph O'Carroll, and other Chicago Police Officers,

including, but not limited to, Michael Conway, Gregory Danz, William

Davis, Harry Fenner, Mark Regal, Allen Lee, Jamie Kane, J. Weitzman,

and Elizabeth Dawson, acting for themselves, and/or in concert with each

other, in official capacity and as authorized agents and servants of the

Defendant, City of Chicago, arrested Plaintiff, Timothy Petty, for First

Degree Murder, Attempted First Degree Murder, Aggravated Battery with

a Firearm, Aggravated Discharge of a Firearm, Aggravated Battery,

Unlawful Use of a Weapon by a Felon, and Aggravated Unlawful Use of a

Weapon without reasonable grounds to arrest and without legal cause by

restraining him, handcuffing him, and imprisoning him against his will.

WHEREFORE, Plaintiff, TIMOTHY PETTY, demands judgment against the

Defendant, JOSEPH O'CARROLL, a Chicago Police Officer employed by Defendant

CITY OF CHICAGO in an amount in excess of THIRTY MILLION, NINE HUNDRED

EIGHTY SEVEN DOLLARS AND NO CENTS ($30,000,987.00), plus costs of suit, and

any other relief the Court deems equitable.


## COUNT XIV

### (Malicious Prosecution-Joseph O'Carroll)

316.    The Plaintiff re-alleges and re-incorporates by reference paragraphs 279

thru 315 of Count XIII.

317.    On November 29, 2003, the Defendant, Chicago Police Officer Joseph
        O'Carroll, and other Chicago Police Officers, including, but not limited to,
        Michael Conway, Gregory Danz, William Davis, Harry Fenner, Mark
        Regal, Allen Lee, Jamie Kane, J. Weitzman, and Elizabeth Dawson , by
        initiating the criminal complaint, commenced and continued a criminal
        case against Plaintiff, specifically, the case of <u>People v. Timothy Petty</u>
        ,Case Number 03CR28185 in the Circuit Court of Cook County.

318.    In a bench trial for First Degree Murder, Attempted First Degree Murder,
        Aggravated Battery with a Firearm, Aggravated Discharge of a Firearm,
        Aggravated Battery, Unlawful Use of a Weapon by a Felon, and
        Aggravated Unlawful Use of a Weapon, Plaintiff, Timothy Petty was
        found Not Guilty.

319.    The aforesaid criminal charges against Timothy Petty were terminated in
        his favor when he was found Not Guilty.

320.    There was no probable cause for the criminal case against Timothy Petty.

321.    The defendants acted with malice and/or with willful and wanton
        disregard of Plaintiff, Timothy Petty's, rights.

322.    As a direct and proximate result of aforesaid wrongful conduct by
        defendants, Timothy Petty, suffered damages.


WHEREFORE, Plaintiff, TIMOTHY PETTY, demands judgment against the

Defendant, JOSEPH O'CARROLL, a Chicago Police Officer employed by Defendant

CITY OF CHICAGO in an amount in excess of THIRTY MILLION, NINE HUNDRED

EIGHTY SEVEN DOLLARS AND NO CENTS ($30,000,987.00), plus costs of suit, and any other relief the Court deems equitable.

**COUNT XV**

**(False Imprisonment-Allen Lee)**

323.    The Plaintiff re-alleges and re-incorporates by reference paragraphs 1 thru 15 of Count I.

324.    That on October 18, 2003, Defendant, Chicago Police Officer Allen Lee, and other Chicago Police Officers, including, but not limited to, Michael Conway, Gregory Danz, William Davis, Harry Fenner, Joseph O'Carroll, Mark Regal, Jamie Kane, J. Weitzman, and Elizabeth Dawson, acting as employees of the City of Chicago and on the City of Chicago's behalf, knew and should have known that Frederick Tarver, Lowell Hubbard, Sebastian Moore, Mario Parker, and Sergio Miller a/k/a Srdjen Kostic, could not identify the unknown shooters.

