File Date: Dec 13, 2007

Case No: 07cv 7013

ATTACHMENT # 1

EXHIBIT _____

TAB (DESCRIPTION) Continuation from "Count XV"

confinement, and unlawful arrest by the Defendants and other members of
the Chicago Police Department.

344.    That on March 24, 2004, Defendant, Chicago Police Officer Allen Lee,
knew or should have known that Frederick Tarver and other named
Plaintiffs filed a complaint against The City of Chicago, Phil Cline, Terry
G. Hillard, and Chicago Police Officers Scott, Blackledge, Gray,
Hightower, Mason, Milz, Easter, Frazier, Howard, **Michael Conway,
Mark Regal, Elizabeth Dawson, Gregory Danz, William Davis, Harry
Fenner, J. Weitzman, J. Kane, A. Lee, L. Thezan, J. Evans, Joseph
O'Carroll**, J. Lopez, Gary Bush, Charles Daley, W. Ruck, P. O'Donovan,
James Egan, Edward Carroll, John Haniacck, Kevin Bor and Chicago
Police Sergeants Walsh, Howard, and Holy, and John Does One through
Four.

345.    That the Defendant, Chicago Police Officer Allen Lee, and other Chicago
Police Officers, including, but not limited to, Michael Conway, Gregory
Danz, William Davis, Harry Fenner, Joseph O'Carroll, Mark Regal, Jamie
Kane, J. Weitzman, and Elizabeth Dawson, acting as employees of the
City of Chicago and on the City of Chicago's behalf, knew that Frederick
Tarver filed a lawsuit on March 24, 2004 against the City of Chicago,
Michael Conway, Mark Regal, Elizabeth Dawson, Gregory Danz, William
Davis, Harry Fenner, J. Weitzman, J. Kane, A. Lee, L. Thezan, J. Evans,
and Joseph O'Carroll, alleging that Frederick Tarver was held against his
will and coerced into identifying Timothy Petty as the shooter and

maliciously and with wanton disregard of the Plaintiff, Timothy Petty's,
rights, continued the prosecution against Timothy Petty and took no action
to terminate the criminal charges against Timothy Petty.

346.   That the Defendant, Chicago Police Officer Allen Lee, and other Chicago
Police Officers, including, but not limited to, Michael Conway, Gregory
Danz, William Davis, Harry Fenner, Joseph O'Carroll, Mark Regal, Jamie
Kane, J. Weitzman, and Elizabeth Dawson,  acting as employees of the
City of Chicago and on the City of Chicago's behalf, knew that on
October 14, 2005, Frederick Tarver gave a deposition indicating that he
was held against his will and coerced into identifying Timothy Petty as the
shooter and maliciously and with wanton disregard of the Plaintiff,
Timothy Petty's, rights, continued the prosecution against Timothy Petty
and took no action to terminate the criminal charges against Timothy
Petty.

347.   That on April 14, 2006, Defendant, Chicago Police Officer Allen Lee,
knew or should have known that Frederick Tarver settled his case
recovering damages against the Defendant, City of Chicago.

348.   That on October 18, 2003, Defendant, Chicago Police Officer Allen Lee,
knew or should have known that shooting victim Sebastian Moore was
interviewed by Officer G. Kalfas, Star #19329 and Officer G. Johnson,
Star #19324 and stated that the shooters were two unknown offenders,
black in race, 16-18 years of age, and 5'0-5'5 ½ inches tall, wearing all
black, with skull caps and masks.

349.    That on October 18, 2003, Defendant, Chicago Police Officer Allen Lee,
knew or should have known that shooting victim Sebastian Moore stated
to Chicago Police Officers William Davis, Star #20166 and Gregory Danz,
Star #20111 that he had no idea who the offenders (shooters) were or why
he got shot.

350.    That on December 1, 2003, Defendant, Chicago Police Officer Allen Lee,
knew or should have known that Chicago Police Officers, including, but
not limited to, Defendants, Chicago Police Officers Mark Regal and
Michael Conway, maliciously broke down the door of the home of
Frederick Tarver, where Sebastian Moore was also located.

351.    That on December 1, 2003, Defendant, Chicago Police Officer Allen Lee,
knew or should have known that Chicago Police Officers, including, but
not limited to, Defendants, Chicago Police Officers Mark Regal and
Michael Conway, maliciously broke down and entered into the home of
Frederick Tarver, where Sebastian Moore was also located, with guns
drawn knowing such actions would cause Sebastian Moore to fear for his
life and freedom.

352.    That the Defendant, Chicago Police Officer Allen Lee, and other Chicago
Police Officers, including, but not limited to, Michael Conway, Gregory
Danz, William Davis, Harry Fenner, Joseph O'Carroll, Mark Regal, Jamie
Kane, J. Weitzman, and Elizabeth Dawson, by their actions and in concert
with each other acted maliciously, willful, and wanton and in total
disregard to Plaintiff's rights knowing or should have knowing that

Sebastian Moore was identifying Timothy Petty based on the threats, assaults, unlawful confinement, and unlawful arrest, by the Defendants and other members of the Chicago Police Department.

353.    That on November 29, 2003, Defendant, Chicago Police Officer Allen Lee, knew or should have known that the Plaintiff, Timothy Petty, identified as Spank, was taken into custody and subsequently charged with 3 counts of First Degree Murder, 5 counts of Attempted First Degree Murder, 2 counts of Aggravated Battery with a Firearm, 5 counts of Aggravated Discharge of a Firearm, 6 counts of Aggravated Battery, 2 counts of Unlawful Use of Weapon by a Felon, and 4 counts of Aggravated Unlawful Use of a Weapon.

354.    That on November 29, 2003, Defendant, Chicago Police Officer Allen Lee, knew or should have known that Plaintiff, Timothy Petty, informed Chicago Police Officers, including, but not limited to, Defendants, Chicago Police Officers Mark Regal and Michael Conway, that he was in a different location at a public establishment at the time of the shooting and the Defendants maliciously, and with willful and wanton disregard, did not adequately investigate the Plaintiff, Timothy Petty's, alibi.

355.    That on November 29, 2003, Timothy Petty was held in continuous custody in the Chicago Police Station and Cook County Jail until August 23, 2006.

356.    That on August 23, 2006, Timothy Petty was found not guilty of all counts after a bench trial in front of the Honorable Clayton Crane at 2650 South California Avenue, Chicago, Illinois.

357.    That the Defendant, Chicago Police Officer Allen Lee, and other Chicago Police Officers, including, but not limited to, Michael Conway, Gregory Danz, William Davis, Harry Fenner, Joseph O'Carroll, Mark Regal, Jamie Kane, J. Weitzman, and Elizabeth Dawson, acting for themselves, and/or in concert with each other, in official capacity and as authorized agents and servants of the Defendant, City of Chicago, arrested and/or caused the arrest of Plaintiff, Timothy Petty, for first degree murder, attempted first degree murder, aggravated battery with a firearm, aggravated discharge of a firearm, aggravated battery, unlawful use of a weapon by a felon, and aggravated unlawful use of a weapon without reasonable grounds to arrest and without legal cause by restraining him, handcuffing him, and caused him to be in the Chicago Police Department and the Cook County Department of Corrections, imprisoning him for more than 2 ½ years (997 days).

358.    As a direct and proximate result of the aforesaid wrongful conduct by Defendants, the Plaintiff, Timothy Petty, suffered damages.

359.    That the Defendant, Chicago Police Officer Allen Lee, and other Chicago Police Officers, including, but not limited to, Michael Conway, Gregory Danz, William Davis, Harry Fenner, Joseph O'Carroll, Mark Regal, Jamie Kane, J. Weitzman, and Elizabeth Dawson, acting for themselves, and/or

in concert with each other, in official capacity and as authorized agents
and servants of the Defendant, City of Chicago, arrested Plaintiff, Timothy
Petty, for First Degree Murder, Attempted First Degree Murder,
Aggravated Battery with a Firearm, Aggravated Discharge of a Firearm,
Aggravated Battery, Unlawful Use of a Weapon by a Felon, and
Aggravated Unlawful Use of a Weapon without reasonable grounds to
arrest and without legal cause by restraining him, handcuffing him, and
imprisoning him against his will.

WHEREFORE, Plaintiff, TIMOTHY PETTY, demands judgment against the
Defendant, ALLEN LEE, a Chicago Police Officer employed by Defendant CITY OF
CHICAGO in an amount in excess of THIRTY MILLION, NINE HUNDRED EIGHTY
SEVEN DOLLARS AND NO CENTS ($30,000,987.00), plus costs of suit, and any other
relief the Court deems equitable.

## COUNT XVI

### (Malicious Prosecution-Allen Lee)

360.   The Plaintiff re-alleges and re-incorporates by reference paragraphs 323
       thru 359 of Count XV.

361.   On November 29, 2003, the Defendant, Chicago Police Officer Allen Lee,
       and other Chicago Police Officers, including, but not limited to, Michael
       Conway, Gregory Danz, William Davis, Harry Fenner, Joseph O'Carroll,
       Mark Regal, Jamie Kane, J. Weitzman, and Elizabeth Dawson , by
       initiating the criminal complaint, commenced and continued a criminal

case against Plaintiff, specifically, the case of <u>People v. Timothy Petty</u>, 03CR28185 in the Circuit Court of Cook County.

362.   In a bench trial for First Degree Murder, Attempted First Degree Murder, Aggravated Battery with a Firearm, Aggravated Discharge of a Firearm, Aggravated Battery, Unlawful Use of a Weapon by a Felon, and Aggravated Unlawful Use of a Weapon, Plaintiff, Timothy Petty was found Not Guilty.

363.   The aforesaid criminal charges against Timothy Petty were terminated in his favor when he was found Not Guilty.

364.   There was no probable cause for the criminal case against Timothy Petty.

365.   The defendants acted with malice and/or with willful and wanton disregard of Plaintiff, Timothy Petty's, rights.

366.   As a direct and proximate result of aforesaid wrongful conduct by defendants, Timothy Petty, suffered damages.

WHEREFORE, Plaintiff, TIMOTHY PETTY, demands judgment against the Defendant, ALLEN LEE, a Chicago Police Officer employed by Defendant CITY OF CHICAGO in an amount in excess of THIRTY MILLION, NINE HUNDRED EIGHTY SEVEN DOLLARS AND NO CENTS ($30,000,987.00), plus costs of suit, and any other relief the Court deems equitable.

