## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY D. PETTY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 07 C 7013 |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO, and CHICAGO | ) | |
| POLICE OFFICERS MICHAEL | ) | Judge Andersen |
| CONWAY, MARK REGAL, GREGORY | ) | |
| DANZ, WILLIAM DAVIS, HARRY | ) | |
| FENNER, JOSEPH O'CARROLL, | ) | |
| ALLEN LEE, JAMIE KANE, | ) | |
| J. WEITZMAN, and ELIZABETH | ) | |
| DAWSON, each individual sued in his | ) | |
| or her individual capacity | ) | **JURY DEMAND** |
| | ) | |
| Defendants | ) | |

### NOTICE OF FILING

**TO**:    Michael Condon                    Helen Gibbons
          HERVAS, CONDON & BERSANI          30 N. LaSalle St.
          333 Pierce Road                   Suite 1020
          Suite 195                         Chicago, IL 60602
          Itasca, Illinois 60243

    **PLEASE TAKE NOTICE** that on May 23, 2008, I filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, **DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND JURY DEMAND,** a copy of which is attached hereto and is hereby serve upon you.

                                       Respectfully submitted,

                                       /s/ Margaret A. Carey
                                       MARGARET A. CAREY
                                       Senior Counsel

30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 744-6073

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY D. PETTY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 07 C 7013 |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO, and CHICAGO | ) | |
| POLICE OFFICERS MICHAEL | ) | Judge Andersen |
| CONWAY, MARK REGAL, GREGORY | ) | |
| DANZ, WILLIAM DAVIS, HARRY | ) | |
| FENNER, JOSEPH O'CARROLL, | ) | |
| ALLEN LEE, JAMIE KANE, | ) | |
| J. WEITZMAN, and ELIZABETH | ) | |
| DAWSON, each individual sued in his | ) | |
| or her individual capacity | ) | **JURY DEMAND** |
| | ) | |
| Defendants | ) | |

### DEFENDANTS, CONWAY, REGAL, DANZ, DAVIS, FENNER, O'CARROLL, LEE, KANE, WEITZMAN AND DAWSON'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND JURY DEMAND

Defendants Michael Conway, Mark Regal, Gregory Danz, William Davis, Harry Fenner, Joseph O'Carroll, Allen Lee, Jamie Kane, J. WEITZMAN and Elizabeth Dawson, by their attorneys, Margaret A. Carey, Senior Counsel, and Kathryn M. Doi, Assistant Corporation Counsel, submit the following answer to Plaintiff's third amended complaint, affirmative defenses, and jury demand.

### JURISDICTION AND VENUE

1.      This is a civil action for damages arising under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) because one or more of the Defendants in this case reside in this District.

2

**ANSWER:** Defendants admit that this is a civil action for damages arising under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) because one or more of the Defendants in this case reside in this District. Defendants deny any wrongful or illegal conduct and deny the allegations as alleged in this complaint.

## THE PARTIES

2.　　Plaintiff Timothy Petty is an Illinois citizen and a resident of Chicago, Illinois.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

3.　　On October 18, 2003, and all relevant times thereafter, the Defendant City of Chicago was an entity that employed police officers and peace officers through the Chicago Police Department.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

4.　　On October 18, 2003, and all relevant times thereafter, Defendant Michael Conway, Star #20246, was a duly sworn police officer acting in the scope of his employment for the City of Chicago and/or the Chicago Police Department.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

5.　　On October 18, 2003, and all relevant times thereafter, Defendant Mark Regal, Star #20592, was a duly sworn police officer acting in the scope of his employment for the City of Chicago and/or the Chicago Police Department.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

6.　　On October 18, 2003, and all relevant times thereafter, Defendant Gregory Danz, Star #20111, was a duly sworn police officer acting in the scope of his employment for the City of Chicago and/or the Chicago Police Department.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

7.　　On October 18, 2003, and all relevant times thereafter, Defendant William Davis,

Star #20166, was a duly sworn police officer acting in the scope of his employment for the City of Chicago and/or the Chicago Police Department.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

8. On October 18, 2003, and all relevant times thereafter, Defendant Harry Fenner, Star #20625, was a duly sworn police officer acting in the scope of his employment for the City of Chicago and/or the Chicago Police Department.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

9. On October 18, 2003, and all relevant times thereafter, Defendant Joseph O'Carroll, Star #20805, was a duly sworn police officer acting in the scope of his employment for the City of Chicago and/or the Chicago Police Department.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

10. On October 18, 2003, and all relevant times thereafter, Defendant Allen Lee, Star #20945, was a duly sworn police officer acting in the scope of his employment for the City of Chicago and/or the Chicago Police Department.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

11. On October 18, 2003, and all relevant times thereafter, Defendant Jamie Kane, Star #01194, was a duly sworn police officer acting in the scope of his employment for the City of Chicago and/or the Chicago Police Department.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

12. On October 18, 2003, and all relevant times thereafter, Defendant Joshua Weitzman, Star #20307, was a duly sworn police officer acting in the scope of his employment for the City of Chicago and/or the Chicago Police Department.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

13. On October 18, 2003, and all relevant times thereafter, Defendant Elizabeth Dawson, Star #9891, was a duly sworn police officer acting in the scope of her employment for the City of Chicago and/or the Chicago Police Department.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

14. All individual Defendants named above are being sued in their individual capacities.

4

**ANSWER:**  Defendants admit the allegations contained in this paragraph but deny any

wrongful or illegal conduct.

