IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY P. PETTY, | ) | |
| | ) | |
| Plaintiff, | ) | 07 C 7013 |
| | ) | |
| v. | ) | |
| | ) | Judge Andersen |
| CITY OF CHICAGO, et al., | ) | |
| | ) | Magistrate Judge Denlow |
| Defendants. | ) | |
| | ) | |

**DEFENDANT CITY'S MOTION TO DISMISS COUNT III
OF PLAINTIFF'S THIRD AMENDED COMPLAINT AT LAW WITH PREJUDICE**

Defendant City of Chicago (the "City"), by its attorney, Mara S. Georges, Corporation Counsel for the City, request that this Honorable Court dismiss with prejudice Count III of plaintiff's Third Amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Additionally, the City requests that this Honorable Court stay the City's answer to the Third Amended Complaint, it's answers and responses to discovery, and responses to requests to admit until after a ruling on this motion. In support of this motion, the City states as follows:

**ARGUMENT**

1. Plaintiff Timothy Petty has sued the City and individual defendants, Chicago Police Officers Michael Conway, Mark Regal, Gregory Danz, William Davis, Harry Fenner, Joseph O'Carroll, Allen Lee, Jamie Kane, J. Weitzman, and Elizabeth Dawson under 42 U.S.C. § 1983 ("Section 1983") and state law arising from his arrest on November 29, 2003.

2. As to the City, plaintiff alleges in Count III of his Third Amended Complaint that his constitutional injury was caused by the City's alleged practice of detaining, against their will, witnesses to crimes. Specifically, plaintiff alleges, "At all relevant times, the City of Chicago maintained a custom, policy or practice of detaining persons whom the police believed were witnesses to certain crimes for extended periods of time against their will and confined them in locked interrogation rooms at police stations." (Plaintiff's Third Amended Complaint, attached

hereto as Exhibit A, ¶ 74.) (Defendant does not admit to the truthfulness of the allegations contained in plaintiff's Third Amended Complaint, but for the purposes of this motion only, takes these facts as true.)

3. In order to prevail against the City under Section 1983 plaintiff must satisfy the following elements: (1) he must establish that he suffered a constitutional injury, *Thompson v. Boggs*, 33 F.3d 847, 859 (7th Cir. 1999); (2) he must prove the existence of a deficient municipal policy or practice, *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995); (3) he must prove that the City's final policy makers were deliberately indifferent to the alleged practice, *Estate of Novack v. County of Wood,* 226 F.3d 525, 531 (7th Cir. 2000).; and (4) he must prove that the alleged municipal practice was the direct cause of his constitutional injury, *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 400, 117 S. Ct. 1382, 1386 (1997) (hereafter "*Bryan County*") (citing *Monell v. New York City Dept. Of Soc. Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2038 (1978)).

4. In particular, as to the causation requirement, as the Supreme Court has made increasingly clear with each successive decision addressing municipal liability under Section 1983, proof of a policy claim requires a tight causal connection between the alleged policy or practice and the constitutional injury. In *Monell v. New York City Dept. Of Soc. Servs.*, the Court held that a plaintiff had to identify a causal nexus between his injury and the municipality's alleged custom or policy. *Monell*, 436 U.S. at 693-94, 98 S.Ct. at 2037-38. In *Okla. City v. Tuttle*, the Court held that proof that a policy or custom was "likely" to cause a particular violation is insufficient; instead, an "affirmative link" must be proven between the policy and the specific constitutional violation. *Okla. City v. Tuttle*, 471 U.S. 808, 823-24, 105 S. Ct. 2427, 2436 (1985). In *City of Canton*, *Ohio v. Harris*, the Court held that for municipal liability to attach, the identified deficiency in a city's training program must be "closely related to the ultimate injury." *City of Canton*, *Ohio v. Harris*, 489 U.S. 378, 391, 109 S. Ct. 1197, 1206 (1989). And in *Bryan County*, the Court articulated an even more demanding standard as to

causation. A "mere probability" that the alleged policy will cause any officer to inflict any constitutional injury is insufficient; a plaintiff must show that "this officer was highly likely to inflict the particular injury suffered by the plaintiff," and the injury must have been the "plainly obvious consequence" of the alleged policy. *Bryan County*, 520 U.S. at 412, 117 S. Ct. at 1392.

5.      Here, based on facts alleged by plaintiff himself, plaintiff has no cause of action under Section 1983 against the City. Specifically, plaintiff cannot establish that the offending municipal practice was the proximate cause of his alleged constitutional injury. Consequently, this court should dismiss Count III against the City with prejudice.

6.      Nowhere in plaintiff's Third Amended Complaint does plaintiff allege that he was held against his will in Chicago Police Department Facilities pursuant to the City's alleged practice of detaining witnesses to crimes involuntarily. Rather, plaintiff alleges that Frederick Tarver, a purported witness to the crime for which plaintiff was arrested and charged, was so detained. Plaintiff further alleges that, while detained, Tarver gave a coerced confession that led to plaintiff's arrest.

7.      Based on plaintiff's own pleading, the only person who plausibly can allege that the City's practice, as claimed in plaintiff's Third Amended Complaint, caused him to suffer a violation of his constitutional rights is Federick Tarver. Indeed in *Johnson v. City of Chicago* (03 C 6620), Tarver brought precisely the same claim. That claim subsequently has been settled.

8.      For plaintiff, however, the causal nexus between the City's alleged practice of holding witnesses involuntarily and his alleged false arrest is highly tenuous at best. As pleaded by plaintiff, the City's practice caused Tarver to be detained against his will at the police facility; while at the police facility, Tarver allegedly gave a coerced statement that implicated plaintiff as the perpetrator of a homicide; and plaintiff himself was arrested for that crime. Plaintiff never alleges that he was himself held involuntarily as a witness to a crime, nor can he, based on his own version of events. Thus, the City's alleged policy was not the direct cause of plaintiff's alleged constitutional injury, nor can it be the direct cause.

9. Accordingly, for the above reasons, Defendant City respectfully requests this Honorable Court to dismiss Count III of plaintiff's Third Amended complaint with prejudice. This dismissal should be with prejudice because, based on plaintiff's own allegations, he cannot cure the problems in his pleading that provide the basis of his Section 1983 municipal liability claim.

10. Finally, the City respectfully requests that this Honorable Court grant any other relief deemed just and appropriate.

Respectfully submitted,<br>
MARA S. GEORGES<br>
Corporation Counsel<br>
City of Chicago

BY:   /s/ Helen C. Gibbons
      Helen C. Gibbons
      Assistant Corporation Counsel

30 North LaSalle Street
Suite 1020
Chicago, Illinois  60602
(312) 742-3541
Attorney No. 6292881

## CERTIFICATE OF SERVICE

    I hereby certify that I have caused true and correct copies of the above and foregoing Motion and Notice of Motion to be served upon all parties of record pursuant to ECF, in accordance with the rules of electronic filing of documents, on this 23th day of May, 2008.

                                                          /s/ Helen C. Gibbons
                                                         HELEN C. GIBBONS