IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY D. PETTY,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF CHICAGO, and CHICAGO POLICE OFFICERS MICHAEL CONWAY, MARK REGAL, GREGORY DANZ, WILLIAM DAVIS, HARRY FENNER, JOSEPH O'CARROLL, ALLEN LEE, JAMIE KANE, J.WEITZMAN, and ELIZABETH DAWSON, each individual sued in his or her individual capacity<br><br>    Defendants | Case No. 07 C 7013<br><br>Honorable Wayne R. Anderson |

**PLAINTIFF'S RESPONSE TO THE CITY OF CHICAGO'S MOTION
TO DISMISS COUNT III OF THE THIRD AMENDED COMPLAINT**

NOW COMES the Plaintiff, TIMOTHY D. PETTY, by and through his attorney, MICHAEL W. CONDON, who responds as follows to the Defendant CITY OF CHICAGO's motion to dismiss Count III of the Third Amended Complaint:

**BACKGROUND**

In this case, Plaintiff Timothy Petty has sued the City of Chicago and ten (10) Chicago police officers (Michael Conway, Mark Regal, Gregory Danz, William Davis, Harry Fenner, Joseph O'Carroll, Allen Lee, Jamie Kane, J. Weitzman and Elizabeth Dawson) for their intentional and deliberate mishandling of the investigation of the shooting of three men (Lowell

1

Hubbard, Sebastian Moore, and Albert Council) on October 18, 2003. Defendants' intentional and deliberate mishandling of the investigation resulted in Plaintiff being arrested on November 29, 2003 and subsequently being charged and prosecuted for murder and other crimes he did not commit. In his Third Amended Complaint, Plaintiff is asserting claims under 42 U.S.C. § 1983, as well as pendent state law claims. On May 23, 2008, the individual Defendants filed an Answer to Plaintiff's Third Amended Complaint but the Defendant City of Chicago ("the City") moved to dismiss Count III, the one count in the Complaint asserted against the City. As explained below, the City's motion is completely without legal support and thus should be denied by this Court.

## THE ALLEGATIONS IN PLAINTIFF'S COMPLAINT

As a starting point, the City does not even give lip service to the well-pled allegations in Plaintiff's Complaint. As this Court knows, when considering a motion to dismiss, a court must take as true all well-pled facts alleged in a plaintiff's complaint. Tamayo v. Blagojevich, __ F. 3d __, 2008 WL 2168638 (7th Cir. 2008). In this case, Plaintiff alleges in Count III that the City maintained a custom, policy or practice of illegally detaining witnesses for extended periods of time against their will and confining them in locked interrogation rooms at police stations (Comp. ¶ 74). In fact, high ranking Chicago officials have admitted this policy and attorneys for Chicago attempted to defend this policy in at least one other prior lawsuit (Comp. ¶ 76).

With respect to the specific aspects of the City's policy, prior to questioning, witnesses to serious crimes are searched and "secured" in small, windowless rooms at the police station without access to a bathroom or running water (Comp. ¶ 75(a)). These witnesses are typically then held for many hours and in some cases days while counsel for these witnesses are invariably

denied access to their clients (Comp. ¶ 75 (b-c)). By holding these witnesses against their will and by not letting these witnesses leave the station, the City forces these witnesses to cooperate with the police (Comp. ¶ 75 (d-e)). These policies were "widespread, permanent and well-settled" at the time of Plaintiff's arrest (Comp. ¶ 76).

Plaintiff further alleges in his Complaint that the City's practice, as described above, led to witness Frederick Tarver being unlawfully seized and detained against his will by Chicago police on October 18, 2003 (Comp. ¶¶ 23-29) and that this practice was the proximate cause of Tarver providing a coerced and false statement identifying Plaintiff as one of two individuals who shot three men on October 18, 2003 (Comp. ¶ 77). Lastly, Plaintiff specifically alleges in his Complaint that the City's policy of unlawfully holding witnesses led to Tarver providing "inculpatory but false" testimony against Plaintiff that was subsequently used by Defendants to falsely arrest, falsely imprison and maliciously prosecute Plaintiff for crimes which he did not commit (Comp. ¶¶ 77-80).

