3007707-MJM/CMK #6276278

**UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| TIMOTHY D. PETTY, | |
| Plaintiff, | |
| vs. | No. 07 CV 7013 |
| CITY OF CHICAGO, *et al.*, | Hon. Wayne R. Andersen |
| Defendants. | |

**DEFENDANT CITY OF CHICAGO'S REPLY TO PLAINTIFF'S
RESPONSE TO CITY'S MOTION TO DISMISS COUNT III
OF PLAINTIFF'S THIRD AMENDED COMPLAINT WITH PREJUDICE**

Defendant City of Chicago ("City"), by and through its attorneys of record, file this Reply in regard to the City's Motion to Dismiss Count III of Plaintiff's Third Amended Complaint With Prejudice, filed pursuant to Fed. R. Civ. P. 12(b)(6). In response to Plaintiff's argument set forth in his Response to the City's motion and in support of the motion, the City states as follows:

**ARGUMENT**

While Plaintiff is correct in noting that the Court will accept as true a plaintiff's well-pled facts when ruling on a motion to dismiss, those allegations must also "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *McDonough v. City of Chicago, et al.*, 2008 U.S. Dist. LEXIS 44706 at *7 (N.D. Ill. June 6, 2008)(citations omitted). In this case, Plaintiff has not pled facts that suggest he is entitled to relief on his *Monell* claim.

### A. THE POLICY ALLEGED WAS NOT APPLIED TO PLAINTIFF.

Plaintiff fails to offer any case law involving a plaintiff allowed to sue under *Monell* for a constitutional violation indirectly stemming from an alleged policy that was never applied to that plaintiff. Rather, he relies on *Jones v. City of Chicago*, 856 F.2d 985 (7th Cir. 1988), a case in which suppression of street files *directly* affected plaintiff Jones by prohibiting his access to *Brady* information, and on *Randall v. Prince George's County, Maryland*, 302 F.3d 188 (4th Cir. 2002), a case in which several plaintiffs brought claims alleging that the county had *directly* impinged on their own constitutional rights by searching and detaining the plaintiffs themselves.

Plaintiff's allegations are distinguishable from those in *Jones* and *Randall*. He alleges that the City applied a policy or practice toward a non-party, Frederick Tarver. Plaintiff claims that Tarver falsely implicated Plaintiff as a participant in a shooting while Tarver was "unlawfully seized and detained against his will" pursuant to the City's alleged policy or practice of "detaining witnesses for extended periods of time." (*Response* at p. 2). Plaintiff then claims that as a result of Tarver's detention and subsequent implication of Plaintiff, Plaintiff was wrongfully arrested and charged in the shooting. Importantly, Plaintiff has not, as he urges in his Response, alleged that but for the alleged policy, he would not have been charged in the shooting. (*See Response*, at p. 6 and *Third Amended Complaint* at ¶¶ 77-80)). Plaintiff's failure to plead direct causation is fatal to his claim.

### B. THERE IS NO DIRECT CAUSAL LINK BETWEEN THE ALLEGED POLICY AND THE ALLEGED VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS.

Plaintiff basically argues that by alleging a policy or practice - that Plaintiff concedes was not applied to him (*Response* at p. 6) – along with a subsequent violation

2

of his own constitutional rights, he has properly pleaded the causation element of his *Monell* claim. He then likens his own claims to a hypothetical claim wherein a municipality's "policy of blackmailing witnesses" with the aim of "wrongfully arresting and convicting innocent citizens," would properly make out the causation element of a *Monell* claim. (*Response* at p. 6). However, the difference between the claim Plaintiff actually pleads and the hypothetic scenario he urges to defeat the motion to dismiss is that the claim he pleads fails to establish the required causal nexus.

Even assuming the City could be held responsible for the policy that was allegedly applied to Tarver, Plaintiff has still failed to establish a "direct causal link" between a policy of "detaining persons whom the police believed were witnesses to certain crimes for extended periods of time against their will" and Plaintiff's alleged constitutional injury of false arrest, false imprisonment, and malicious prosecution. In *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404, 400 (1997) the Court explained that a § 1983 plaintiff cannot merely identify conduct properly attributable to the municipality, but must also demonstrate that, through its deliberate conduct, the municipality was the "moving force" behind the injury alleged. "That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights" and that the City "directly inflicted [Plaintiff's] injury." *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404, 400 (1997) (citing *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 694 (1978). Plaintiff seeks to have this Court ignore his roundabout causation allegations – that a policy detaining individuals deprived someone else of that party's constitutional rights, which then led to the other party to implicate Plaintiff in a shooting, which resulted in

allegedly false evidence, which then caused Plaintiff's arrest and prosecution. This series of steps highlights the indirect nature of the causation element in Plaintiff's claim his failure to state a cause of action on his behalf against the City for having an allegedly unconstitutional policy of detaining individuals which was admittedly never applied to him.

### C. PLAINTIFF MUST ALLEGE A POLICY THAT DIRECTLY CAUSED A VIOLATION OF HIS OWN RIGHTS; HE LACKS STANDING TO COMPLAIN OF AN ALLEGED POLICY THAT VIOLATED ANOTHER'S RIGHTS.

Plaintiff raises the issue of standing. (*Response* at pp. 4 - 7). He is correct – a plaintiff cannot sue for the violation of another person's civil rights. *See, e.g., Alderman v. United States*, 394 U.S. 165, 174 (1969) (stating that "Fourth Amendment rights are personal rights which . . . may not be vicariously asserted."); *Hartline v. Gallo*, 2006 U.S. Dist. LEXIS 75849 at *26 (E.D.N.Y. 2006) (plaintiff whose strip search was supported by reasonable suspicion would lack standing to sue on behalf of others who may have been subjected to an unconstitutional policy and practice of being strip-searched without reasonable suspicion); *Lewis v. City of Hayward*, 2006 U.S. Dist. LEXIS 9976 at *40 (N.D. Cal. 2006) (noting that while Fourth Amendment rights may not be vicariously asserted, successors-in-interest under state law may assert such claims on behalf of a decedent). Here, Plaintiff admittedly does not seek to assert a violation of Tarver's rights, and he does not allege a policy or practice that applied to his own constitutional rights. Accordingly, this Court should dismiss Count III of the Third Amended Complaint based on Plaintiff's failure to establish that the alleged municipal policy or practice of detaining persons whom the police believed were witnesses to certain crimes was the proximate cause of his alleged constitutional injury.

4

## **CONCLUSION**

For the foregoing reasons, the City of Chicago prays that the Court grant its Motion to Dismiss Count III of Plaintiff's Third Amended Complaint with prejudice.

                                                Respectfully submitted,

                                                SMITHAMUNDSEN LLC

                                  By:     /s/Camille M. Knight
                                                Camille M. Knight
                                                Attorneys for Defendants

Michael J. McGowan
Marcie Ellen Thorp
Camille M. Knight
150 N. Michigan Ave., Suite 3300
Chicago, IL 60601
(312) 894-3200