IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY D. PETTY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 07 C 7013 |
| ) | |
| CITY OF CHICAGO, and CHICAGO ) | Wayne R. Andersen |
| POLICE OFFICERS MICHAEL ) | District Judge |
| CONWAY, MARK REGAL, ) | |
| GREGORY DANZ, WILLIAM DAVIS, ) | |
| HARRY FENNER, JOSEPH ) | |
| O'CARROLL, ALLEN LEE, JAMIE ) | |
| KANE, J. WEITZMAN, and ) | |
| ELIZABETH DAWSON, each ) | |
| individual sued in his or her individual ) | |
| capacity, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

This case is before the court on defendant City of Chicago's motion to dismiss Count III of plaintiff's third amended complaint [20] pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff Timothy Petty has sued the City of Chicago and other individual defendants alleging violations of 42 U.S.C. § 1983 and other state law clams arising from his arrest and prosecution for murder and other crimes for which he was found not guilty. The City of Chicago has filed a motion to dismiss Count III. For the reasons set forth below, the motion is granted.

**BACKGROUND**

The following facts are alleged in plaintiff's third amended complaint and are presumed true for the purpose of this motion. On October 18, 2003, two persons fired a handgun at Fredrick Tarver, Lowell Hubbard, Sebastian Moore, Mario Parker, Sergio Miller and Albert

Council. Council was killed, and Hubbard and Moore were injured. Plaintiff alleges that Tarver was unable to identify the shooters at the scene and that he was taken into custody. Plaintiff further alleges that the police held Tarver against his will for nineteen hours in a locked room with no access to food, water or a toilet because he was unable to identify the shooter. After thirteen hours, plaintiff alleges that Tarver identified one of the shooters as "Spank." Plaintiff alleges that Tarver identified "Spank" because he was afraid that he would be charged with the crime if he did not do so. Plaintiff is known by the Chicago police to go by the nickname "Spank."

On November 29, 2003, plaintiff was arrested and charged with three counts of first degree murder, five counts of attempted first degree murder, two of aggravated battery with a firearm, five counts of aggravated discharge of a firearm, six counts of aggravated battery, two counts of unlawful use of a weapon by a felon and four counts of aggravated unlawful use of a weapon. On December 1, 2003, plaintiff alleges that Chicago police officers again detained Tarver and that Tarver was held against his will for ten hours until he identified plaintiff in a line up as one of the shooters. Plaintiff alleges that Tarver admitted in a deposition that he had falsely identified plaintiff as the shooter.

Following Tarver's identification, plaintiff remained in custody until his trial in August 2006. Plaintiff alleges that the State's Attorney's Office never was informed of the manner in which Tarver's identification of plaintiff was obtained, or that Tarver subsequently had claimed that the identification was false. On August 23, 2006, after a bench trial, plaintiff was found not guilty on all counts.

Plaintiff filed this lawsuit alleging a conspiracy to violate his constitutional right to due process in violation of 42 U.S.C. § 1983 as well as state law claims of false imprisonment,

malicious prosecution and intentional infliction of emotional distress. Count III of the complaint seeks to hold the City of Chicago directly liable for damages based on the City of Chicago Police Department's alleged policy regarding the detainment of witnesses. The City of Chicago has filed a motion to dismiss Count III of the complaint for failure to state a claim.

## DISCUSSION

In deciding a Federal Rule 12(b)(6) motion to dismiss, the court must draw all reasonable inferences in a light favorable to the plaintiff and accept all well pleaded allegations as true. *Jackson v. E.J. Branch Corp.*, 176 F.3d 971, 978 (7th Cir.1999). Federal Rule of Civil Procedure 8(a)(2) requires that a complaint describe the claim in sufficient detail to give the defendants a "fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The complaint must also "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *EEOC v. Concentra Health Servs., Inc.,* 496 F.3d 773, 776-77 (7th Cir.2007) (quoting *Bell Atlantic*, 127 S.Ct. at 1965, 1973 n. 14).

In order to prevail against the City of Chicago under section 1983, a plaintiff must prove: (1) a constitutional injury; (2) the existence of a deficient municipal policy or practice; (3) deliberate indifference to the alleged policy by the City's policy makers; and (4) a direct causal relationship between the alleged municipal policy and injury suffered by the plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). Plaintiff claims that his constitutional injury was caused by the City of Chicago's alleged policy of detaining witnesses involuntarily in an attempt to procure information. A plaintiff must "demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Board of County Com'rs*

*of Bryan County, Okl. v. Brown*, 520 U.S. 397, 400 (1997). A municipality can be held liable only when a policy reflects a "deliberate indifference" to the risk that a "particular injury [will] be suffered by the plaintiff." *Id.* at 411; *see also City of Canton, Ohio v. Harris*, 489 U.S. 378, 392, 412 (1989); *Estate of Novack v. County of Wood*, 226 F.3d 525, 531 (7th 2000).

Plaintiff alleges: "At all relevant times, the City of Chicago maintained a custom, policy or practice of detaining persons whom the police believed were witnesses to certain crimes for extended periods of time against their will and confined them in locked interrogation rooms at police stations." (Third Am. Compl. ¶ 74). The mere assertion that this is a policy of the City of Chicago is not credible. Absent any evidence to the contrary, the court believes that the City should not remain as a defendant in this lawsuit. However, if in fact, plaintiff discovers that there is such a policy, then the court will give plaintiff leave to amend his complaint.

Even if we assume there is such a policy, the City of Chicago argues that the alleged policy of detaining witnesses involuntarily was not the direct cause of plaintiff's injuries. As alleged by plaintiff, the City's policy was directed at potential witnesses, in this case Fredrick Tarver. The connection between the treatment of a witness and an injury to a third party caused by actions taken by the police based on information obtained from a witness is not plainly obvious or specifically alleged. *See Bryan County*, 520 U.S. at 411. There is no "affirmative link" between the alleged policy controlling the police treatment of witnesses and plaintiff's arrest and prosecution. *See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985).

A municipality cannot be held liable for an alleged false arrest and malicious prosecution based on its policy regarding the treatment of witnesses because such a policy regarding the police treatment of witnesses is not "closely related" to the arrest and prosecution of suspects. *See City of Canton*, 489 U.S. at 391. Plaintiff alleges that he was wrongfully arrested and

4

charged in the shooting based on Tarver's detention and subsequent identification of plaintiff. Plaintiff, however, has not alleged that, but for the alleged policy, he would not have been charged in the shooting. Plaintiff has failed to plead direct causation.

Plaintiff also alleges that the prosecution was not given any information regarding the police's treatment of Tarver or told that Tarver had recanted his identification. However, plaintiff does not allege that the City's policy requires that the treatment of witnesses be withheld from prosecuting attorneys. Tarver filed a lawsuit in March 2004 in which he stated that he falsely identified plaintiff, and Tarver stated this again when he was deposed in October 2005. Plaintiff alleges that this information was not shared with the prosecution before his trial. Even if this is true, the withholding of information from the prosecution is not related to the policy alleged by plaintiff. The policy described by plaintiff only relates to the police treatment of witnesses in an attempt to garner their cooperation and procure an identification, and the causal nexus between the City's alleged practice of holding witnesses involuntarily and plaintiff's false arrest is tenuous at best. Plaintiff cannot establish that the offending municipal practice was the proximate cause his alleged constitutional injury. Therefore, Count III must be dismissed.

## CONCLUSION

For the foregoing reasons, defendant City of Chicago's motion to dismiss Count III of plaintiff's third amended complaint [20] is granted.

It is so ordered.

_____
Wayne R. Andersen
United States District Court

Dated: _January 22, 2009_____

5