Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 7 C 7013 | **DATE** | 6/13/2011 |
| **CASE TITLE** | Petty vs. City of Chicago et al | | |

**DOCKET ENTRY TEXT**

The Court denies Petty's Motion to file a Fourth Amended Complaint because he has not presented any newly discovered evidence to support a *Monell* claim and adding one at this stage of the litigation would be futile

■ [ For further details see text below.]     Docketing to mail notices.

## STATEMENT

Plaintiff Timothy Petty ("Petty") seeks to file a Fourth Amended Complaint that includes a *Monell* claim against they City of Chicago ("City"). For the following reasons, the Court denies Petty's motion. Petty's Third Amended Complaint—without its *Monell* claim—remains the operative complaint.

Petty claims, in his proposed Fourth Amended Complaint, that the City had a widespread custom or practice, in 2003, of coercing witnesses to come to the police station and then holding them against their will. (Fourth Amd. Compl. ¶¶ 78-90.) Before the case was transferred to this Court, Petty alleged similar claims in his Third Amended Complaint. Judge Andersen, however, dismissed Petty's *Monell* claim, stating that merely asserting that the city had a widespread practice or policy of holding witnesses against their will was insufficient. (Doc. 50 at 4.) Judge Andersen also held that, even if the City did maintain such a policy, Petty was unable to demonstrate that the policy of unlawfully detaining witnesses against their will caused Petty's constitutional injury. Judge Andersen noted, though, that Petty could re-file his *Monell* claim if he discovered that the alleged policy existed.

Petty now seeks to amend his Third Amended Complaint to reassert a *Monell* claim against the City in his proposed Fourth Amended Complaint. While courts "give freely" leave to amend a complaint, a court may deny leave to amend if there is undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or if the amendment would be futile. *See Park v. City of Chi.*, 297 F.3d 606, 612-13 (7th Cir. 2002). To state a *Monell* claim, a plaintiff must allege that: (1) the City had an express policy that, when enforced, caused a constitutional deprivation; (2) the City had a widespread practice that, although not authorized by law or express policy, was so permanent and well-settled that it constituted a custom or usage; or (3) plaintiff's constitutional injury was caused by a person with final policymaking authority. *See McCormick v. City of Chi.*, 230 F.3d 319, 324 (7th Cir. 2000).

## STATEMENT

Here, Petty bases his *Monell* claim on the City's alleged custom of holding witnesses against their will. In support of his motion, Petty, at an April 11, 2011 status hearing before this Court, stated that a recent Rule 30(b)(6) deponent—Commander Joseph Salemme ("Salemme")—confirmed that the City had a widespread practice or policy in 2003 of holding witnesses indefinitely against their will. Petty, however, has failed to present any newly discovered evidence to support this claim or to reference Salemme's testimony in his motion. Instead, Petty relies on statements of individual witnesses who claimed that they were held against their will and a finding from a district court in 2002 that the City's policies, at that time, included the confinement of witnesses. This evidence—statements of other witnesses and a 2002 district court finding—was deemed insufficient by Judge Anderson when he dismissed Petty's *Monell* claim from his Third Amended Complaint. Moreover, the 2002 district court finding that Petty relies on—which was the basis for the entry of a permanent injunction against the City in September 2002—dealt with the City's detention policies prior to 2002, while Petty was not arrested until November 2003.

In addition, as the City notes in its response to Petty's motion, Salemme explicitly stated that there was no City policy of detaining witnesses against their will. To the contrary, Salemme stated that the City's policy and practice prior to 2006 was that "witnesses are free to leave if they want to." (Doc. 114 at 5). While Salemme stated that prior to 2006 the police would not advise witnesses that they were free to leave unless asked, there is no indication from Salemme's testimony—as excerpted by the City—that it was the widespread practice or policy of the City to detain witnesses against their will. To that end, Petty has not provided the Court with any other newly discovered evidence—from Salemme's deposition or elsewhere—to support its *Monell* claim or to challenge the City's excerpts of Salemme's deposition testimony. Accordingly, Petty is unable to demonstrate, through newly discovered evidence, that the City had a widespread policy or practice of detaining witnesses against their will.

The Court denies Petty's Motion to file a Fourth Amended Complaint because he has not presented any newly discovered evidence to support a *Monell* claim and adding one at this stage of the litigation would be futile.