325.    That on October 18, 2003, Defendant, Chicago Police Officer Allen Lee, and other Chicago Police Officers, including, but not limited to, Michael Conway, Gregory Danz, William Davis, Harry Fenner, Joseph O'Carroll, Mark Regal, Jamie Kane, J. Weitzman, and Elizabeth Dawson, acting as employees of the City of Chicago and on the City of Chicago's behalf, had information that Frederick Tarver was a known gang member and convicted felon.

326.    That on October 18, 2003, Defendant, Chicago Police Officer Allen Lee, and other Chicago Police Officers, including, but not limited to, Michael

Conway, Gregory Danz, William Davis, Harry Fenner, Joseph O'Carroll, Mark Regal, Jamie Kane, and J. Weitzman, acting as employees of the City of Chicago and on the City of Chicago's behalf, had information that Frederick Tarver was present at the scene of the shooting and previously told Chicago Police Officers that he could not identify the shooters because the shooters were wearing all black, with skull caps and masks.

327.   That on October 18, 2003, Defendant, Chicago Police Officer Allen Lee, knew or should have known that Frederick Tarver was taken into custody and held against his will by Officer Elizabeth Dawson, a Chicago Police Officer, and other unknown Chicago Police Officers.

328.   That on October 18, 2003, Defendant, Chicago Police Officer Allen Lee, knew or should have known that Frederick Tarver was held in custody at Area 3 Violent Crimes for 19 hours against his will by Defendants, Chicago Police Officers William Davis, Star #20166, Detective Gregory Danz, Star #20111, Detective Harry Fenner, Star #20625, and Detective J. Weitzman, Star #20307.

329.   That on October 18, 2003, Defendant, Chicago Police Officer Allen Lee, knew or should have known that Defendants, Chicago Police Officers William Davis, Gregory Danz, Harry Fenner, and J. Weitzman, acting as employees of the City of Chicago and on the City of Chicago's behalf, knew and should have known that Frederick Tarver, a known gang member and convicted felon, was unable to identify the alleged unknown shooters.

330.    That on October 18, 2003, and October 19, 2003, Defendant, Chicago

Police Officer Allen Lee, knew or should have known that Frederick

Tarver was held in a locked room which had no windows, cement or hard

tile floor, a hard wooden bench, and blank walls.

331.    That on October 18, 2003 and October 19, 2003, Defendant, Chicago

Police Officer Allen Lee, knew or should have known that Frederick

Tarver was locked in the previously described room with no access to food

or water, and no access to the washroom without request.

332.    That on October 18, 2003 and October 19, 2003, Defendant, Chicago

Police Officer Allen Lee, knew or should have known that Frederick

Tarver was not given free access to leave, change clothes, and/or sleep

except on a hard wooden bench even though he repeatedly requested to go

home.

333.    That on October 18, 2003 through October 19, 2003, Defendant, Chicago

Police Officer Allen Lee, knew or should have known that the Defendants,

Chicago Police Officers William Davis, Gregory Danz, Harry Fenner, and

J. Weitzman, acting as employees of the City of Chicago and on the City

of Chicago's behalf, told Frederick Tarver that he would be unable to

leave the police station until he identified a person he knew as "Spank" in

a photo array as one of the shooters.

334.    That on October 19, 2003, Defendant, Chicago Police Officer Allen Lee,

knew or should have known that after thirteen hours in custody, Frederick

Tarver identified in a photo array a person he knew as "Spank" as a result

of threats by Defendants, Chicago Police Officers William Davis, Gregory

Danz, Harry Fenner, and J. Weitzman, and other unknown Chicago Police

Officers acting as employees of the City of Chicago and on the City of

Chicago's behalf.