## COUNT XVII

### (False Imprisonment-Jamie Kane)

367.   The Plaintiff re-alleges and re-incorporates by reference paragraphs 1 thru 15 of Count 1.

368.   That on October 18, 2003, Defendant, Chicago Police Officer Jamie Kane, and other Chicago Police Officers, including, but not limited to, Michael Conway, Gregory Danz, William Davis, Harry Fenner, Joseph O'Carroll, Mark Regal, Allen Lee, J. Weitzman, and Elizabeth Dawson, acting as employees of the City of Chicago and on the City of Chicago's behalf, knew and should have known that Frederick Tarver, Lowell Hubbard, Sebastian Moore, Mario Parker, and Sergio Miller a/k/a Srdjen Kostic, could not identify the unknown shooters.

369.   That on October 18, 2003, Defendant, Chicago Police Officer Jamie Kane, and other Chicago Police Officers, including, but not limited to, Michael Conway, Gregory Danz, William Davis, Harry Fenner, Joseph O'Carroll, Mark Regal, Allen Lee, J. Weitzman, and Elizabeth Dawson, acting as employees of the City of Chicago and on the City of Chicago's behalf, had information that Frederick Tarver was a known gang member and convicted felon.

370.   That on October 18, 2003, Defendant, Chicago Police Officer Jamie Kane, and other Chicago Police Officers, including, but not limited to, Michael Conway, Gregory Danz, William Davis, Harry Fenner, Joseph O'Carroll, Mark Regal, Allen Lee, and J. Weitzman, acting as employees of the City of Chicago and on the City of Chicago's behalf, had information that Frederick Tarver was present at the scene of the shooting and previously

told Chicago Police Officers that he could not identify the shooters

because the shooters were wearing all black, with skull caps and masks.

371.    That on October 18, 2003, Defendant, Chicago Police Officer Jamie Kane,

knew or should have known that Frederick Tarver was taken into custody

and held against his will by Officer Elizabeth Dawson, a Chicago Police

Officer, and other unknown Chicago Police Officers.

372.    That on October 18, 2003, Defendant, Chicago Police Officer Jamie

Kane, knew or should have known that Frederick Tarver was held in

custody at Area 3 Violent Crimes for 19 hours against his will by

Defendants, Chicago Police Officers William Davis, Star #20166,

Detective Gregory Danz, Star #20111, Detective Harry Fenner, Star

#20625, and Detective J. Weitzman, Star #20307.

373.    That on October 18, 2003, Defendant, Chicago Police Officer Jamie Kane,

knew or should have known that Defendants, Chicago Police Officers

William Davis, Gregory Danz, Harry Fenner, and J. Weitzman, acting as

employees of the City of Chicago and on the City of Chicago's behalf,

knew and should have known that Frederick Tarver, a known gang

member and convicted felon, was unable to identify the alleged unknown

shooters.

374.    That on October 18, 2003, and October 19, 2003, Defendant, Chicago

Police Officer Jamie Kane, knew or should have known that Frederick

Tarver was held in a locked room which had no windows, cement or hard

tile floor, a hard wooden bench, and blank walls.

375.    That on October 18, 2003 and October 19, 2003, Defendant, Chicago

Police Officer Jamie Kane, knew or should have known that Frederick

Tarver was locked in the previously described room with no access to food

or water, and no access to the washroom without request.

376.    That on October 18, 2003 and October 19, 2003, Defendant, Chicago

Police Officer Jamie Kane, knew or should have known that Frederick

Tarver was not given free access to leave, change clothes, and/or sleep

except on a hard wooden bench even though he repeatedly requested to go

home.

377.    That on October 18, 2003 through October 19, 2003, Defendant, Chicago

Police Officer Jamie Kane, knew or should have known that the

Defendants, Chicago Police Officers William Davis, Gregory Danz, Harry

Fenner, and J. Weitzman, acting as employees of the City of Chicago and

on the City of Chicago's behalf, told Frederick Tarver that he would be

unable to leave the police station until he identified a person he knew as

"Spank" in a photo array as one of the shooters.

378.    That on October 19, 2003, Defendant, Chicago Police Officer Jamie Kane,

knew or should have known that after thirteen hours in custody, Frederick

Tarver identified in a photo array a person he knew as "Spank" as a result

of threats by Defendants, Chicago Police Officers William Davis, Gregory

Danz, Harry Fenner, and J. Weitzman, and other unknown Chicago Police

Officers acting as employees of the City of Chicago and on the City of

Chicago's behalf.

379.   That on October 19, 2003, Defendant, Chicago Police Officer Jamie Kane,

knew or should have known that after thirteen hours in custody, Frederick

Tarver identified in a photo array a person he knew as "Spank" as a result

of threats by Defendants, Chicago Police Officers William Davis, Gregory

Danz, Harry Fenner, and J. Weitzman, and other unknown Chicago Police

Officers, acting as employees of the City of Chicago and on the City of

Chicago's behalf,  breaking Frederick Tarver's will, including, but not

limited to, fear of being wrongfully charged in the shooting incident,

unlawful incarceration, and Frederick Tarver's desire to leave his current

unlawful restraint.

380.   That on October 18, 2003, the Defendant, Chicago Police Officer Jamie

Kane, and other Chicago Police Officers, including, but not limited to,

Michael Conway, Elizabeth Dawson, Gregory Danz, William Davis,

Harry Fenner, J. Weitzman, Allen Lee, Mark Regal, L. Thezan, J. Evans,

and Joseph O'Carroll, acting as employees of the City of Chicago and on

the City of Chicago's behalf, knew that the Plaintiff, Timothy Petty, had a

nickname of "Spank", but also knew that he did not match the description

given of the shooters since the Plaintiff was 5'11 and 22 years of age at

the time of the incident.

381.   That on November 29, 2003, Defendant, Chicago Police Officer Jamie

Kane, knew or should have known that the Plaintiff, Timothy Petty, was

taken into custody without probable cause and unlawfully arrested by the

Defendants, in concert with each other and by their actions, knowing that

Frederick Tarver could not identify Timothy Petty as being present and/or involved with the shooting.

382.    That on December 1, 2003, Defendant, Chicago Police Officer Jamie Kane, knew or should have known that Chicago Police Officers, including, but not limited to, Defendants, Chicago Police Officers Mark Regal and Michael Conway, acting as employees of the City of Chicago and on the City of Chicago's behalf, maliciously broke down the door of the home of Frederick Tarver.

383.    That on December 1, 2003, Defendant, Chicago Police Officer Jamie Kane, knew or should have known that Chicago Police Officers, including, but not limited to, Defendants, Chicago Police Officers Mark Regal and Michael Conway, acting as employees of the City of Chicago and on the City of Chicago's behalf, maliciously broke into the home of Frederick Tarver with guns drawn knowing such actions would cause Frederick Tarver to fear for his life and freedom.

384.    That on December 1, 2003, Defendant, Chicago Police Officer Jamie Kane, knew or should have known that Frederick Tarver was locked in an interrogation room against his will for approximately ten hours.

385.    That on December 1, 2003, Defendant, Chicago Police Officer Jamie Kane, and other Chicago Police Officers, including, but not limited to, Allen Lee, and Harry Fenner, by their actions and in concert with each other and other unknown officers, acted maliciously, willful, wanton, and in total disregard of the Plaintiff, Timothy Petty's, rights, by threatening

Frederick Tarver with Violation of Probation if he did not identify

Timothy Petty in a line-up as one of the shooters.

386.  That on December 1, 2003, Defendant, Chicago Police Officer Jamie

Kane, knew or should have known that Defendants, Chicago Police

Officers, including, but not limited to, Michael Conway, Mark Regal,

Gregory Danz, William Davis, Harry Fenner, and Joseph O'Carroll, acting

as employees of the City of Chicago and on the City of Chicago's behalf,

knew that Fredcrick Tarver, a convicted felon and gang member, was

unable to identify either of the shooters, was fearful of incarceration, was

fearful of Violation of Probation, and was fearful of threats by Police

Officers.

387.  That the Defendant, Chicago Police Officer Jamie Kane, and other

Chicago Police Officers, including, but not limited to, Michael Conway,

Gregory Danz, William Davis, Harry Fenner, Joseph O'Carroll, Mark

Regal, Allen Lee, and J. Weitzman, by their actions and in concert with

each other, acted maliciously, willful, wanton, and in total disregard to

Plaintiff's rights, knowing or should have knowing that Frederick Tarver

was identifying Timothy Petty based on the threats, assaults, unlawful

confinement, and unlawful arrest by the Defendants and other members of

the Chicago Police Department.

388.  That on March 24, 2004, Defendant, Chicago Police Officer Jamie Kane,

knew or should have known that Frederick Tarver and other named

Plaintiffs filed a complaint against The City of Chicago, Phil Cline, Terry

G. Hillard, and Chicago Police Officers Scott, Blackledge, Gray, Hightower, Mason, Milz, Easter, Frazier, Howard, **Michael Conway, Mark Regal, Elizabeth Dawson, Gregory Danz, William Davis, Harry Fenner, J. Weitzman, J. Kane, A. Lee, L. Thezan, J. Evans, Joseph O'Carroll,** J. Lopez, Gary Bush, Charles Daley, W. Ruck, P. O'Donovan, James Egan, Edward Carroll, John Haniacek, Kevin Bor and Chicago Police Sergeants Walsh, Howard, and Holy, and John Does One through Four.

389. That the Defendant, Chicago Police Officer Jamie Kane, and other Chicago Police Officers, including, but not limited to, Michael Conway, Gregory Danz, William Davis, Harry Fenner, Joseph O'Carroll, Mark Regal, Allen Lee, J. Weitzman, and Elizabeth Dawson, acting as employees of the City of Chicago and on the City of Chicago's behalf, knew that Frederick Tarver filed a lawsuit on March 24, 2004 against the City of Chicago, Michael Conway, Mark Regal, Elizabeth Dawson, Gregory Danz, William Davis, Harry Fenner, J. Weitzman, J. Kane, A. Lee, L. Thezan, J. Evans, and Joseph O'Carroll, alleging that Frederick Tarver was held against his will and coerced into identifying Timothy Petty as the shooter and maliciously and with wanton disregard of the Plaintiff, Timothy Petty's, rights, continued the prosecution against Timothy Petty and took no action to terminate the criminal charges against Timothy Petty.