## ALLEGATIONS OF FACT GIVING RISE TO ALL COUNTS

15.    On October 18, 2003, at approximately 1:25 a.m., at 5816 North Ridge, Chicago,
Cook County, Illinois, two unknown persons fired from handguns at Frederick Tarver, Lowell
Hubbard, Sebastian Moore, Mario Parker, Sergio Miller a/k/a Srdjen Kostic, and Albert Council.

**ANSWER:**  Defendants, upon information and belief, admit the allegations contained in

this paragraph.

16.    As a result of the shots fired, Albert Council died.

**ANSWER:**  Defendants admit the allegations contained in this paragraph.

17.    As a result of the shots fired, Lowell Hubbard and Sebastian Moore were
wounded.

**ANSWER:**  Defendants admit the allegations contained in this paragraph.

18.    Shortly after the shootings on October 18, 2003, Chicago Police Officers G.
Kalfas, Star #19329, and Chicago Police Officer G. Johnson, Star #19324, took a description of
the alleged shooters from Sebastian Moore, Lowell Hubbard, and Frederick Tarver, who each
described their assailants as two unknown offenders, black in race, 16-18 years of age, and
5'0-5'5 ½ inches tall, wearing all black, with skull caps and masks.

**ANSWER:**  Defendants admit that the general offense case report authored by Officers

Kalfas and Johnson reflects that the shooters were described as  two unknown offenders, black in

race, 16-18 years of age, and 5'0-5'5 ½ inches tall, wearing dark clothing, with skull caps and

masks.   Defendants are without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations contained in this paragraph.

19.    At least one of the individuals/victims who was present at the time of the
shootings advised Defendants on October 18, 2003 that those present at the time of the shootings
were drinking alcohol and/or taking drugs before the shootings. Several of the other
individuals/victims present at the shooting subsequently confirmed that those present were

drinking alcohol and/or taking drugs before the shootings.

**ANSWER:** Defendants Davis and Danz admit that Defendant Danz was told on October 18, 2003 that some of those present at that time of the shooting were drinking alcohol and/or taking drugs before the shooting. Defendants Davis and Danz are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph. Defendants Fenner and Weitzman admit that on October 18, 2003 they learned that some of the individuals/victims present at the time of the shooting were taking drugs before the shooting. Defendants Fenner and Weitzman are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph. Defendants Conway and Regal admit that at some later date they learned that the individuals/victims present at the shooting were taking drugs and drinking at the time of the shooting. Defendants Conway and Regal deny the remaining allegations contained in this paragraph. Defendants O'Carroll, Lee, Kane and Dawson are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

20.     When interviewed later on October 18, 2003 by Detectives William Davis, Star #20166, and Gregory Danz, Star #20111, Moore related that he had no idea who the shooters were or why he got shot.

**ANSWER:** Defendants Davis and Danz admit the allegations contained in this paragraph. Defendants Conway, Regal, Fenner, O'Carroll, Lee, Kane, Weitzman and Dawson, on information and belief, admit the allegations contained in this paragraph.

21.     Defendant Elizabeth Dawson was one of the first police officers to arrive at the scene of the shooting and also took Mario Parker and Frederick Tarver into custody after the shootings and transported Parker and Tarver from the scene to the police station.

**ANSWER:** Defendant Dawson admits that she was one of the first police officers to

6

arrive at the scene of the shooting and transported Parker and Tarver from the scene to the police

station. Defendant Dawson denies the remaining allegations contained in this complaint.

Defendants Davis, Danz, Conway, Regal, Fenner, O'Carroll, Lee, Kane and Weitzman, upon

information and belief, admit that Defendant Dawson was one of the first police officers to arrive

at the scene of the shooting and she transported Mario Parker and Frederick Tarver into the

police station from the scene. Defendants deny that Mario Parker and Frederick Tarver were in

custody.

22.    While Tarver advised Officers Kalfas and Johnson at the scene that he could not
identify the shooters, Defendant Dawson falsely advised Defendants Davis and Danz that Tarver
had identified one of the shooters as "Spank."

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief

as to the truth of what Tarver told Officers Kalfas and Johnson at the scene. Defendants Dawson,

Davis and Danz admit that Defendant Dawson advised Defendants Danz and Davis that Tarver

had identified one of the shooters as "Spank". Defendants Dawson denies that she falsely

advised Defendants Davis and Danz, that Tarver had identified one of the shooters as "Spank".

Defendants Davis, Danz, Conway, Regal, Fenner, O'Carroll, Lee, Kane and Weitzman are

without knowledge or information sufficient to form a belief as to the truth of whether Defendant

Dawson falsely advised Defendants Davis and Danz that Tarver had identified one of the

shooters as "Spank".