## ARGUMENT

Despite the detailed and damning allegations outlined above, the City has moved for its dismissal from the case, claiming that Plaintiff has not provided a "tight causal connection" or "affirmative link" between the alleged policy being complained of and the Plaintiff's constitutional injury (City's Motion to Dismiss, pp. 4-5). Frankly, it is hard to imagine how Plaintiff could have been more explicit or detailed in the Complaint regarding the causal connection between the City's policy and Plaintiff's subsequent injury. Put simply, Plaintiff was falsely arrested, falsely imprisoned and subjected to an improper prosecution (Plaintiff's constitutional injury) because the City obtained false evidence via its policy of wrongfully

3

holding witnesses and forcing witnesses to "cooperate" with the police (Comp. ¶¶ 23-29, 75-79).

Seemingly blind to these detailed allegations in the Complaint, the City maintains that Plaintiff cannot establish that the City's offending practice was the proximate cause of Plaintiff's constitutional injury. However, while speaking in terms of "proximate cause," it appears that the City's real contention is that Plaintiff does not have standing to complain here about the City's practice of wrongfully holding witnesses since it was Frederick Tarver (and not Plaintiff) who was subjected to the wrongful practice in question. Specifically, the City observes in its motion that Tarver himself sued the City over his wrongful detention and the City subsequently settled the matter with Tarver (City's response brief at ¶ 7), while Plaintiff has not alleged in his Complaint that he personally was improperly detained pursuant to the City's policy of holding witnesses against their will. However, the City offers no case law or legal support whatsoever for its assertion that it cannot be held liable in this case for its illegal policy.

To be sure, the City's argument collapses under its own weight and violates fundamental principles of causation, as well as simple common sense. As an initial matter, ordinary principles of legal causation are just as applicable to constitutional torts as they are to common law torts. Jones v. City of Chicago, 856 F.2d 985 (7th Cir. 1988). As in any other case, in constitutional-tort cases, "a man is responsible for the natural consequences of his actions." Id. citing Monroe v. Pape, 365 U.S. 167, 187 (1961). Causation is established against a municipality when the municipal policy in question is a "moving force" behind the constitutional injury inflicted in a particular case. Monell v. New York City Dept. of Soc. Servs., 436 U.S. 658, 694, 98 S.Ct. 2018 (1978); see also Kentucky v. Graham, 473 U.S. 159, 166, 105 S.Ct. 3099 (1985) (plaintiff must show that the policy was "a moving force" or "played a part" in the constitutional violation).

4

A sufficient causal connection exists between "a known but uncorrected custom or usage and a specific violation . . . if the specific [constitutional] violation was made reasonably probable by the permitted continuation of the custom." Randall v. Prince George's County, 302 F.3d 188 (4th Cir. 2002). Moreover, in cases where a municipal policy directly commands or authorizes a constitutional violation, a causal connection between the policy is manifest and does not require independent proof. 13 AMJUR POF 3d 1.

The Seventh Circuit's analysis in Jones is instructive and suggests that "proximate cause" is hardly the major obstacle suggested by the City. In Jones, the Seventh Circuit considered claims by a criminal suspect that he was wrongfully arrested and charged with murder and other crimes after the police failed to turn over "street files" and misled prosecutors about a coerced and skewed photo lineup conducted by the police. The Seventh Circuit there held that the police are not relieved from civil rights liability for attempting to railroad a criminal defendant simply because a prosecutor (and not the police) brings charges and subsequently prosecutes an individual. 856 F.2d at 993. "If police officers have been instrumental in a plaintiff's continued confinement or prosecution, they cannot escape liability by pointing to the decisions of prosecutors or grand jurors or magistrates to confine or prosecute him. They cannot hide behind the officials whom they have defrauded." Id. at 994.

Easily dispensing with the Defendants' arguments regarding causation, the Court in Jones further explained that the jury in that case was entitled to find that, if not for police misconduct, Jones would neither have been arrested nor charged for crimes that he did not commit. Id. The Seventh Circuit further made it clear that a due process claim exists whenever the police conceal information from a prosecutor that might affect a prosecutor's decision to commence and

continue a prosecution. 856 F.2d at 993. Moreover, after finding that the police officers in that case could be held liable for their misconduct, the Court explained that the other named defendant in the case, the City of Chicago, "is liable to Jones under § 1983 if a custom or policy of the City was a cause of the plaintiff's injury." Id. at 995.