335. That on October 19, 2003, Defendant, Chicago Police Officer Allen Lee,

knew or should have known that after thirteen hours in custody, Frederick

Tarver identified in a photo array a person he knew as "Spank" as a result

of threats by Defendants, Chicago Police Officers William Davis, Gregory

Danz, Harry Fenner, and J. Weitzman, and other unknown Chicago Police

Officers, acting as employees of the City of Chicago and on the City of

Chicago's behalf,  breaking Frederick Tarver's will, including, but not

limited to, fear of being wrongfully charged in the shooting incident,

unlawful incarceration, and Frederick Tarver's desire to leave his current

unlawful restraint.

336. That on October 18, 2003, the Defendant, Chicago Police Officer Allen

Lee, and other Chicago Police Officers, including, but not limited to,

Michael Conway, Elizabeth Dawson, Gregory Danz, William Davis,

Harry Fenner, J. Weitzman, J. Kane, Mark Regal, L. Thezan, J. Evans, and

Joseph O'Carroll, acting as employees of the City of Chicago and on the

City of Chicago's behalf, knew that the Plaintiff, Timothy Petty, had a

nickname of "Spank", but also knew that he did not match the description

given of the shooters since the Plaintiff was 5'11 and 22 years of age at

the time of the incident.

337.  That on November 29, 2003, Defendant, Chicago Police Officer Allen Lee, knew or should have known that the Plaintiff, Timothy Petty, was taken into custody without probable cause and unlawfully arrested by the Defendants, in concert with each other and by their actions, knowing that Frederick Tarver could not identify Timothy Petty as being present and/or involved with the shooting.

338.  That on December 1, 2003, Defendant, Chicago Police Officer Allen Lee, knew or should have known that Chicago Police Officers, including, but not limited to, Defendants, Chicago Police Officers Mark Regal and Michael Conway, acting as employees of the City of Chicago and on the City of Chicago's behalf, maliciously broke down the door of the home of Frederick Tarver.

339.  That on December 1, 2003, Defendant, Chicago Police Officer Allen Lee, knew or should have known that Chicago Police Officers, including, but not limited to, Defendants, Chicago Police Officers Mark Regal and Michael Conway, acting as employees of the City of Chicago and on the City of Chicago's behalf, maliciously broke into the home of Frederick Tarver with guns drawn knowing such actions would cause Frederick Tarver to fear for his life and freedom.

340.  That on December 1, 2003, Defendant, Chicago Police Officer Allen Lee, knew or should have known that Frederick Tarver was locked in an interrogation room against his will for approximately ten hours.

341.  That on December 1, 2003, Defendant, Chicago Police Officer Allen Lee, and other Chicago Police Officers, including, but not limited to, Jamie Kane, and Harry Fenner, by their actions and in concert with each other and other unknown officers, acted maliciously, willful, wanton, and in total disregard of the Plaintiff, Timothy Petty's, rights, by threatening Frederick Tarver with Violation of Probation if he did not identify Timothy Petty in a line-up as one of the shooters.

342.  That on December 1, 2003, Defendant, Chicago Police Officer Allen Lee, knew or should have known that Defendants, Chicago Police Officers, including, but not limited to, Michael Conway, Mark Regal, Gregory Danz, William Davis, Harry Fenner, and Joseph O'Carroll, acting as employees of the City of Chicago and on the City of Chicago's behalf, knew that Frederick Tarver, a convicted felon and gang member, was unable to identify either of the shooters, was fearful of incarceration, was fearful of Violation of Probation, and was fearful of threats by Police Officers.

343.  That the Defendant, Chicago Police Officer Allen Lee, and other Chicago Police Officers, including, but not limited to, Michael Conway, Gregory Danz, William Davis, Harry Fenner, Joseph O'Carroll, Mark Regal, Jamie Kane,  and J. Weitzman, by their actions and in concert with each other, acted maliciously, willful, wanton, and in total disregard to Plaintiff's rights, knowing or should have knowing that Frederick Tarver was identifying Timothy Petty based on the threats, assaults, unlawful