390.   That the Defendant, Chicago Police Officer Jamie Kane, and other
       Chicago Police Officers, including, but not limited to, Michael Conway,
       Gregory Danz, William Davis, Harry Fenner, Joseph O'Carroll, Mark
       Regal, Allen Lee, J. Weitzman, and Elizabeth Dawson, acting as
       employees of the City of Chicago and on the City of Chicago's behalf,
       knew that on October 14, 2005, Frederick Tarver gave a deposition
       indicating that he was held against his will and coerced into identifying
       Timothy Petty as the shooter and maliciously and with wanton disregard
       of the Plaintiff, Timothy Petty's, rights, continued the prosecution against
       Timothy Petty and took no action to terminate the criminal charges against
       Timothy Petty.

391.   That on April 14, 2006, Defendant, Chicago Police Officer Jamie Kane,
       knew or should have known that Frederick Tarver settled his case
       recovering damages against the Defendant, City of Chicago.

392.   That on October 18, 2003, Defendant, Chicago Police Officer Jamie Kane,
       knew or should have known that shooting victim Sebastian Moore was
       interviewed by Officer G. Kalfas, Star #19329 and Officer G. Johnson,
       Star #19324 and stated that the shooters were two unknown offenders,
       black in race, 16-18 years of age, and 5'0-5'5 ½ inches tall, wearing all
       black, with skull caps and masks.

393.   That on October 18, 2003, Defendant, Chicago Police Officer Jamie Kane,
       knew or should have known that shooting victim Sebastian Moore stated
       to Chicago Police Officers William Davis, Star #20166 and Gregory Danz,

Star #20111 that he had no idea who the offenders (shooters) were or why he got shot.

394.    That on December 1, 2003, Defendant, Chicago Police Officer Jamie Kane, knew or should have known that Chicago Police Officers, including, but not limited to, Defendants, Chicago Police Officers Mark Regal and Michael Conway, maliciously broke down the door of the home of Frederick Tarver, where Sebastian Moore was also located.

395.    That on December 1, 2003, Defendant, Chicago Police Officer Jamie Kane, knew or should have known that Chicago Police Officers, including, but not limited to, Defendants, Chicago Police Officers Mark Regal and Michael Conway, maliciously broke down and entered into the home of Frederick Tarver, where Sebastian Moore was also located, with guns drawn knowing such actions would cause Sebastian Moore to fear for his life and freedom.

396.    That the Defendant, Chicago Police Officer Jamie Kane, and other Chicago Police Officers, including, but not limited to, Michael Conway, Gregory Danz, William Davis, Harry Fenner, Joseph O'Carroll, Mark Regal, Allen Lee, J. Weitzman, and Elizabeth Dawson, by their actions and in concert with each other acted maliciously, willful, and wanton and in total disregard to Plaintiff's rights knowing or should have knowing that Sebastian Moore was identifying Timothy Petty based on the threats, assaults, unlawful confinement, and unlawful arrest, by the Defendants and other members of the Chicago Police Department.

397.  That on November 29, 2003, Defendant, Chicago Police Officer Jamie
      Kane, knew or should have known that the Plaintiff, Timothy Petty,
      identified as Spank, was taken into custody and subsequently charged with
      3 counts of First Degree Murder, 5 counts of Attempted First Degree
      Murder, 2 counts of Aggravated Battery with a Firearm, 5 counts of
      Aggravated Discharge of a Firearm, 6 counts of Aggravated Battery, 2
      counts of Unlawful Use of Weapon by a Felon, and 4 counts of
      Aggravated Unlawful Use of a Weapon.

398.  That on November 29, 2003, Defendant, Chicago Police Officer Jamie
      Kane, knew or should have known that Plaintiff, Timothy Petty, informed
      Chicago Police Officers, including, but not limited to, Defendants,
      Chicago Police Officers Mark Regal and Michael Conway, that he was in
      a different location at a public establishment at the time of the shooting
      and the Defendants maliciously, and with willful and wanton disregard,
      did not adequately investigate the Plaintiff, Timothy Petty's, alibi.

399.  That on November 29, 2003, Timothy Petty was held in continuous
      custody in the Chicago Police Station and Cook County Jail until August
      23, 2006.

400.  That on August 23, 2006, Timothy Petty was found not guilty of all counts
      after a bench trial in front of the Honorable Clayton Crane at 2650 South
      California Avenue, Chicago, Illinois.

401.  That the Defendant, Chicago Police Officer Jamie Kane, and other
      Chicago Police Officers, including, but not limited to, Michael Conway,

Gregory Danz, William Davis, Harry Fenner, Joseph O'Carroll, Mark

Regal, Allen Lee, J. Weitzman, and Elizabeth Dawson, acting for

themselves, and/or in concert with each other, in official capacity and as

authorized agents and servants of the Defendant, City of Chicago, arrested

and/or caused the arrest of Plaintiff, Timothy Petty, for first degree

murder, attempted first degree murder, aggravated battery with a firearm,

aggravated discharge of a firearm, aggravated battery, unlawful use of a

weapon by a felon, and aggravated unlawful use of a weapon without

reasonable grounds to arrest and without legal cause by restraining him,

handcuffing him, and caused him to be in the Chicago Police Department

and Cook County Department of Corrections, imprisoning him for more

than 2 ½ years (997 days).

402.    As a direct and proximate result of the aforesaid wrongful conduct by

Defendants, the Plaintiff, Timothy Petty, suffered damages.

403.    That the Defendant, Chicago Police Officer Jamie Kane, and other

Chicago Police Officers, including, but not limited to, Michael Conway,

Gregory Danz, William Davis, Harry Fenner, Joseph O'Carroll, Mark

Regal, Allen Lee, J. Weitzman, and Elizabeth Dawson, acting for

themselves, and/or in concert with each other, in official capacity and as

authorized agents and servants of the Defendant, City of Chicago, arrested

Plaintiff, Timothy Petty, for First Degree Murder, Attempted First Degree

Murder, Aggravated Battery with a Firearm, Aggravated Discharge of a

Firearm, Aggravated Battery, Unlawful Use of a Weapon by a Felon, and

Aggravated Unlawful Use of a Weapon without reasonable grounds to arrest and without legal cause by restraining him, handcuffing him, and imprisoning him against his will.

WHEREFORE, Plaintiff, TIMOTHY PETTY, demands judgment against the Defendant, JAMIE KANE, a Chicago Police Officer employed by Defendant CITY OF CHICAGO in an amount in excess of THIRTY MILLION, NINE HUNDRED EIGHTY SEVEN DOLLARS AND NO CENTS ($30,000,987.00), plus costs of suit, and any other relief the Court deems equitable.

## COUNT XVIII

### (Malicious Prosecution-Jamie Kane)

404.   The Plaintiff re-alleges and re-incorporates by reference paragraphs 367 thru 403 of Count XVII.

405.   On November 29, 2003, the Defendant, Chicago Police Officer Jamie Kane, and other Chicago Police Officers, including, but not limited to, Michael Conway, Gregory Danz, William Davis, Harry Fenner, Joseph O'Carroll, Mark Regal, Allen Lee, J. Weitzman, and Elizabeth Dawson, by initiating the criminal complaint, commenced and continued a criminal case against Plaintiff, specifically, the case of People v. Timothy Petty, Case Number 03CR28185 in the Circuit Court of Cook County.

406.   In a bench trial for First Degree Murder, Attempted First Degree Murder, Aggravated Battery with a Firearm, Aggravated Discharge of a Firearm, Aggravated Battery, Unlawful Use of a Weapon by a Felon, and

Aggravated Unlawful Use of a Weapon, Plaintiff, Timothy Petty was found Not Guilty.

407.   The aforesaid criminal charges against Timothy Petty were terminated in his favor when he was found Not Guilty.

408.   There was no probable cause for the criminal case against Timothy Petty.

409.   The defendants acted with malice and/or with willful and wanton disregard of Plaintiff, Timothy Petty's, rights.

410.   As a direct and proximate result of aforesaid wrongful conduct by defendants, Timothy Petty, suffered damages.

WHEREFORE, Plaintiff, TIMOTHY PETTY, demands judgment against the Defendant, JAMIE KANE, a Chicago Police Officer employed by Defendant CITY OF CHICAGO in an amount in excess of THIRTY MILLION, NINE HUNDRED EIGHTY SEVEN DOLLARS AND NO CENTS ($30,000,987.00), plus costs of suit, and any other relief the Court deems equitable.

## COUNT XIX

### (False Imprisonment-J. Weitzman)

411.   The Plaintiff re-alleges and re-incorporates by reference paragraphs 1 thru 15 of Count I.

412.   That on October 18, 2003, Defendant, Chicago Police Officer J. Weitzman, and other Chicago Police Officers, including, but not limited to, Michael Conway, Gregory Danz, William Davis, Harry Fenner, Joseph O'Carroll, Mark Regal, Allen Lee, Jamie Kane, and Elizabeth Dawson, acting as employees of the City of Chicago and on the City of Chicago's

behalf, knew and should have known that Frederick Tarver, Lowell Hubbard, Sebastian Moore, Mario Parker, and Sergio Miller a/k/a Srdjen Kostic, could not identify the unknown shooters.

413.   That on October 18, 2003, Defendant, Chicago Police Officer J. Weitzman, and other Chicago Police Officers, including, but not limited to, Michael Conway, Gregory Danz, William Davis, Harry Fenner, Joseph O'Carroll, Mark Regal, Allen Lee, Jamie Kane, and Elizabeth Dawson, acting as employees of the City of Chicago and on the City of Chicago's behalf, had information that Frederick Tarver was a known gang member and convicted felon.

414.   That on October 18, 2003, Defendant, Chicago Police Officer J. Weitzman, and other Chicago Police Officers, including, but not limited to, Michael Conway, Gregory Danz, William Davis, Harry Fenner, Joseph O'Carroll, Mark Regal, Allen Lee, and Jamie Kane, acting as employees of the City of Chicago and on the City of Chicago's behalf, had information that Frederick Tarver was present at the scene of the shooting and previously told Chicago Police Officers that he could not identify the shooters because the shooters were wearing all black, with skull caps and masks.