23.    On or about October 18, 2003, Defendant Officers Michael Conway, Mark Regal,
Gregory Danz, William Davis, Harry Fenner, Joseph O'Carroll, Allen Lee, Jamie Kane, Joshua
Weitzman, and Elizabeth Dawson, acting as employees of the City of Chicago, knew or should
have known that Frederick Tarver, Lowell Hubbard, Sebastian Moore, Mario Parker, and Sergio
Miller a/k/a Srdjen Kostic, could not identify the shooters because both shooters were wearing
black, with skull caps and masks.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

24.    Despite Tarver's inability to identify the shooters, Tarver was held against his will on October 18, 2003 at Area 3 Violent Crimes for 19 hours by Officers Dawson and Davis, Detectives Danz, Fenner and Weitzman and other unknown Chicago Police Officers.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

25.    At the time that Tarver was held in custody, the Chicago Police Department and the Defendant Officers knew that Frederick Tarver was a gang member and a convicted felon.

**ANSWER:** Defendants Dawson, Davis, Danz, Fenner and Weitzman deny that Tarver was held in custody. Defendants Dawson, Davis, Danz, Fenner and Weitzman admit, on information and belief, that Frederick Tarver was a former Conservative Vice Lord. Defendants Dawson, Davis, Danz, Fenner and Weitzman are without knowledge or information sufficient to form a belief as to the truth of whether they knew at the time that Tarver was a convicted felon. Defendants Conway, Regal, O'Carroll, Lee and Kane are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

26.    At Area 3 Violent Crimes, Tarver was held in a locked room which had no windows, and only contained cement blank walls, a hard tile floor, and a hard wooden bench, which was bolted to the wall.

**ANSWER:** Defendants Davis, Danz, Fenner and Weitzman deny the bench was wooden. Defendants Davis, Danz, Fenner and Weitzman admit the remaining allegations contained in this paragraph. Defendants Conway, Regal, O'Carroll, Lee, Dawson and Kane are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

27.    Tarver was locked in the aforementioned room with no access to food, water, or a toilet.

**ANSWER:** Defendants Davis, Danz, Fenner and Weitzman admit that the door was

8

locked.  Defendants Davis, Danz, Fenner and Weitzman deny the remaining allegations

contained in this paragraph.  Defendants Conway, Regal, O'Carroll, Lee, Dawson and Kane are

without knowledge or information sufficient to form a belief as  to the truth of the allegations

contained in this paragraph

28.    Tarver was not allowed to leave, change clothes, and/or sleep (except on a hard
wooden bench), even though Tarver repeatedly requested to go home.

**ANSWER:**  Defendants Davis, Danz, Fenner and Weitzman deny the allegations

contained in this paragraph.  Defendants Conway, Regal, O'Carroll, Lee, Dawson and Kane are

without knowledge or information sufficient to form a belief as  to the truth of the allegations

contained in this paragraph

29.    During Tarver's de facto incarceration, Defendants Davis, Danz, Fenner, and
Weitzman told Tarver that he would be unable to leave the police station until he identified a
person he allegedly knew as "Spank" as one of the shooters in a photo array.

**ANSWER:**  Defendants Davis, Danz, Fenner and Weitzman deny the allegations

contained in this paragraph.  Defendants Conway, Regal, O'Carroll, Lee, Dawson and Kane are

without knowledge or information sufficient to form a belief as  to the truth of the allegations

contained in this paragraph

30.    After thirteen hours in custody, Tarver identified a person he allegedly knew as
"Spank" as one of the shooters in a photo array.

**ANSWER:**  Defendants Fenner and Weitzman admit that Tarver identified a person he

knew as "Spank" as one of the shooters from the photo array.  Defendants Fenner and Weitzman

are without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations contained in this paragraph. Defendants Davis, Danz, Conway, Regal, O'Carroll, Lee,

Dawson and Kane are without knowledge or information sufficient to form a belief as  to the

9

truth of the allegations contained in this paragraph

31.    Tarver's identification as "Spank" as one of the shooters was a direct result of threats made by Defendants Davis, Danz, Fenner, and Weitzman, and other unknown Chicago Police Officers. Defendants' actions broke Tarver's will, made Tarver desirous of leaving his unlawful restraint, and made. Tarver fearful of being wrongfully charged and unlawfully incarcerated.

**ANSWER:**  Defendants Davis, Danz, Fenner and Weitzman deny the allegations

contained in this paragraph as they apply to them.  Defendants Davis, Danz, Fenner and

Weitzman are without knowledge or information sufficient to form a belief as to the truth of the

actions of  other unknown Chicago Police Officers.  Defendants Conway, Regal, O'Carroll, Lee,

Dawson and Kane are without knowledge or information sufficient to form a belief as  to the

truth of the allegations contained in this paragraph

32.    On October 18, 2003, Defendants Conway, Regal, Dawson, Danz, Davis, Fenner, Weitzman, Kane, Lee, and O'Carroll knew that Plaintiff Petty had a nickname of "Spank" but also knew that Petty did not match the description given of the two shooters since Petty was 5' 11 and 22 years old.