Similarly, in this case Plaintiff has specifically alleged that he would not have been arrested and charged with crimes if not for the City's improper practice of indefinitely holding witnesses against their will until they provided inculpatory statements against others (Comp. ¶¶ 77-80). While the City's policy in this case was directly "applied" against a witness, Tarver, and not the Plaintiff himself, the policy in question directly led to Plaintiff (not Tarver or anyone else) being wrongfully arrested and charged with felony crimes which he did not commit. The City's illegal policy further resulted in Plaintiff being wrongfully imprisoned for a period of almost three years before he was found innocent of all charges on August 23, 2006 (Comp. ¶¶ 53-54). Thus, just as the Seventh Circuit made clear in Jones that a prosecutor's decision to prosecute does not negate proximate cause, this Court should reject the City's contention that proximate cause is lacking in this case because the policy in question was applied against witness Tarver, not Plaintiff.

In sum, the City's attempt to avoid liability in this case is myopic and logically unsound. Certainly, if the City had a policy of blackmailing witnesses to testify falsely against others, it would make no sense to say that those wrongfully accused by the City could not seek damages against the City just because the City was using others (i.e., those blackmailed "witnesses") as the City's instrument to wrongfully arrest and convict innocent citizens. Certainly, there is little difference here to the hypothetical outlined above since Plaintiff is claiming in this case that the

City had a policy of holding independent "witnesses" against their will so as to manufacture false evidence against innocent parties, including the Plaintiff in this case.

WHEREFORE, for all of the reasons outlined above, Plaintiff TIMOTHY D. PETTY respectfully requests that the City of Chicago's motion to dismiss Count III of the Complaint be denied.

**s/Michael W. Condon**
MICHAEL W. CONDON, Atty. Bar No. 06192071
JASON W. ROSE, Atty. Bar No. 06208130
Attorney for the Plaintiff
HERVAS, CONDON & BERSANI, P.C.
333 Pierce Road, Suite 195
Itasca, IL 60143-3156
Ph: 630-773-4774
mcondon@hcbattorneys.com
jrose@hcbattorneys.com

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY D. PETTY, | ) | |
| Plaintiff, | ) ) ) | |
| | ) | Case No. 07 C 7013 |
| v. | ) ) | |
| CITY OF CHICAGO, et al., | ) ) | Honorable Wayne R. Anderson |
| Defendants. | ) ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2008, I filed the foregoing *Plaintiff's Response to the City of Chicago's Motion to Dismiss Count III of the Third Amended Complaint* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

**TO:** Helen Catherine Gibbons
Scott J. Jebson
City of Chicago, Department of Law
Individual Defense Litigation
30 N. LaSalle Street
Suite 1400
Chicago, IL 60602
helen.gibbons@cityofchicago.org
sjebson@cityofochicago.org
*Attorneys for City of Chicago*

Patrick M. Campanelli
9760 S. Roberts Road
Suite 1
Palos Hills, IL 60465
patrickcampanelli@sbcglobal.net
*One of the Attorneys for Plaintiff*

Margaret Ann Carey
Kathryn M. Doi
City of Chicago, Department of Law Individual Defense Litigation
30 N. LaSalle Street
Suite 1400
Chicago, IL 60602
mcarey@cityofchicago.org
kdoi@cityofchicago.org
*Attorneys for Conway, Regal, Danz, Davis, Fenner, O'Carroll, Lee, Kane, Weitzman & Dawson*

s/Michael W. Condon
MICHAEL W. CONDON, Atty. Bar No. 06192071
JASON W. ROSE, Atty. Bar No. 06208130
Attorney for the Plaintiff
HERVAS, CONDON & BERSANI, P.C.
333 Pierce Road, Suite 195
Itasca, IL 60143-3156
Ph: 630-773-4774
mcondon@hcbattorneys.com
jrose@hcbattorneys.com

8