415.   That on October 18, 2003, Defendant, Chicago Police Officer J. Weitzman, knew or should have known that Frederick Tarver was taken into custody and held against his will by Officer Elizabeth Dawson, a Chicago Police Officer, and other unknown Chicago Police Officers.

416.    That on October 18, 2003, Defendant, Chicago Police Officer J.
Weitzman, knew or should have known that Frederick Tarver was held in
custody at Area 3 Violent Crimes for 19 hours against his will by
Defendant, Chicago Police Officer J. Weitzman, Star #20307, and other
Chicago Police Officers, including, but not limited to, Chicago Police
Officers William Davis, Star #20166, Detective Gregory Danz, Star
#20111, and Detective Harry Fenner, Star #20625.

417.    That on October 18, 2003, Defendant, Chicago Police Officer J.
Weitzman, and other Chicago Police Officers, including, but not limited
to, William Davis, Gregory Danz, and Harry Fenner, acting as employees
of the City of Chicago and on the City of Chicago's behalf, knew and
should have known that Frederick Tarver, a known gang member and
convicted felon, was unable to identify the alleged unknown shooters.

418.    That on October 18, 2003, and October 19, 2003, Defendant, Chicago
Police Officer J. Weitzman, knew or should have known that Frederick
Tarver was held in a locked room which had no windows, cement or hard
tile floor, a hard wooden bench, and blank walls.

419.    That on October 18, 2003 and October 19, 2003, Defendant, Chicago
Police Officer J. Weitzman, knew or should have known that Frederick
Tarver was locked in the previously described room with no access to food
or water, and no access to the washroom without request.

420.    That on October 18, 2003 and October 19, 2003, Defendant, Chicago
Police Officer J. Weitzman, knew or should have known that Frederick

Tarver was not given free access to leave, change clothes, and/or sleep except on a hard wooden bench even though he repeatedly requested to go home.

421.    That on October 18, 2003 through October 19, 2003, the Defendant, Chicago Police Officer J. Weitzman, and other Chicago Police Officers, including, but not limited to, William Davis, Gregory Danz, and Harry Fenner, acting as employees of the City of Chicago and on the City of Chicago's behalf, told Frederick Tarver that he would be unable to leave the police station until he identified a person he knew as "Spank" in a photo array as one of the shooters.

422.    That on October 19, 2003, after thirteen hours in custody, Frederick Tarver identified in a photo array a person he knew as "Spank" as a result of threats by Defendant, Chicago Police Officer J. Weitzman, and other Chicago Police Officers, including, but not limited to, William Davis, Gregory Danz, and Harry Fenner, and other unknown Chicago Police Officers acting as employees of the City of Chicago and on the City of Chicago's behalf.

423.    That on October 19, 2003, after thirteen hours in custody, Frederick Tarver identified in a photo array a person he knew as "Spank" as a result of threats by Defendant, Chicago Police Officer J. Weitzman, and other Chicago Police Officers, including, but not limited to, William Davis, Gregory Danz, and Harry Fenner, and other unknown Chicago Police Officers, acting as employees of the City of Chicago and on the City of

Chicago's behalf, breaking Frederick Tarver's will, including, but not limited to, fear of being wrongfully charged in the shooting incident, unlawful incarceration, and Frederick Tarver's desire to leave his current unlawful restraint.

424.    That on October 18, 2003, the Defendant, Chicago Police Officer J. Weitzman, and other Chicago Police Officers, including, but not limited to, Michael Conway, Elizabeth Dawson, Gregory Danz, William Davis, Harry Fenner, Jamie Kane, Allen Lee, Mark Regal, L. Thezan, J. Evans, and Joseph O'Carroll, acting as employees of the City of Chicago and on the City of Chicago's behalf, knew that the Plaintiff, Timothy Petty, had a nickname of "Spank", but also knew that he did not match the description given of the shooters since the Plaintiff was 5'11 and 22 years of age at the time of the incident.

425.    That on November 29, 2003, Defendant, Chicago Police Officer J. Weitzman, knew or should have known that the Plaintiff, Timothy Petty, was taken into custody without probable cause and unlawfully arrested by the Defendants, in concert with each other and by their actions, knowing that Frederick Tarver could not identify Timothy Petty as being present and/or involved with the shooting.

426.    That on December 1, 2003, Defendant, Chicago Police Officer J. Weitzman, knew or should have known that Chicago Police Officers, including, but not limited to, Defendants, Chicago Police Officers Mark Regal and Michael Conway, acting as employees of the City of Chicago

and on the City of Chicago's behalf, maliciously broke down the door of
the home of Frederick Tarver.

427.    That on December 1, 2003, Defendant, Chicago Police Officer J.
Weitzman, knew or should have known that Chicago Police Officers,
including, but not limited to, Defendants, Chicago Police Officers Mark
Regal and Michael Conway, acting as employees of the City of Chicago
and on the City of Chicago's behalf, maliciously broke into the home of
Frederick Tarver with guns drawn knowing such actions would cause
Frederick Tarver to fear for his life and freedom.

428.    That on December 1, 2003, Defendant, Chicago Police Officer J.
Weitzman, knew or should have known that Frederick Tarver was locked
in an interrogation room against his will for approximately ten hours.

429.    That on December 1, 2003, Defendant, Chicago Police Officer J.
Weitzman, knew or should have known that Chicago Police Officers,
including, but not limited to, Jamie Kane, Allen Lee, and Harry Fenner, by
their actions and in concert with each other and other unknown officers,
acted maliciously, willful, wanton, and in total disregard of the Plaintiff,
Timothy Petty's, rights by threatening Frederick Tarver with Violation of
Probation if he did not identify Timothy Petty in a line-up as one of the
shooters.

430.    That on December 1, 2003, Defendant, Chicago Police Officer J.
Weitzman, knew or should have known that Defendants, Chicago Police
Officers, including, but not limited to, Michael Conway, Mark Regal,

Gregory Danz, William Davis, Harry Fenner, and Joseph O'Carroll, acting

as employees of the City of Chicago and on the City of Chicago's behalf,

knew that Frederick Tarver, a convicted felon and gang member, was

unable to identify either of the shooters, was fearful of incarceration, was

fearful of Violation of Probation, and was fearful of threats by Police

Officers.

431. That the Defendant, Chicago Police Officer J. Weitzman, and other

Chicago Police Officers, including, but not limited to, Michael Conway,

Gregory Danz, William Davis, Harry Fenner, Joseph O'Carroll, Mark

Regal, Allen Lee, and Jamie Kane, by their actions and in concert with

each other, acted maliciously, willful, wanton, and in total disregard to

Plaintiff's rights, knowing or should have knowing that Frederick Tarver

was identifying Timothy Petty based on the threats, assaults, unlawful

confinement, and unlawful arrest by the Defendants and other members of

the Chicago Police Department.

432. That on March 24, 2004, Defendant, Chicago Police Officer J. Weitzman,

knew or should have known that Frederick Tarver and other named

Plaintiffs filed a complaint against The City of Chicago, Phil Cline, Terry

G. Hillard, and Chicago Police Officers Scott, Blackledge, Gray,

Hightower, Mason, Milz, Easter, Frazier, Howard, **Michael Conway,**

**Mark Regal, Elizabeth Dawson, Gregory Danz, William Davis, Harry**

**Fenner, J. Weitzman, J. Kane, A. Lee, L. Thezan, J. Evans, Joseph**

**O'Carroll,** J. Lopez, Gary Bush, Charles Daley, W. Ruck, P. O'Donovan,

James Egan, Edward Carroll, John Haniacek, Kevin Bor and Chicago

Police Sergeants Walsh, Howard, and Holy, and John Does One through

Four.

433.    That the Defendant, Chicago Police Officer J. Weitzman, and other

Chicago Police Officers, including, but not limited to, Michael Conway,

Gregory Danz, William Davis, Harry Fenner, Joseph O'Carroll, Mark

Regal, Allen Lee, Jamie Kane, and Elizabeth Dawson, acting as

employees of the City of Chicago and on the City of Chicago's behalf,

knew that Frederick Tarver filed a lawsuit on March 24, 2004 against the

City of Chicago, Michael Conway, Mark Regal, Elizabeth Dawson,

Gregory Danz, William Davis, Harry Fenner, J. Weitzman, J. Kane, A.

Lee, L. Thezan, J. Evans, and Joseph O'Carroll, alleging that Frederick

Tarver was held against his will and coerced into identifying Timothy

Petty as the shooter and maliciously and with wanton disregard of the

Plaintiff, Timothy Petty's, rights, continued the prosecution against

Timothy Petty and took no action to terminate the criminal charges against

Timothy Petty.

434.    That the Defendant, Chicago Police Officer J. Weitzman, and other

Chicago Police Officers, including, but not limited to, Michael Conway,

Gregory Danz, William Davis, Harry Fenner, Joseph O'Carroll, Mark

Regal, Allen Lee, Jamie Kane, and Elizabeth Dawson,  acting as

employees of the City of Chicago and on the City of Chicago's behalf,

knew that on October 14, 2005, Frederick Tarver gave a deposition

indicating that he was held against his will and coerced into identifying

Timothy Petty as the shooter and maliciously and with wanton disregard

of the Plaintiff, Timothy Petty's, rights, continued the prosecution against

Timothy Petty and took no action to terminate the criminal charges against

Timothy Petty.

435.    That on April 14, 2006, Defendant, Chicago Police Officer J. Weitzman,

knew or should have known that Frederick Tarver settled his case

recovering damages against the Defendant, City of Chicago.

436.    That on October 18, 2003, Defendant, Chicago Police Officer J.

Weitzman, knew or should have known that shooting victim Sebastian

Moore was interviewed by Officer G. Kalfas, Star #19329 and Officer G.

Johnson, Star #19324 and stated that the shooters were two unknown

offenders, black in race, 16-18 years of age, and 5'0-5'5 ½ inches tall,

wearing all black, with skull caps and masks.

437.    That on October 18, 2003, Defendant, Chicago Police Officer J.

Weitzman, knew or should have known that shooting victim Sebastian

Moore stated to Chicago Police Officers William Davis, Star #20166 and

Gregory Danz, Star #20111 that he had no idea who the offenders

(shooters) were or why he got shot.