**ANSWER:**  Defendants deny the allegations contained in this paragraph.

33.    In the days and weeks following October 18, 2003, Tarver received repeated and increasingly harassing telephone and in-person contacts from Chicago police officers, demanding that he return to police headquarters for further questioning. Tarver refused these demands and advised that he had nothing further to tell the police.

**ANSWER:**  Defendants deny the allegations contained in this paragraph as it relates to

their conduct.  Defendants are without knowledge or information sufficient to form a belief as to

the truth of the remaining allegations contained in this paragraph.

34.    On November 29, 2003, Petty was taken into custody without probable cause and was unlawfully arrested by the Defendants, even though Defendants knew that Tarver's identification of Petty was coerced and that Tarver could not truthfully identify Petty as being present and/or involved in the shootings.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

35.    After being taken into custody on November 29, 2003, Petty was charged with 3 counts of First Degree Murder, 5 counts of Attempted First Degree Murder, 2 counts of Aggravated Battery with a Firearm, 5 counts of Aggravated Discharge of a Firearm, 6 counts of Aggravated Battery, 2 counts of Unlawful Use of Weapon by a Felon, and 4 counts of Aggravated Unlawful Use of a Weapon.

**ANSWER:** Defendants, upon information and belief, admit the allegations contained in

this paragraph.

36.    Upon being taken into custody on November 29, 2003, Petty informed Defendants Conway, Regal, and other unknown officers that he was in a different location at a public establishment at the time of the shootings but Defendants did not adequately investigate Petty's alibi.

**ANSWER:** Defendants Conway and Regal deny the allegations contained in this

paragraph.  Defendants Danz, Davis, Fenner, Weitzman, O'Carroll, Lee, Kane and Dawson deny

the allegations as to themselves and are without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations contained in this paragraph.

37.    On December 1, 2003, Chicago Police Officers, including but not limited to Defendants Regal and Conway, maliciously broke down the door of Tarver's home (where Tarver and Moore both were at the time) with guns drawn, knowing that such  actions would cause Tarver and Moore to fear for their life and freedom. Officers then handcuffed Tarver and Moore and brought both to the police station, even though neither was a suspect in the shootings and there was no probable cause to arrest Tarver or Moore.

**ANSWER:** Defendants Regal and Conway admit that on December 1, 2003, Tarver and

Moore were placed in handcuffs and brought to the station from Tarver's home, that Tarver and

Moore were not suspects and that there was no probable cause to arrest Tarver or Moore.

Defendants Regal and Conway deny the remaining allegations contained in this paragraph.

Defendants Danz, Davis, Fenner, O'Carroll, Lee, Kane, Weitzman and Dawson are without

knowledge or information sufficient to form a belief as to the truth of the allegations contained in

11

this paragraph.

38.     Although not a suspect in the shootings and supposedly not under arrest at the time, Tarver was locked in an interrogation room against his will for approximately ten hours on December 1, 2003.

**ANSWER:**  Defendants Conway and Regal admit that Tarver was not a suspect, was not

under arrest, and the room was locked.  Defendants Conway and Regal are without knowledge or

information sufficient to form a belief as to how long Tarver remained in the room.  Defendants

Conway and Regal deny the remaining allegations contained in this paragraph.  Defendants

Danz, Davis, Fenner, O'Carroll, Lee, Kane, Weitzman and Dawson are without knowledge or

information sufficient to form a belief as to the truth of the allegations contained in this

paragraph.

39.     Upon reasonable information and belief, Moore was also locked in an interrogation room against his will for an extended period of time on December 1, 2003.

**ANSWER:**  Defendants Conway and Regal deny the allegations contained in this

paragraph.  Defendants Danz, Davis, Fenner, O'Carroll, Lee, Kane, Weitzman and Dawson are

without knowledge or information sufficient to form a belief as to the truth of the allegations

contained in this paragraph.

40.     On December 1, 2003, Chicago Police Officers, including but not limited to Defendants Kane, Fenner and Lee, acting maliciously, willfully, wantonly, and in total disregard of both Petty and Tarver's rights, threatened Tarver with violating his probation if he did not identify Petty in a line-up as one of the shooters.

**ANSWER:**  Defendants Kane, Fenner and Lee deny the allegations contained in this

paragraph as they relate to them.  Defendants Kane, Fenner and Lee are without knowledge or

information sufficient to form a belief as to the truth of the allegations contained in this

paragraph as they relate to any other Chicago Police Officer.  Defendants Danz, Davis, O'Carroll,

Weitzman, Dawson, Conway and Regal are without knowledge or information sufficient to form

a belief as to the truth of the allegations contained in this paragraph.

41.    On December 1, 2003, Defendants Conway, Regal, Danz, Davis, Fenner, and
O'Carroll knew that Tarver, a convicted felon and gang member, was unable to identify either of
the shooters, was fearful of incarceration, was fearful of violating his probation, and was fearful
of being threatened by police officers.