438.    That on December 1, 2003, Defendant, Chicago Police Officer J.

Weitzman, knew or should have known that Chicago Police Officers,

including, but not limited to, Defendants, Chicago Police Officers Mark

Regal and Michael Conway, maliciously broke down the door of the home

of Frederick Tarver, where Sebastian Moore was also located.

439.   That on December 1, 2003, Defendant, Chicago Police Officer J.

Weitzman, knew or should have known that Chicago Police Officers,

including, but not limited to, Defendants, Chicago Police Officers Mark

Regal and Michael Conway, maliciously broke down and entered into the

home of Frederick Tarver, where Sebastian Moore was also located, with

guns drawn knowing such actions would cause Sebastian Moore to fear

for his life and freedom.

440.   That the Defendant, Chicago Police Officer J. Weitzman, and other

Chicago Police Officers, including, but not limited to, Michael Conway,

Gregory Danz, William Davis, Harry Fenner, Joseph O'Carroll, Mark

Regal, Allen Lee, Jamie Kane, and Elizabeth Dawson, by their actions and

in concert with each other acted maliciously, willful, and wanton and in

total disregard to Plaintiff's rights knowing or should have knowing that

Sebastian Moore was identifying Timothy Petty based on the threats,

assaults, unlawful confinement, and unlawful arrest, by the Defendants

and other members of the Chicago Police Department.

441.   That on November 29, 2003, Defendant, Chicago Police Officer J.

Weitzman, knew or should have known that the Plaintiff, Timothy Petty,

identified as Spank, was taken into custody and subsequently charged with

3 counts of First Degree Murder, 5 counts of Attempted First Degree

Murder, 2 counts of Aggravated Battery with a Firearm, 5 counts of

Aggravated Discharge of a Firearm, 6 counts of Aggravated Battery, 2

counts of Unlawful Use of Weapon by a Felon, and 4 counts of

Aggravated Unlawful Use of a Weapon.

442.    That on November 29, 2003, Defendant, Chicago Police Officer J.

Weitzman, knew or should have known that Plaintiff, Timothy Petty,

informed Chicago Police Officers, including, but not limited to,

Defendants, Chicago Police Officers Mark Regal and Michael Conway,

that he was in a different location at a public establishment at the time of

the shooting and the Defendants maliciously, and with willful and wanton

disregard, did not adequately investigate the Plaintiff, Timothy Petty's,

alibi.

443.    That on November 29, 2003, Timothy Petty was held in continuous

custody in the Chicago Police Station and Cook County Jail until August

23, 2006.

444.    That on August 23, 2006, Timothy Petty was found not guilty of all counts

after a bench trial in front of the Honorable Clayton Crane at 2650 South

California Avenue, Chicago, Illinois.

445.    That the Defendant, Chicago Police Officer J. Weitzman, and other

Chicago Police Officers, including, but not limited to, Michael Conway,

Gregory Danz, William Davis, Harry Fenner, Joseph O'Carroll, Mark

Regal, Allen Lee, Jamie Kane, and Elizabeth Dawson, acting for

themselves, and/or in concert with each other, in official capacity and as

authorized agents and servants of the Defendant, City of Chicago, arrested

and/or caused the arrest of Plaintiff, Timothy Petty, for first degree murder, attempted first degree murder, aggravated battery with a firearm, aggravated discharge of a firearm, aggravated battery, unlawful use of a weapon by a felon, and aggravated unlawful use of a weapon without reasonable grounds to arrest and without legal cause by restraining him, handcuffing him, causing him to be in the Chicago Police Department and the Cook County Department of Corrections, imprisoning him for more than 2 ½ years (997 days).

446. As a direct and proximate result of the aforesaid wrongful conduct by Defendants, the Plaintiff, Timothy Petty, suffered damages.

447. That the Defendant, Chicago Police Officer J. Weitzman, and other Chicago Police Officers, including, but not limited to, Michael Conway, Gregory Danz, William Davis, Harry Fenner, Joseph O'Carroll, Mark Regal, Allen Lee, Jamie Kane, and Elizabeth Dawson, acting for themselves, and/or in concert with each other, in official capacity and as authorized agents and servants of the Defendant, City of Chicago, arrested Plaintiff, Timothy Petty, for First Degree Murder, Attempted First Degree Murder, Aggravated Battery with a Firearm, Aggravated Discharge of a Firearm, Aggravated Battery, Unlawful Use of a Weapon by a Felon, and Aggravated Unlawful Use of a Weapon without reasonable grounds to arrest and without legal cause by restraining him, handcuffing him, and imprisoning him against his will.

WHEREFORE, Plaintiff, TIMOTHY PETTY, demands judgment against the Defendant, J. WEITZMAN, a Chicago Police Officer employed by Defendant CITY OF CHICAGO in an amount in excess of THIRTY MILLION, NINE HUNDRED EIGHTY SEVEN DOLLARS AND NO CENTS ($30,000,987.00), plus costs of suit, and any other relief the Court deems equitable.

## COUNT XX

### (Malicious Prosecution-J. Weitzman)

447.  The Plaintiff re-alleges and re-incorporates by reference paragraphs 411 thru 446 of Count XIX.

448.  On November 29, 2003, the Defendant, Chicago Police Officer J. Weitzman, and other Chicago Police Officers, including, but not limited to, Michael Conway, Gregory Danz, William Davis, Harry Fenner, Joseph O'Carroll, Mark Regal, Allen Lee, Jamie Kane, and Elizabeth Dawson, by initiating the criminal complaint, commenced and continued a criminal case against Plaintiff, specifically, the case of People v. Timothy Petty, Case Number 03CR28185 in the Circuit Court of Cook County.

449.  In a bench trial for First Degree Murder, Attempted First Degree Murder, Aggravated Battery with a Firearm, Aggravated Discharge of a Firearm, Aggravated Battery, Unlawful Use of a Weapon by a Felon, and Aggravated Unlawful Use of a Weapon, Plaintiff, Timothy Petty was found Not Guilty.

450.  The aforesaid criminal charges against Timothy Petty were terminated in his favor when he was found Not Guilty.

451.    There was no probable cause for the criminal case against Timothy Petty.

452.    The defendants acted with malice and/or with willful and wanton disregard of Plaintiff, Timothy Petty's, rights.

453.    As a direct and proximate result of aforesaid wrongful conduct by defendants, Timothy Petty, suffered damages.

WHEREFORE, Plaintiff, TIMOTHY PETTY, demands judgment against the Defendant, J. WEITZMAN, a Chicago Police Officer employed by Defendant CITY OF CHICAGO in an amount in excess of THIRTY MILLION, NINE HUNDRED EIGHTY SEVEN DOLLARS AND NO CENTS ($30,000,987.00), plus costs of suit, and any other relief the Court deems equitable.

## COUNT XXI

### (False Imprisonment-Elizabeth Dawson)

454.    The Plaintiff re-alleges and re-incorporates by reference paragraphs 1 thru 15 of Count I.

455.    That on October 18, 2003, Defendant, Chicago Police Officer Elizabeth Dawson, and other Chicago Police Officers, including, but not limited to, Michael Conway, Gregory Danz, William Davis, Harry Fenner, Joseph O'Carroll, Mark Regal, Allen Lee, Jamie Kane, and J. Weitzman, acting as employees of the City of Chicago and on the City of Chicago's behalf, knew and should have known that Frederick Tarver, Lowell Hubbard, Sebastian Moore, Mario Parker, and Sergio Miller a/k/a Srdjen Kostic, could not identify the unknown shooters.

456.  That on October 18, 2003, Defendant, Chicago Police Officer Elizabeth
      Dawson, and other Chicago Police Officers, including, but not limited to,
      Michael Conway, Gregory Danz, William Davis, Harry Fenner, Joseph
      O'Carroll, Mark Regal, Allen Lee, Jamie Kane, and J. Weitzman, acting
      as employees of the City of Chicago and on the City of Chicago's behalf,
      had information that Frederick Tarver was a known gang member and
      convicted felon.

457.  That on October 18, 2003, Defendant, Chicago Police Officer Elizabeth
      Dawson, knew or should have known that Defendants, Chicago Police
      Officers, including, but not limited to, Michael Conway, Gregory Danz,
      William Davis, Harry Fenner, Joseph O'Carroll, Mark Regal, Allen Lee, J.
      Weitzman, and Jamie Kane, acting as employees of the City of Chicago
      and on the City of Chicago's behalf, had information that  Frederick
      Tarver was present at the scene of the shooting and previously told
      Chicago Police Officers that he could not identify the shooters because the
      shooters were wearing all black, with skull caps and masks.

458.  That on October 18, 2003, Frederick Tarver was taken into custody and
      held against his will by Defendant, Chicago Police Officer Elizabeth
      Dawson,  and other unknown Chicago Police Officers.

459.   That on October 18, 2003, Defendant, Chicago Police Officer Elizabeth
      Dawson, knew or should have known that Frederick Tarver was held in
      custody at Area 3 Violent Crimes for 19 hours against his will by
      Defendants, Chicago Police Officers J. Weitzman, Star #20307, William

Davis, Star #20166, Detective Gregory Danz, Star #20111, and Detective

Harry Fenner, Star #20625.

460.    That on October 18, 2003, Defendant, Chicago Police Officer Elizabeth

Dawson, knew or should have known that Defendants, Chicago Police

Officers J. Weitzman, William Davis, Gregory Danz, and Harry Fenner,

acting as employees of the City of Chicago and on the City of Chicago's

behalf, knew and should have known that Frederick Tarver, a known gang

member and convicted felon, was unable to identify the alleged unknown

shooters.

461.    That on October 18, 2003, and October 19, 2003, Defendant, Chicago

Police Officer Elizabeth Dawson, knew or should have known that

Frederick Tarver was held in a locked room which had no windows,

cement or hard tile floor, a hard wooden bench, and blank walls.

462.    That on October 18, 2003 and October 19, 2003, Defendant, Chicago

Police Officer Elizabeth Dawson, knew or should have known that

Frederick Tarver was locked in the previously described room with no

access to food or water, and no access to the washroom without request.

463.    That on October 18, 2003 and October 19, 2003, Defendant, Chicago

Police Officer Elizabeth Dawson, knew or should have known that

Frederick Tarver was not given free access to leave, change clothes,

and/or sleep except on a hard wooden bench even though he repeatedly

requested to go home.