**ANSWER:**  Defendants Conway, Regal, Danz, Davis, Fenner and O'Carroll knew that

Tarver admitted to being a former Conservative Vice Lord.  Defendants Conway, Regal, Danz,

Davis, Fenner and O'Carroll are without knowledge or information sufficient to form a belief as

to whether Tarver was a convicted felon.  Defendants Conway, Regal, Danz, Davis, Fenner and

O'Carroll deny the remaining allegations contained in this paragraph.  Defendants Lee, Kane,

Weitzman and Dawson lack knowledge or information sufficient to form a belief as to the truth

of the allegations contained in this paragraph.

42.    Defendants knew or should have known that any identification of Petty as a
shooter by Tarver and/or Moore was based on threats, assaults, unlawful confinement, and
unlawful arrests by the Defendants and other members of the Chicago Police Department.

**ANSWER:**  Defendants deny the allegations contained in this paragraph.

43.    Defendants Dawson, Conway, Regal, Danz, Davis, Fenner, O' Carroll, Lee, Kane,
and Weitzman, by their actions and in concert with each other, acted maliciously, willfully and
wantonly, and in total disregard of Petty's rights, as well as the rights of Tarver and Moore.

**ANSWER:**  Defendants deny the allegations contained in this paragraph.

44.    Defendants' illegal and unconstitutional conduct included but was not limited to
coercing Tarver and Moore into falsely identifying Petty as one of the shooters.

**ANSWER:**  Defendants deny the allegations contained in this paragraph.

45.    At no time (either before or after Petty's arrest) did Defendants obtain any
physical evidence implicating Petty in the shootings.

**ANSWER:** Defendants admit that the evidence tying Petty to the shooting was the identification of Petty as one of the shooters. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations as the term "physical evidence" is undefined.

46.    Despite the lack of any physical evidence whatsoever, Petty was charged and prosecuted by the Cook County State's Attorney's Office. The prosecution of Petty occurred because of the illegal and unconstitutional conduct of Defendants in obtaining false and coerced identifications of Petty by Tarver and Moore.

**ANSWER:** Defendants admit that Petty was charged and prosecuted by the Cook County State's Attorney's Office. Defendants deny the remaining allegations contained in this paragraph.

47.    At no time did any of the Defendants or anyone else at the Chicago Police Department advise prosecutors at the Cook County State's Attorney's Office about their illegal actions and how they obtained false identifications from Tarver and Moore.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

48.    On March 24,2004, Frederick Tarver and other named Plaintiffs filed a civil lawsuit against the City of Chicago, Phil Cline, Terry G. Hillard, and Chicago Police Officers Scott, Blackledge, Gray, Hightower, Mason, Milz, Easter, Frazier, Howard, Michael Conway, Mark Regal, Elizabeth Dawson, Gregory Danz, William Davis, Harry Fenner, Joshua Weitzman, Jamie Kane, A, Lee, L. Thezan, J. Evans, Joseph O'Carroll, J. Lopez, Gary Bush, Charles Daley, W, Ruck, P. O'Donovan, James Egan, Edward Carroll, John Haniacek, Kevin Bor and Chicago Police Sergeants Walsh, Howard, and Holy (see the First Amended Complaint filed in case 03-C-6620).

**ANSWER:** Defendants Dawson, Danz, Weitzman and Conway admit the allegations contained in this paragraph. Defendants Davis, Regal, Fenner, Kane, Lee and O'Carroll are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

49.    Tarver alleged in his lawsuit that, on October 18, 2003, he was held against his

14

will, intimidated and coerced by Defendants into providing false testimony and/or evidence.

**ANSWER:** Defendants Danz, Dawson, Conway and Weitzman admit the allegations contained in this paragraph. Defendants Davis, Regal, Fenner, Kane, Lee and O'Carroll are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

50. Defendants also knew that Tarver gave a deposition under oath on October 14, 2005, in which Tarver stated that he had been held against his will and coerced into falsely identifying Petty as the shooter. Nevertheless, Defendants took no action to terminate the criminal case against Petty and in fact the criminal case against Petty continued.

**ANSWER:** Defendants Dawson, Weitzman and Conway admit they knew Tarver gave a deposition under oath on October 14, 2005. Defendants Dawson, Weitzman and Conway further admit that the criminal case against Petty continued. Defendants Dawson, Weitzman and Conway deny the remaining allegations contained in this paragraph. Defendants Danz, Davis, Regal, Fenner, Kane, Lee and O'Carroll are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

51. The Defendants in this case were aware of the allegations made by Tarver in his civil lawsuit filed in March 2004 but took no action thereafter.

**ANSWER:** Defendants Danz, Dawson, Conway and Weitzman admit the allegations contained in this paragraph. Defendants Davis, Regal, Fenner, Kane, Lee and O'Carroll are without knowledge or information sufficient to form a belief as to the allegations made by Tarver in his civil lawsuit, but admit that they took no action.

52. On April 14, 2006, the City of Chicago settled Tarver's lawsuit, paying damages to Tarver in the process.

**ANSWER:** Defendants Conway, Weitzman and Dawson, upon information and belief,

admit the allegations contained in this paragraph.  Defendants Danz, Davis, Regal, Fenner, Kane,

Lee and O'Carroll are without knowledge or information sufficient to form a belief as to the truth

of the allegations contained in this paragraph.