464.    That on October 18, 2003 through October 19, 2003, Defendant, Chicago

Police Officer Elizabeth Dawson, knew or should have known that the

Defendants, Chicago Police Officers J. Weitzman, William Davis,

Gregory Danz, and Harry Fenner, acting as employees of the City of

Chicago and on the City of Chicago's behalf, told Frederick Tarver that he

would be unable to leave the police station until he identified a person he

knew as "Spank" in a photo array as one of the shooters.

465.    That on October 19, 2003, Defendant, Chicago Police Officer Elizabeth

Dawson, knew or should have known that after thirteen hours in custody,

Frederick Tarver identified in a photo array a person he knew as "Spank"

as a result of threats by Defendants, Chicago Police Officers J. Weitzman,

William Davis, Gregory Danz, and Harry Fenner, and other unknown

Chicago Police Officers acting as employees of the City of Chicago and

on the City of Chicago's behalf.

466.    That on October 19, 2003, Defendant, Chicago Police Officer Elizabeth

Dawson, knew or should have known that after thirteen hours in custody,

Frederick Tarver identified in a photo array a person he knew as "Spank"

as a result of threats by Defendants, Chicago Police Officers J. Weitzman,

William Davis, Gregory Danz, and Harry Fenner, and other unknown

Chicago Police Officers, acting as employees of the City of Chicago and

on the City of Chicago's behalf,  breaking Frederick Tarver's will,

including, but not limited to, fear of being wrongfully charged in the

shooting incident, unlawful incarceration, and Frederick Tarver's desire to leave his current unlawful restraint.

467.     That on October 18, 2003, the Defendant, Chicago Police Officer Elizabeth Dawson, and other Chicago Police Officers, including, but not limited to, Michael Conway, J. Weitzman, Gregory Danz, William Davis, Harry Fenner, Jamie Kane, Allen Lee, Mark Regal, L. Thezan, J. Evans, and Joseph O'Carroll, acting as employees of the City of Chicago and on the City of Chicago's behalf, knew that the Plaintiff, Timothy Petty, had a nickname of "Spank", but also knew that he did not match the description given of the shooters since the Plaintiff was 5'11 and 22 years of age at the time of the incident.

468.     That on November 29, 2003, Defendant, Chicago Police Officer Elizabeth Dawson, knew or should have known that the Plaintiff, Timothy Petty, was taken into custody without probable cause and unlawfully arrested by the Defendants, in concert with each other and by their actions, knowing that Frederick Tarver could not identify Timothy Petty as being present and/or involved with the shooting.

469.     That on December 1, 2003, Defendant, Chicago Police Officer Elizabeth Dawson, knew or should have known that Chicago Police Officers, including, but not limited to, Defendants, Chicago Police Officers Mark Regal and Michael Conway, acting as employees of the City of Chicago and on the City of Chicago's behalf, maliciously broke down the door of the home of Frederick Tarver.

470.  That on December 1, 2003, Defendant, Chicago Police Officer Elizabeth
      Dawson, knew or should have known that Chicago Police Officers,
      including, but not limited to, Defendants, Chicago Police Officers Mark
      Regal and Michael Conway, acting as employees of the City of Chicago
      and on the City of Chicago's behalf, maliciously broke into the home of
      Frederick Tarver with guns drawn knowing such actions would cause
      Frederick Tarver to fear for his life and freedom.

471.  That on December 1, 2003, Defendant, Chicago Police Officer Elizabeth
      Dawson, knew or should have known that Frederick Tarver was locked in
      an interrogation room against his will for approximately ten hours.

472.  That on December 1, 2003, Defendant, Chicago Police Officer Elizabeth
      Dawson, knew or should have known that Chicago Police Officers,
      including, but not limited to, Jamie Kane, Allen Lee, and Harry Fenner, by
      their actions and in concert with each other and other unknown officers,
      acted maliciously, willful, wanton, and in total disregard of the Plaintiff,
      Timothy Petty's, rights, by threatening Frederick Tarver with Violation of
      Probation if he did not identify Timothy Petty in a line-up as one of the
      shooters.

473.  That on December 1, 2003, Defendant, Chicago Police Officer Elizabeth
      Dawson, knew or should have known that Defendants, Chicago Police
      Officers, including, but not limited to, Michael Conway, Mark Regal,
      Gregory Danz, William Davis, Harry Fenner, and Joseph O'Carroll, acting
      as employees of the City of Chicago and on the City of Chicago's behalf,

knew that Frederick Tarver, a convicted felon and gang member, was unable to identify either of the shooters, was fearful of incarceration, was fearful of Violation of Probation, and was fearful of threats by Police Officers.

474.    That the Defendants, Defendant, Chicago Police Officer Elizabeth Dawson, knew or should have known that Chicago Police Officers J. Weitzman, Michael Conway, Gregory Danz, William Davis, Harry Fenner, Joseph O'Carroll, Mark Regal, Allen Lee, and Jamie Kane, by their actions and in concert with each other, acted maliciously, willful, wanton, and in total disregard to Plaintiff's rights, knowing or should have knowing that Frederick Tarver was identifying Timothy Petty based on the threats, assaults, unlawful confinement, and unlawful arrest by the Defendants and other members of the Chicago Police Department.

475.    That on March 24, 2004, Defendant, Chicago Police Officer Elizabeth Dawson, knew or should have known that Frederick Tarver and other named Plaintiffs filed a complaint against The City of Chicago, Phil Cline, Terry G. Hillard, and Chicago Police Officers Scott, Blackledge, Gray, Hightower, Mason, Milz, Easter, Frazier, Howard, **Michael Conway, Mark Regal, Elizabeth Dawson, Gregory Danz, William Davis, Harry Fenner, J. Weitzman, J. Kane, A. Lee, L. Thezan, J. Evans, Joseph O'Carroll,** J. Lopez, Gary Bush, Charles Daley, W. Ruck, P. O'Donovan, James Egan, Edward Carroll, John Haniacek, Kevin Bor and Chicago

Police Sergeants Walsh, Howard, and Holy, and John Does One through Four.

476.    That the Defendant, Chicago Police Officer Elizabeth Dawson, and other Chicago Police Officers, including, but not limited to, Michael Conway, Gregory Danz, William Davis, Harry Fenner, Joseph O'Carroll, Mark Regal, Allen Lee, Jamie Kane, and J. Weitzman, acting as employees of the City of Chicago and on the City of Chicago's behalf, knew that Frederick Tarver filed a lawsuit on March 24, 2004 against the City of Chicago, Michael Conway, Mark Regal, Elizabeth Dawson, Gregory Danz, William Davis, Harry Fenner, J. Weitzman, J. Kane, A. Lee, L. Thezan, J. Evans, and Joseph O'Carroll, alleging that Frederick Tarver was held against his will and coerced into identifying Timothy Petty as the shooter and maliciously and with wanton disregard of the Plaintiff, Timothy Petty's, rights, continued the prosecution against Timothy Petty and took no action to terminate the criminal charges against Timothy Petty.

477.    That the Defendant, Chicago Police Officer Elizabeth Dawson, and other Chicago Police Officers, including, but not limited to, Michael Conway, Gregory Danz, William Davis, Harry Fenner, Joseph O'Carroll, Mark Regal, Allen Lee, Jamie Kane, and J. Weitzman, acting as employees of the City of Chicago and on the City of Chicago's behalf, knew that on October 14, 2005, Frederick Tarver gave a deposition indicating that he was held against his will and coerced into identifying Timothy Petty as the

shooter and maliciously and with wanton disregard of the Plaintiff,
Timothy Petty's, rights, continued the prosecution against Timothy Petty
and took no action to terminate the criminal charges against Timothy
Petty.

478.    That on April 14, 2006, Defendant, Chicago Police Officer Elizabeth
Dawson, knew or should have known that Frederick Tarver settled his
case recovering damages against the Defendant, City of Chicago.

479.    That on October 18, 2003, Defendant, Chicago Police Officer Elizabeth
Dawson, knew or should have known that shooting victim Sebastian
Moore was interviewed by Officer G. Kalfas, Star #19329 and Officer G.
Johnson, Star #19324 and stated that the shooters were two unknown
offenders, black in race, 16-18 years of age, and 5'0-5'5 ½ inches tall,
wearing all black, with skull caps and masks.

480.    That on October 18, 2003, Defendant, Chicago Police Officer Elizabeth
Dawson, knew or should have known that shooting victim Sebastian
Moore stated to Chicago Police Officers William Davis, Star #20166 and
Gregory Danz, Star #20111 that he had no idea who the offenders
(shooters) were or why he got shot.

481.    That on December 1, 2003, Defendant, Chicago Police Officer Elizabeth
Dawson, knew or should have known that Chicago Police Officers,
including, but not limited to, Defendants, Chicago Police Officers Mark
Regal and Michael Conway, maliciously broke down the door of the home
of Frederick Tarver, where Sebastian Moore was also located.

482.  That on December 1, 2003, Defendant, Chicago Police Officer Elizabeth Dawson, knew or should have known that Chicago Police Officers, including, but not limited to, Defendants, Chicago Police Officers Mark Regal and Michael Conway, maliciously broke down and entered into the home of Frederick Tarver, where Sebastian Moore was also located, with guns drawn knowing such actions would cause Sebastian Moore to fear for his life and freedom.

483.  That the Defendant, Chicago Police Officer Elizabeth Dawson, and other Chicago Police Officers, including, but not limited to, Michael Conway, Gregory Danz, William Davis, Harry Fenner, Joseph O'Carroll, Mark Regal, Allen Lee, Jamie Kane, and J. Weitzman, by their actions and in concert with each other acted maliciously, willful, and wanton and in total disregard to Plaintiff's rights knowing or should have knowing that Sebastian Moore was identifying Timothy Petty based on the threats, assaults, unlawful confinement, and unlawful arrest, by the Defendants and other members of the Chicago Police Department.

484.  That on November 29, 2003, Defendant, Chicago Police Officer Elizabeth Dawson, knew or should have known that the Plaintiff, Timothy Petty, identified as Spank, was taken into custody and subsequently charged with 3 counts of First Degree Murder, 5 counts of Attempted First Degree Murder, 2 counts of Aggravated Battery with a Firearm, 5 counts of Aggravated Discharge of a Firearm, 6 counts of Aggravated Battery, 2

counts of Unlawful Use of Weapon by a Felon, and 4 counts of
Aggravated Unlawful Use of a Weapon.