53.    On August 23, 2006, Petty was found not guilty of all counts against him after a
bench trial in front of the Honorable Clayton Crane at 2650 South California Avenue, Chicago,
Illinois.

**ANSWER:**  Defendants Conway, Weitzman and Dawson, upon information and belief,

admit the allegations contained in this paragraph.  Defendants Danz, Davis, Regal, Fenner, Kane,

Lee and O'Carroll are without knowledge or information

54.    Petty was held in continuous custody at the Chicago Police Station and Cook
County Jail from November 29,2003 until August 23,2006.

**ANSWER:**  Defendants, upon information and belief, admit the allegations contained in

this paragraph.

## COUNT I
### (42 U.S.C. 1983-Due Process-Right to Fair Trial-All Individual Defendants)

55.    Plaintiff realleges and reincorporates all previous allegations as part of Count I.

**ANSWER:**  Defendants' answers to the foregoing paragraphs are incorporated by

reference as though fully set forth in Count I.

56.    At all relevant times, the Individual Defendants were acting under color of law
and within the scope of their employment with the City of Chicago.

**ANSWER:**  Defendants admit the allegations contained in this paragraph.

57.    As described more fully above, the Individual Defendants, while acting either
individually, jointly, and/or in conspiracy, deprived Plaintiff of his constitutional right to a fair
trial, as protected by the Due Process Clause of the Constitution.

**ANSWER:**  Defendants deny the allegations contained in this paragraph.

58.     The Fifth and Fourteenth Amendments to the Constitution of the United States prohibit the malicious acquisition and use of false or misleading witness statements inculpating persons when, as here, investigators knew or should have known that the statements obtained were flawed.

**ANSWER:**  Defendants deny that Plaintiff has accurately stated the law in the allegations

contained in this paragraph.

59.     The Fifth and Fourteenth Amendments to the Constitution of the United States prohibit investigating officers from concealing exculpatory information from prosecutors and misadvising them about the investigative facts of a case.

**ANSWER:**  Defendants deny that Plaintiff has accurately stated the law in the allegations

contained in this paragraph.

60.     Defendants violated the above precepts when they successfully induced prosecutors to wrongfully prosecute Plaintiff for murder and other crimes that he did not commit.

**ANSWER:**  Defendants deny the allegations contained in this paragraph.

61.     Defendants' actions included, but are not limited to, depriving prosecutors and Plaintiff of exculpatory material and information.  This exculpatory material and information should have been provided by Defendants to prosecutors, who would have then been in a position to either drop the prosecution against Plaintiff, or, alternatively, prosecutors would have been legally required under Brady v. Maryland to disclose this exculpatory material and information to Plaintiff.

**ANSWER:**  Defendants deny the allegations contained in this paragraph.

62.     As a direct and proximate result of the violation of his constitutional right to a fair trial, Plaintiff Timothy Petty suffered damages.

**ANSWER:**  Defendants deny the allegations contained in this paragraph.

63.     Defendants' misconduct was objectively unreasonable and was undertaken intentionally and with willful indifference to Plaintiff s constitutional rights.

**ANSWER:**  Defendants deny the allegations contained in this paragraph.

64.     As a result of their misconduct, Defendants are liable to Plaintiff pursuant to the

Fifth and Fourteenth Amendments to the United States and Title 42, United States Code, Section 1983.

    **ANSWER:** Defendants deny the allegations contained in this paragraph.

    **WHEREFORE,** Defendants respectfully request that judgment be entered in their favor and against Plaintiff, for costs of defending this suit and any other relief this Honorable Court deems necessary and proper.

## <u>COUNT II</u>
### (42 U.S.C. 1983-Conspiracy to Deprive Constitutional Rights-All Individual Defendants)

    65.    Plaintiff realleges and reincorporates all previous allegations as part of Count II.

    **ANSWER:** Defendants' answers to the foregoing paragraphs are incorporated by reference as though fully set forth in Count II.

    66.    The Individual Defendants knowingly conspired to frame Plaintiff for murder and other crimes that Plaintiff did not commit, therein depriving Plaintiff of his constitutionally rights to due process and to a fair trial.

    **ANSWER:** Defendants deny the allegations contained in this paragraph.

    67.    The Individual Defendants conspired by their concerted action to accomplish an unlawful purpose by an unlawful means.

    **ANSWER:** Defendants deny the allegations contained in this paragraph.

    68.    In furtherance of the conspiracy, each co-conspirator committed overt acts and was an otherwise willful participant in the conspiracy.

    **ANSWER:** Defendants deny the allegations contained in this paragraph.

    69.    Defendants' conspiratorial conduct included, but was not limited to, depriving prosecutors and Plaintiff of exculpatory material and information. This exculpatory material and information should have been provided by Defendants to prosecutors, who would have then been in a position to reassess and drop the prosecution against Plaintiff, or alternatively, would have been required under <u>Brady v. Maryland</u> to disclose this exculpatory material to Plaintiff.