485.    That on November 29, 2003, Defendant, Chicago Police Officer Elizabeth
Dawson, knew or should have known that Plaintiff, Timothy Petty,
informed Chicago Police Officers, including, but not limited to,
Defendants, Chicago Police Officers Mark Regal and Michael Conway,
that he was in a different location at a public establishment at the time of
the shooting and the Defendants maliciously, and with willful and wanton
disregard, did not adequately investigate the Plaintiff, Timothy Petty's,
alibi.

486.    That on November 29, 2003, Timothy Petty was held in continuous
custody in the Chicago Police Station and Cook County Jail until August
23, 2006.

487.    That on August 23, 2006, Timothy Petty was found not guilty of all counts
after a bench trial in front of the Honorable Clayton Crane at 2650 South
California Avenue, Chicago, Illinois.

488.    That the Defendant, Chicago Police Officer Elizabeth Dawson, and other
Chicago Police Officers, including, but not limited to, Michael Conway,
Gregory Danz, William Davis, Harry Fenner, Joseph O'Carroll, Mark
Regal, Allen Lee, Jamie Kane, and J. Weitzman, acting for themselves,
and/or in concert with each other, in official capacity and as authorized
agents and servants of the Defendant, City of Chicago, arrested and/or
caused the arrest of Plaintiff, Timothy Petty, for first degree murder,

attempted first degree murder, aggravated battery with a firearm, aggravated discharge of a firearm, aggravated battery, unlawful use of a weapon by a felon, and aggravated unlawful use of a weapon without reasonable grounds to arrest and without legal cause by restraining him, handcuffing him, and caused him to be in the Chicago Police Department and the Cook County Department of Corrections, imprisoning him for more than 2 ½ years (997 days).

489.    As a direct and proximate result of the aforesaid wrongful conduct by Defendants, the Plaintiff, Timothy Petty, suffered damages.

490.    That the Defendant, Chicago Police Officer Elizabeth Dawson, and other Chicago Police Officers, including, but not limited to, Michael Conway, Gregory Danz, William Davis, Harry Fenner, Joseph O'Carroll, Mark Regal, Allen Lee, Jamie Kane, and J. Weitzman, acting for themselves, and/or in concert with each other, in official capacity and as authorized agents and servants of the Defendant, City of Chicago, arrested Plaintiff, Timothy Petty, for First Degree Murder, Attempted First Degree Murder, Aggravated Battery with a Firearm, Aggravated Discharge of a Firearm, Aggravated Battery, Unlawful Use of a Weapon by a Felon, and Aggravated Unlawful Use of a Weapon without reasonable grounds to arrest and without legal cause by restraining him, handcuffing him, and imprisoning him against his will.

WHEREFORE, Plaintiff, TIMOTHY PETTY, demands judgment against the Defendant, ELIZABETH DAWSON, a Chicago Police Officer employed by Defendant

CITY OF CHICAGO in an amount in excess of THIRTY MILLION, NINE HUNDRED EIGHTY SEVEN DOLLARS AND NO CENTS ($30,000,987.00), plus costs of suit, and any other relief the Court deems equitable.

## COUNT XXII

### (Malicious Prosecution-Elizabeth Dawson)

491.　The Plaintiff re-alleges and re-incorporates by reference paragraphs 454 thru 490 of Count XXI.

492.　On November 29, 2003, the Defendant, Chicago Police Officer Elizabeth Dawson, and other Chicago Police Officers, including, but not limited to, Michael Conway, Gregory Danz, William Davis, Harry Fenner, Joseph O'Carroll, Mark Regal, Allen Lee, Jamie Kane, and J. Weitzman, by initiating the criminal complaint, commenced and continued a criminal case against Plaintiff, specifically, the case of People v. Timothy Petty, Case Number 03CR28185 in the Circuit Court of Cook County.

493.　In a bench trial for First Degree Murder, Attempted First Degree Murder, Aggravated Battery with a Firearm, Aggravated Discharge of a Firearm, Aggravated Battery, Unlawful Use of a Weapon by a Felon, and Aggravated Unlawful Use of a Weapon, Plaintiff, Timothy Petty was found Not Guilty.

494.　The aforesaid criminal charges against Timothy Petty were terminated in his favor when he was found Not Guilty.

495.　There was no probable cause for the criminal case against Timothy Petty.

496.   The defendants acted with malice and/or with willful and wanton disregard of Plaintiff, Timothy Petty's, rights.

497.   As a direct and proximate result of aforesaid wrongful conduct by defendants, Timothy Petty, suffered damages.

WHEREFORE, Plaintiff, TIMOTHY PETTY, demands judgment against the Defendant, ELIZABETH DAWSON, a Chicago Police Officer employed by Defendant CITY OF CHICAGO in an amount in excess of THIRTY MILLION, NINE HUNDRED EIGHTY SEVEN DOLLARS AND NO CENTS ($30,000,987.00), plus costs of suit, and any other relief the Court deems equitable.

## COUNT XXIII

### (Intentional Infliction of Emotional Distress Against All Defendants)

498.   Plaintiff re-alleges and re-incorporates by reference paragraphs 1 thru 497 of Counts 1 thru XXII.

499.   Defendants, CITY OF CHICAGO, MICHAEL CONWAY, MARK REGAL, GREGORY DANZ, WILLIAM DAVIS, HARRY FENNER, JOSEPH O'CARROLL, ALLEN LEE, JAMIE KANE, J. WEITZMAN, and ELIZABETH DAWSON, intentionally engaged in extreme and outrageous behavior against Plaintiff, Timothy Petty, beginning on November 29, 2003 and continuing on during Plaintiff's, Timothy Petty's, incarceration until he was released on August 23, 2006.

500.   The Defendants' outrageous behavior caused Plaintiff, Timothy Petty, to suffer severe emotional distress, including anxiety, fear, anger, depression, and humiliation.

501.   Defendants intended to inflict emotional distress upon Plaintiff, Timothy
       Petty, when engaging in the above-described conduct and/or knew that
       there was a high probability that such conduct would result in such
       distress.

502.   The misconduct described in this Complaint was done with malice,
       willfulness and reckless indifference to the rights of others.

503.   As a proximate result of one or more of these intentional acts or
       omissions, Plaintiff sustained severe and extreme distress that caused him
       to sustain personal and pecuniary damages.

WHEREFORE, Plaintiff, TIMOTHY PETTY, demands judgment against the

Defendant, CITY OF CHICAGO, and its employees, Chicago Police Officers MICHAEL

CONWAY, MARK REGAL, GREGORY DANZ, WILLIAM DAVIS, HARRY

FENNER, JOSEPH O'CARROLL, ALLEN LEE, JAMIE KANE, J. WEITZMAN, and

ELIZABETH DAWSON, in an amount in excess of THIRTY MILLION, NINE

HUNDRED EIGHTY SEVEN DOLLARS AND NO CENTS ($30,000,987.00), plus

costs of suit, and any other relief the Court deems equitable.

## COUNT XXIV

### (Civil Conspiracy)

504.   Plaintiff re-alleges and re-incorporates by reference paragraphs 1 thru 503
       of Counts I thru XXIII.

505.   As described more fully in the preceding paragraphs, Defendants, acting in
       concert with other known and unknown co-conspirators, conspired by

concerted action to accomplish an unlawful purpose by an unlawful means.

506.    As described more fully in the preceding paragraphs, the complained-of conspiracy included among its objectives a conspiracy to falsely imprison and maliciously prosecute Plaintiff in this case.

507.    As described more fully in the preceding paragraphs, in furtherance of the conspiracy, Defendants committed overt acts and were otherwise willful participants in joint activity.

508.    The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

WHEREFORE, Plaintiff, TIMOTHY PETTY, demands judgment against the Defendant, CITY OF CHICAGO, and its employees, Chicago Police Officers MICHAEL CONWAY, MARK REGAL, GREGORY DANZ, WILLIAM DAVIS, HARRY FENNER, JOSEPH O'CARROLL, ALLEN LEE, JAMIE KANE, J. WEITZMAN, and ELIZABETH DAWSON, in an amount in excess of THIRTY MILLION, NINE HUNDRED EIGHTY SEVEN DOLLARS AND NO CENTS ($30,000,987.00), plus costs of suit, and any other relief the Court deems equitable.

## COUNT XXV

### (Respondeat Superior)

509.    Plaintiff re-alleges and re-incorporates by reference paragraphs 1 thru 508 of Counts I thru XXIV.

510.    In committing the acts alleged in the preceding paragraphs, each of the Defendant Officers were members of, and agents of, the Chicago Police

Department acting at all relevant times within the scope of their employment.

511.    Defendant City of Chicago is liable as principal for all torts committed by its agents.

WHEREFORE, Plaintiff, TIMOTHY PETTY, demands judgment against the Defendant, CITY OF CHICAGO, and its employees, Chicago Police Officers MICHAEL CONWAY, MARK REGAL, GREGORY DANZ, WILLIAM DAVIS, HARRY FENNER, JOSEPH O'CARROLL, ALLEN LEE, JAMIE KANE, J. WEITZMAN, and ELIZABETH DAWSON, in an amount in excess of THIRTY MILLION, NINE HUNDRED EIGHTY SEVEN DOLLARS AND NO CENTS ($30,000,987.00), plus costs of suit, and any other relief the Court deems equitable.

### COUNT XXVI

### (Indemnification)

512.    Plaintiff re-alleges and re-incorporates by reference paragraphs 1 thru 511 of Counts I thru XXV.

513.    Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

514.    The Defendant Officers are or were employees of the City of Chicago Police Department, who acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, Plaintiff, TIMOTHY PETTY, demands judgment against the Defendant, CITY OF CHICAGO, and its employees, Chicago Police Officers MICHAEL CONWAY, MARK REGAL, GREGORY DANZ, WILLIAM DAVIS, HARRY FENNER, JOSEPH O'CARROLL, ALLEN LEE, JAMIE KANE, J. WEITZMAN, and ELIZABETH DAWSON, in an amount in excess of THIRTY MILLION, NINE HUNDRED EIGHTY SEVEN DOLLARS AND NO CENTS ($30,000,987.00), plus costs of suit, and any other relief the Court deems equitable.