    **ANSWER:** Defendants deny the allegations contained in this paragraph.

70.    As a direct and proximate result of the violation of the conspiracy amongst the Defendants, Plaintiff Timothy Petty suffered damages, including but not limited to emotional distress.

**ANSWER:**  Defendants deny the allegations contained in this paragraph.

71.    Defendants' misconduct was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiffs constitutional rights.

**ANSWER:**  Defendants deny the allegations contained in this paragraph.

72.    Defendants' misconduct renders them liable to Plaintiff pursuant to the Fifth and Fourteenth Amendments to the United States and Title 42, United States Code, Section 1983.

**ANSWER:**  Defendants deny the allegations contained in this paragraph.

**WHEREFORE,** Defendants respectfully request that judgment be entered in their favor

and against Plaintiff, for costs of defending this suit and any other relief this Honorable Court

deems necessary and proper.

### COUNT III
### (*Monell* claim-Defendant City of Chicago only)

Defendants make no answer to any allegation contained in Count III as Count III is only

directed against the City of Chicago**.**

### COUNT IV
### (State Law claim-False Imprisonment-All Defendants)

84.    Plaintiff realleges and reincorporates all previous allegations as part of Count IV.

**ANSWER:**  Defendants' answers to paragraphs 1-72 are incorporated by reference as

though fully set forth in Count IV as their answer to paragraph 84.  Defendants have not

answered paragraphs 73-83 because they were only directed against the City.

85.    Defendants, City of Chicago, Michael Conway, Mark Regal, Gregory Danz,
William Davis, Harry Fenner, Joseph O'Carroll, Allen Lee, Jamie Kane, Joshua Weitzman, and

Elizabeth Dawson, acting for themselves, and/or in concert with each other, in their individual and official capacities and as authorized agents and servants of the Defendant, City of Chicago, arrested and/or caused the arrest of Petty for first degree murder, attempted first degree murder, aggravated battery with a firearm, aggravated discharge of a firearm, aggravated battery, unlawful use of a weapon by a felon, and aggravated unlawful use of a weapon without reasonable grounds to arrest and without legal cause, by restraining him, handcuffing him, and caused him to be subsequently held for more than 2 ½ years (997 days) in the Chicago Police Department and the Cook County Department of Corrections.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

86.     As a direct and proximate result of the false imprisonment of Petty by Defendants, Petty suffered damages.

**ANSWER:**  Defendants deny the allegations contained in this paragraph.

**WHEREFORE,** Defendants respectfully request that judgment be entered in their favor

and against Plaintiff, for costs of defending this suit and any other relief this Honorable Court

deems necessary and proper.

<u>**COUNT V**</u>
**(State Law claim-Malicious Prosecution-All Defendants)**

87.     Plaintiff realleges and reincorporates all previous allegations as part of Count V.

**ANSWER:**  Defendants' answers to paragraphs 1-72 and 84-86 are incorporated by

reference as though fully set forth in Count V as their answer to paragraph 87.  Defendants have

not answered paragraphs 73-83 because they were only directed against the City.

88.     By procuring false identifications, initiating a criminal complaint, and commencing and continuing a criminal case against Plaintiff, specifically, the case of People v. Timothy Petty. Case Number 03 CR 28185, in the Circuit Court of Cook County, the Defendants, City of Chicago, Michael Conway, Mark Regal, Gregory Danz, William Davis, Harry Fenner, Joseph O'Carroll, Allen Lee, Jamie Kane, Josh Weitzman, and Elizabeth Dawson have maliciously prosecuted Plaintiff, in violation of Illinois law.

**ANSWER:**  Defendants deny the allegations contained in this paragraph.

89.     All criminal charges against Timothy Petty were terminated in his favor when he

was found not guilty of all charges.

**ANSWER:** Defendants, upon information and belief, admit the allegations contained in this paragraph.

90.    Probable cause did not exist for the prosecution of Petty.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

91.    Defendants acted with malice and/or with willful and wanton disregard of Petty's rights.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

92.    As a direct and proximate result of the malicious prosecution against Petty, Petty suffered damages.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

**WHEREFORE,** Defendants respectfully request that judgment be entered in their favor and against Plaintiff, for costs of defending this suit and any other relief this Honorable Court deems necessary and proper.

## <u>COUNT VI</u>
### (State Law claim-Intentional Infliction of Emotional Distress - All Defendants)

93.    Plaintiff realleges and reincorporates all previous allegations as part of Count VI.

**ANSWER:** Defendants' answers to paragraphs 1-72, and 84-92 are incorporated by reference as though fully set forth in Count VI as their answer to paragraph 93.  Defendants have not answered paragraphs 73-83 because they were only directed against the City.

94.    The Defendants, CITY OF CHICAGO, MICHAEL CONWAY, MARK REGAL, GREGORY DANZ, WILLIAM DAVIS, HARRY FENNER, JOSEPH O'CARROLL, ALLEN LEE, JAMIE KANE, J. WEITZMAN, and ELIZABETH DAWSON, intentionally engaged in extreme and outrageous behavior against Plaintiff, Timothy Petty.