## COUNT XXVII

### (42 U.S.C. 1983—Due Process—Right to Fair Trial--All Individual Defendants)

515.   Plaintiff re-alleges and re-incorporates by reference paragraphs 1 thru 514 of Counts I thru XXVI.

516.   At all relevant times, Defendants Conway, Regal, Danz, Davis, Fenner, O'Carroll, Lee, Kane, Weitzman and Dawson were acting under color of law and within the scope of their employment.

517.   As described more fully above, Defendants Conway, Regal, Danz, Davis, Fenner, O'Carroll, Lee, Kane, Weitzman and Dawson, while acting either individually, jointly, and/or in conspiracy, deprived Plaintiff of his constitutional right to a fair trial, as protected by the Due Process Clause of the Constitution.

518.   The Fifth and Fourteenth Amendments to the Constitution of the United States prohibit the malicious acquisition and use of false or misleading witness statements inculpating persons when, as here, investigators knew or should have known that the statements obtained were flawed.

519. The Fifth and Fourteenth Amendments to the Constitution of the United States prohibit investigating officers from concealing exculpatory information from prosecutors and misadvising them about the investigative facts of a case.

520. Defendants violated the above precepts when they successfully induced prosecutors to wrongfully prosecute Plaintiff for murder and other crimes that he did not commit.

521. Defendants' actions included, but are not limited to, depriving prosecutors and Plaintiff of exculpatory material and information. This exculpatory material and information should have been provided by Defendants to prosecutors, who would have then been in a position to reassess and drop the prosecution against Plaintiff, or, alternatively, prosecutors would have been legally required under Brady v. Maryland to disclose this exculpatory material to Plaintiff.

522. As a direct and proximate result of the violation of his constitutional right to a fair trial, Plaintiff Timothy Petty suffered damages.

523. Defendants' misconduct was objectively unreasonable and was undertaken intentionally and with willful indifference to Plaintiff's constitutional rights.

524. Defendants' misconduct renders them liable to Plaintiff pursuant to the Fifth and Fourteenth Amendments to the United States and Title 42, United States Code, Section 1983.

WHEREFORE, Plaintiff, TIMOTHY PETTY, demands judgment against Defendant Chicago Police Officers MICHAEL CONWAY, MARK REGAL, GREGORY DANZ, WILLIAM DAVIS, HARRY FENNER, JOSEPH O'CARROLL, ALLEN LEE, JAMIE KANE, J. WEITZMAN, and ELIZABETH DAWSON, in an amount in excess of THIRTY MILLION, NINE HUNDRED EIGHTY SEVEN DOLLARS AND NO CENTS ($30,000,987.00), plus costs of suit, and any other relief the Court deems equitable. Plaintiff also specifically requests the recovery of all attorneys' fees incurred by Plaintiff during the prosecution of this case, as provided for under 42 U.S.C. § 1988.

## COUNT XXVIII

### (42 U.S.C. 1983—Conspiracy to Deprive Constitutional Rights—All Individual Defendants)

525. Plaintiff re-alleges and re-incorporates by reference paragraphs 1 thru 524 of Counts I thru XXVII.

526. Defendants Conway, Regal, Danz, Davis, Fenner, O'Carroll, Lee, Kane, Weitzman and Dawson knowingly conspired to frame Plaintiff for murder and other crimes that Plaintiff did not commit, therein depriving Plaintiff of his constitutionally rights to due process and to a fair trial.

527. The Defendant officers conspired by their concerted action to accomplish an unlawful purpose by an unlawful means.

528. In furtherance of the conspiracy, each co-conspirator committed overt acts and was an otherwise willful participant in the conspiracy.

529. Defendants' conspiratorial conduct included, but was not limited to, depriving prosecutors and Plaintiff of exculpatory material and

information. This exculpatory material and information should have been provided by Defendants to prosecutors, who would have then been in a position to reassess and drop the prosecution against Plaintiff, or alternatively, would have been required under Brady v. Maryland to disclose this exculpatory material to Plaintiff.

530.    As a direct and proximate result of the violation of the conspiracy amongst the Defendants, Plaintiff Timothy Petty suffered damages, including but not limited to emotional distress.

531.    Defendants' misconduct was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

532.    Defendants' misconduct renders them liable to Plaintiff pursuant to the Fifth and Fourteenth Amendments to the United States and Title 42, United States Code, Section 1983.

WHEREFORE, Plaintiff, TIMOTHY PETTY, demands judgment against Defendant Chicago Police Officers MICHAEL CONWAY, MARK REGAL, GREGORY DANZ, WILLIAM DAVIS, HARRY FENNER, JOSEPH O'CARROLL, ALLEN LEE, JAMIE KANE, J. WEITZMAN, and ELIZABETH DAWSON, in an amount in excess of THIRTY MILLION, NINE HUNDRED EIGHTY SEVEN DOLLARS AND NO CENTS ($30,000,987.00), plus costs of suit, and any other relief the Court deems equitable. Plaintiff also specifically requests the recovery of all attorneys' fees incurred by Plaintiff during the prosecution of this case, as provided for under 42 U.S.C. § 1988.

## COUNT XXIX

### (*Monell* claim—City of Chicago)

533.   Plaintiff re-alleges and re-incorporates by reference paragraphs 1 thru 532
       of Counts I thru XXVIII.

534.   At all relevant times, the City of Chicago maintained a custom, policy or
       practice of detaining persons whom the police believed were witnesses to
       certain crimes for extended periods of time against their will and confined
       them in locked interrogation rooms at police stations.

535.   At a hearing conducted before a federal District judge in *First Defense
       Legal Aid v. City of Chicago*, 01 C 9671, the federal court found, based
       largely on admissions made by Chicago Police Superintendent Phil Cline
       and another high ranking member of the Police, that the City's policies
       included the following:

(a)    Witnesses are taken to police stations for questioning, are thoroughly
       searched and then "secured" by being locked in small, windowless
       interrogation rooms, which are lacking toilets or running water and
       typically are furnished only with a metal bench bolted to the wall;

(b)    Witnesses typically are held in these rooms for many hours and in some
       cases days;

(c)    Counsel for these witnesses who appear at the police station are refused
       access to their clients;

(d)    This confinement of witnesses, as described above, is specifically
       designed to help witnesses "overcome their reluctance" to cooperate with
       the police;

(e)    Witnesses confined under these conditions are not free to leave the police

station and are, in fact, confined there against their will.

536.    The custom, policy and practice described above at all relevant times was

widespread, permanent and well-settled.  In fact, the above custom, policy

and practice was vigorously defended by attorneys for the City of Chicago

in *First Defense Legal Aid v. City of Chicago.*

537.    The custom, policy and practice described above caused the unlawful

seizure and detention of Frederick Tarver and was the proximate cause of

Tarver's coerced statement in which Tarver falsely identified Plaintiff as

being responsible for the shooting of Albert Council, Lowell Hubbard and

Sebastian Moore on October 18, 2003.

538.    The custom, policy and practice described above led to inculpatory but

"false" evidence being created against Petty.

539.    This false inculpatory evidence against Petty was used by Defendants to

falsely arrest, falsely imprison, and maliciously prosecute Petty.

540.    This false inculpatory evidence against Petty was used by Defendants to

violate Petty's constitutional rights, including but not limited to Petty's

right to receive a fair trial.

541.    On April 5, 2005, Kyle Davis, on behalf of a class of similarly situated

persons, filed a lawsuit against the City of Chicago (05 C 1967)

complaining of the custom, policy and practice described above.

542.    In July 2007, the City of Chicago settled Davis' lawsuit and paid

$250,000, pursuant to the settlement of the case.

543.    As part of the release and settlement entered into between the parties,  the City of Chicago implemented a Special Order (No. 07-05) regarding the treatment of witnesses.  The revised Special Order states *inter alia* that (a) witnesses shall be and remain free to leave, (b) witnesses are typically given a "witness advisory" which advises witnesses that "you are free to leave when you want," (c) conditions for witnesses at police facilities shall be reasonable, (d) witnesses are entitled to reasonable access to bathroom facilities, food and water, and (e) investigating offices will "ensure the comfort and overall well-being" of witnesses while at police facilities.

WHEREFORE, Plaintiff, TIMOTHY PETTY, demands judgment against Defendant CITY OF CHICAGO, in an amount in excess of THIRTY MILLION, NINE HUNDRED EIGHTY SEVEN DOLLARS AND NO CENTS ($30,000,987.00), plus costs of suit, and any other relief the Court deems equitable.  Plaintiff also specifically requests the recovery of all attorneys' fees incurred by Plaintiff during the prosecution of this case, as provided for under 42 U.S.C. § 1988.

Respectfully submitted,

Patrick M. Campanelli
Attorney for Plaintiff

Patrick M. Campanelli
Attorney for Plaintiff
9760 South Roberts Road
Suite One
Palos Hills, Illinois 60465
708-598-8540
Atty. No.: 35052

## **CERTIFICATION**

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil

Procedure, the undersigned certifies that the statements set forth in this instrument are

true and correct.

_Timothy Petty_
TIMOTHY D. PETTY

SUBSCRIBED and SWORN to
before me this _5th_ day

of _November_ , 2007.

_Nicole Olivito_
Notary Public

OFFICIAL SEAL
NICOLE OLIVITO
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:01/09/10

Patrick M. Campanelli
Atty. No.: 35052
Attorney for Timothy D. Petty
9760 South Roberts Road
Suite One
Palos Hills, Illinois 60465
708-598-8540



DEC 1 3 2007

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**FILED**

DEC 1 3 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Timothy D. Petty                    )
                                    )
        Plaintiff,                  )
    v.                              )    07cv7013
                                    )    Judge ANDERSEN
CITY OF CHICAGO, a municipal        )    Mag. Judge DENLOW
Corporation, et al.,                )
        Defendants.                 )

## NOTICE OF FILING

TO:    Patrick M. Campanelli
       Attorney at Law
       9760 South Roberts Road, Suite #1
       Palos Hills, Illinois 60465


       **PLEASE TAKE NOTICE** that I have this day filed with the Clerk of the United States
District Court for the Northern District of Illinois, Eastern Division, a **NOTICE OF
REMOVAL**, a copy of which is attached hereto and herewith served upon you.

       **DATED** at Chicago, Illinois this 13th day of December, 2007.


                                        Respectfully submitted,


                                        _____
                                        Scott Jebson
                                        Chief Assistant Corporation Counsel

30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 744-6959
Atty. No. 6287125