21

**ANSWER:** Defendants deny the allegations contained in this paragraph.

95.    Defendants' outrageous behavior included but was not limited to "manufacturing" false evidence against Plaintiff and deceiving prosecutors about the actual evidence against Plaintiff in Defendants' attempt to have Plaintiff convicted for a crime he did not commit.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

96.    Defendants' conduct continued from the date of the shootings until Petty was released from jail after being acquitted on August 23, 2006.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

97.    Defendants intended to inflict emotional distress upon Plaintiff and/or knew that their conduct was likely to result in severe emotional distress.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

98.    Defendants' conduct was undertaken with malice, willfulness and reckless indifference to Plaintiff's rights.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

99.    Defendants' outrageous behavior caused Plaintiff to suffer severe emotional distress, including anxiety, fear, anger, depression, and humiliation.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

100.    As a proximate result of Defendants' intentional acts or omissions, Plaintiff sustained severe and extreme distress that caused him to sustain personal and pecuniary damages.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

**WHEREFORE,** Defendants respectfully request that judgment be entered in their favor and against Plaintiff, for costs of defending this suit and any other relief this Honorable Court deems necessary and proper.

## COUNT VII
### (State Law claim-Civil Conspiracy-All Individual Defendants)

101.    Plaintiff realleges and reincorporates all previous allegations as part of Count VII.

**ANSWER:** Defendants' answers to paragraphs 1-72, and 84-100 are incorporated by reference as though fully set forth in Count VII as their answer to paragraph 101. Defendants have not answered paragraphs 73-83 because they were only directed against the City.

102.     As described more fully in the body of this pleading, Defendants, acting in concert with other known and unknown co-conspirators, conspired by concerted action to accomplish an unlawful purpose by an unlawful means, in violation of Illinois law.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

103.     Defendants' conspiracy was designed to, *inter alia,* falsely imprison and maliciously prosecute Plaintiff for crimes he did not commit.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

104.     As described more fully in the body of this pleading, Defendants committed tortious, illegal and/or overt acts in furtherance of their conspiracy and were otherwise willful participants in joint activity.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

105.     Defendants' misconduct was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

**WHEREFORE,** Defendants respectfully request that judgment be entered in their favor and against Plaintiff, for costs of defending this suit and any other relief this Honorable Court deems necessary and proper.

## COUNT VIII
### (Respondeat Superior-Defendant City of Chicago only)

Defendants make no answer to any allegation contained in Count VIII as Count VIII is only directed against the City of Chicago.

## COUNT IX

23

**(Indemnification-Defendant City of Chicago only)**

Defendants make no answer to any allegation contained in Count IX as Count IX is only directed against the City of Chicago.

## <u>AFFIRMATIVE DEFENSES</u>

1.       At all times during the events alleged in Plaintiff's Third Amended Complaint, a reasonable police officer in the position of Defendants could have believed that their conduct was objectively reasonable and within constitutional limits that were clearly established at the time. Thus, Defendants are entitled to qualified immunity.

2.       Under the Illinois Tort Immunity Act, Defendants are not liable for any of the state law claims alleged because a public employee is not liable for his or her acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute wilful and wanton conduct.  Defendants' actions were performed in the execution and enforcement of the law and were not wilful and wanton.  Defendants are thus immune from liability. 745 ILCS 10/2-202.

3.       Under the Illinois Tort Immunity Act, Defendants are not liable for any of the state law claims alleged because a public employee, as such and acting within the scope of his or her employment, is not liable for any injury caused by the act or omission of another person.  745 ILCS 10/2-204.

4.       Under the Illinois Tort Immunity Act, Defendants are not liable for any of the state law claims alleged because the decision as to what action to take with regard to Plaintiff was a discretionary decision for which the City and its employees are immune from liability.  745 ILCS 10/2-201.

_____5.    Under Illinois Tort immunity law, Defendants are not liable for injury allegedly caused by the instituting or prosecuting any judicial or administrative proceeding within the scope of their employment, unless they acted maliciously and without probable cause.  745 ILCS 10/2-208.

6.    To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by negligent, willful, wanton and/or other wrongful conduct on the part of Plaintiff, any verdict or judgment obtained by Plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this case.

7.    To the extent that Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by the application of the principle that Plaintiff has a duty to mitigate attributed to Plaintiff by the jury in this case.

## JURY DEMAND

Defendants respectfully request a trial by jury.

Respectfully Submitted,

**/s/ Margaret A. Carey**
MARGARET A. CAREY
Senior Counsel

**/s/ Kathryn M. Doi**
KATHRYN M. DOI
Assistant Corporation Counsel

30 N. LaSalle, Suite 1400
Chicago, IL 60602
(312) 744-6073/-0742
Attorney Nos. 6206693/6274825

25

## CERTIFICATE OF SERVICE

I hereby certify that I have caused true and correct copies of the above and foregoing **DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND JURY DEMAND,** to be electronic mailed to the person named in the foregoing Notice at the address therein shown, on this 23RD day of May, 2008.


/s/ Margaret A. Carey
MARGARET A. CAREY
Senior Counsel


30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 744-6073
(312) 744-6566 (Fax)
Atty. No. 06206693